# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, | )<br>)<br>) CASE NO._____ |
| Plaintiffs, | )<br>)<br>) **COLLECTIVE ACTION COMPLAINT** |
| vs. | ) **FOR VIOLATIONS OF THE FAIR**<br>) **LABOR STANDARDS ACT OF 1938** |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., | )<br>)<br>) |
| Defendants. | ) |

Come Plaintiffs JESSE PIERCE and MICHAEL PIERCE ("Representative Plaintiffs"), on behalf of themselves and all others similarly situated ("Class Members"), and for their collective action complaint against Defendants WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., ("Defendants") allege the following:

## I. OVERVIEW

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals and purposes, Section 7(a) of the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne,* 323 U.S. 37, 39 (1944)(citing 29 U.S.C. §207(a)).

2. This is a collective action brought pursuant to the FLSA by Representative Plaintiffs Jesse Pierce and Michael Pierce, on behalf of themselves and all similarly situated current and former non-exempt, commission-paid Front Line Sales Representatives, In-House Sales Representatives and Discovery Sales Representatives ("Class Members"), who worked for Defendants at Defendants' Tennessee offices from October 21, 2010 through the present (hereinafter referred to as the "Recovery Period"), and who: a) worked "off the clock;" and/or b) were not paid overtime for working in excess of 40 hours in a workweek.

3. Throughout their employment with Defendants, including the Recovery Period, Representative Plaintiffs and Class Members were classified as non-exempt employees by Defendants who regularly and routinely worked more than 40 hours in a typical workweek.

4. Throughout their employment with Defendants, including during the Recovery Period, Representative Plaintiffs and Class Members: a) worked "off the clock;" and/or b) were denied proper overtime compensation.

5. Throughout Representative Plaintiffs' and Class Members' employment, including during the Recovery Period, Defendants regularly and routinely violated the FLSA in a willful manner by failing to pay the Representative Plaintiffs and Class Members at time and one-half their regular rates of pay for all hours worked in excess of forty (40) hours within a workweek.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 & §1343.

7. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391 because a substantial portion of the events forming the basis of the suit occurred in this District.

### III. PARTIES

8.      Representative Plaintiff Jesse Pierce is a resident and citizen of Knoxville, Tennessee. His Plaintiff Consent Form to join this lawsuit is attached as <u>Exhibit 1</u>. During the Recovery Period, Jesse Pierce worked as an In-House Sales Representative for Defendants in Sevierville, Tennessee.

9.      Representative Plaintiff Michael Pierce is a resident and citizen of Sevierville, Tennessee. His Plaintiff Consent Form to join this lawsuit is attached as <u>Exhibit 2</u>. During the Recovery Period, Michael Pierce worked as a Front Line Sales Representative for Defendants in Sevierville, Tennessee, and an In-House Sales Representative in Nashville, Tennessee.

10.     Defendant Wyndham Vacation Resorts, Inc. ("WVR") is a Delaware corporation, with its principal place of business in Orlando, Florida. WVR's registered agent for service in Tennessee is Corporate Creations Network Inc., 205 Powell Place, Brentwood, Tennessee 37027.

11.     Defendant Wyndham Vacation Ownership, Inc. ("WVO") is a Delaware corporation, with its principal place of business in Orlando, Florida. According to its website, WVO is the world's largest developer and marketer of flexible, point-based vacation ownership products, and has developed or acquired more than 185 vacation ownership resorts throughout the United States, Canada, Mexico, the Caribbean and the South Pacific that represent more than 23,000 vacation ownership units. WVO's registered agent for service in Tennessee is Corporate Creations Network Inc., 205 Powell Place, Brentwood, Tennessee 37027.

### IV.     COVERAGE UNDER THE FLSA

12.     At all material times, Defendant WVR has been an employer of Representative Plaintiffs and Class Members within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

13. At all material times, Defendant WVO has been an employer of Representative Plaintiffs and Class Members within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

14. At all material times, Defendant WVR has constituted an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

15. At all material times, Defendant WVO has constituted an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

16. At all material times, Defendant WVR has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of §3(s)(1) of the FLSA because it has had employees engaged in commerce and made an annual gross income of not less than $500,000. 29 U.S.C. §203(s)(1).

17. At all material times, Defendant WVO has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of §3(s)(1) of the FLSA because it has had employees engaged in commerce and made an annual gross income of not less than $500,000. 29 U.S.C. §203(s)(1).

18. At all material times, Representative Plaintiffs and Class Members have been employees within the meaning of §3(e)(1) of the FLSA. 29 U.S.C. §203(e)(1).

19. At all material times, the overtime provisions set forth in §6 and §7, respectively, of the FLSA applied to Defendant WVR, and to each of Defendant WVR's commission-paid non-exempt employees pursuant to 29 U.S.C. §206 and §207.

20. At all material times, the overtime provisions set forth in §6 and §7, respectively, of the FLSA applied to Defendant WVO, and to each of Defendant WVO's commission-paid non-exempt employees pursuant to 29 U.S.C. §206 and §207.

## V. FACTUAL BACKGROUND

21. Defendants operate numerous vacation resorts throughout the United States. Consumers acquire ownership interests through a point-based system, by purchasing "points." After the initial purchase and the establishment of an account, owners can acquire additional "points" to increase their ownership interest.

22. In an effort to obtain new owners, Defendants market their resorts utilizing various marketing tools, including promotions which allow potential owners to stay on the resort property by agreeing to attend a "tour" during their stay which, simply put, is a sales pitch meeting conducted by one or more of Defendants' sales representatives at Defendants' offices located on site. The sales representatives conducting these "tours" for potential new owners are referred to as "Front Line Sales Representatives" by Defendants.

23. For individuals who have already acquired "points" and an ownership interest, Defendants utilize various marketing tools to obtain additional purchases of "points." For example, when an existing owner with a "points" account is staying at one of Defendants' vacation resorts, he or she is solicited by Defendants' sales representatives to visit one of Defendants' offices on site, where Defendants' sales representatives attempt to sell additional "points" to him or her. The sales representatives conducting these sales pitches are referred to as "In-House Sales Representatives" by Defendants.

24. In an effort to obtain new owners, Defendants also offer what is called a "Discovery by Wyndham" membership which, according to Defendants, offers a glimpse of the many benefits vacation ownership has to offer. Individuals staying on Defendants' resort properties who decide not to purchase "points" and become an owner are offered a "Discovery by Wyndham" membership,

which is a trial package allowing them to stay on Defendants' properties for a short period of time. If an individual decides not to become an owner, before leaving Defendants' resort during a promotional visit, they are solicited by Defendants' sales representatives to meet in Defendants' offices located on site. The sales representatives conducting these sales pitches are referred to as "Discovery Sales Representatives" by Defendants.

25. Defendants utilize a uniform and common sales strategy at all of its resorts in the United States, including the use of Front Line Sales Representatives, In-House Sales Representatives and/or Discovery Sales Representatives. Defendants also utilize a uniform and common organizational structure for their sales forces at their vacation resort properties, consisting of sales representatives, managers, site directors, and site vice presidents. Defendants also employ area vice presidents, who are responsible for overseeing multiple vacation resort properties, as well as regional vice presidents, who are responsible for overseeing certain geographic regions of the country.

26. Representative Plaintiff Jesse Pierce has been employed by Defendants for approximately 11 years. During his employment, Jesse Pierce has held several positions, including but not limited to Front Line Sales Representative and In-House Sales Representative. During the past three (3) years, Jesse Pierce has worked as an In-House Sales Representative.

27. Representative Plaintiff Michael Pierce has been employed by Defendants for approximately 13 years. During his employment, Michael Pierce has held several positions, including but not limited to Front Line Sales Representative and In-House Sales Representative. During the past three years, Michael Pierce has worked as a Front Line Sales Representative and an In-House Sales Representative.

6

28. The job duties performed by Representative Plaintiffs Jesse Pierce and Michael Pierce as In-House Sales Representatives and Front Line Sales Representatives during their employment tenure with Defendants, were and are similar to those performed by other Class Members during their employment with Defendants, including during the Recovery Period.

29. Attached as <u>Exhibit 3</u> are the Plaintiff Consent Forms to join this lawsuit signed by forty six (46) current and former commission-paid, non-exempt employees of Defendants. Upon information and belief, the individuals filing the Plaintiff Consent Forms attached as <u>Exhibit 3</u> are either current employees, or were employed by Defendants at Defendants' Tennessee offices within the three (3) year period preceding the filing of this Complaint, who currently hold or previously held the position of In-House Sales Representative, Front Line Sales Representative and/or Discovery Sales Representative; and further, who perform and/or performed similar job duties as Representative Plaintiffs. As this case proceeds, it is highly likely that other individuals will sign consents and join this action as opt-in Plaintiffs.

30. Throughout their employment, including during the Recovery Period, Representative Plaintiffs and Class Members worked as Front Line Sales Representatives, In-House Sales Representatives, and/or Discovery Sales Representatives (hereinafter referred to collectively as "Sales Representatives") for Defendants. As Sales Representatives, Plaintiffs and Class Members' primary job duty was to sell "points" for a consumer's use at Defendants' timeshare properties and/or promotional packages entitling purchasers to access timeshare properties.

31. During the Recovery Period, Defendants classified Plaintiffs and Class Members as non-exempt employees under the FLSA.

7

Case 3:13-cv-00641-HSM-CCS   Document 1   Filed 10/23/13   Page 7 of 16   PageID #: 7

32. During the Recovery Period, Defendants have paid Plaintiffs and Class Members on a commission basis, with an hourly draw paid at minimum wage rates. Defendants have paid Representative Plaintiffs and Class Members approximately $7.25 per hour (or minimum wage), and a commission based on a percentage of sales. Upon receipt of commissions however, Defendants have uniformly deducted the hourly wages previously paid from commissions earned pursuant to Defendants' common policy, practices and/or procedures.

33. During the Recovery Period, Representative Plaintiffs and Class Members routinely and regularly worked more than forty (40) hours per week. In the majority of weeks they were employed as Sales Representatives by Defendants, Representative Plaintiffs and Class Members worked as much as sixty (60) or more hours per week.

34. Throughout the employment of Representative Plaintiffs and Class Members, including during the Recovery Period, Defendants had a uniform policy, practice and/or procedure in place at all of their Tennessee vacation resort properties which required Sales Representatives to work without overtime compensation for workweeks in which they worked in excess of 40 hours in violation of the FLSA. This illegal policy, practice and/or procedure included, but was not limited to, requiring Sales Representatives to clock out of Defendants' time-keeping system and to continue performing work on behalf of Defendants.

35. For example, Defendants' supervisors required Sales Representatives to clock out of Defendants' time-keeping system any time they were not giving "tours" to potential buyers. During these times between "tours," however, Defendants required Sales Representatives to remain on Defendants' premises.

36. Defendants' supervisors also required Sales Representatives to clock out in the middle of the day, and did not allow them to clock back in, yet required them to continue working.

37. For example, Defendants refused to allow Sales Representatives to clock back in after a break or lunch, yet required them to continue working.

38. Throughout the employment of Representative Plaintiffs and Class Members, including during the Recovery Period, Defendants had a policy, practice and/or procedure of instructing Sales Representatives that they could not be clocked in to Defendants' time-keeping system for more than forty (40) hours per week.

39. Throughout the employment of Representative Plaintiffs and Class Members, including during the Recovery Period, Defendants had a policy, practice and/or procedure requiring Defendants' managerial and supervisory employees to "edit" or "shave" Sales Representatives' time entries, in order to improperly reduce the number of hours they actually worked per week.

40. Defendants were aware, or should have been aware, that Sales Representatives performed work that required payment of overtime compensation for all of their hours worked; however, Defendants routinely suffered and permitted Sales Representatives, including the Representative Plaintiffs and Class Members, to work excessively long hours without paying them proper overtime compensation for all the hours they routinely worked in excess of 40.

41. Defendants' daily records of Sales Representatives' hours worked contain gaps in time throughout the work day, which indicate that Sales Representatives, including Representative Plaintiffs and Class Members, were required to clock out of Defendants' time-keeping system, and perform work "off the clock."

42. A comparison between Defendants' records of the dates and times that "back end" meetings often occurred and Defendants' time-keeping records reflect that "back end" meetings took place after Sales Representatives, including Representative Plaintiffs and Class Members, had already clocked out, but were required to continue working during the "back end" meetings.

43. Moreover, Defendants' records of completed sales transactions contain the name of the Sales Representative and the dates and times that the sales were "closed" in Defendants' system, because each sales transaction is date and time "stamped." Because of Defendants' illegal policies, practices and/or procedures, Sales Representatives were required to stay with buyers until the transactions were completed, and even after the buyer left, until the transactions were "closed" in Defendants' system, even though the Sales Representatives were already "clocked out." A comparison between Defendants' records of completed transactions and Defendants' daily records of Sales Representatives' hours worked, will reflect that Sales Representatives, including Representative Plaintiffs and Class Members, were regularly and routinely required to clock out prior to the time that sales transactions were completed and "closed" in Defendants' system. Defendants have knowledge of these facts.

44. Defendants' management and supervisory-level employees routinely and regularly review the time records of Sales Representatives as part of their job duties. In reviewing the time records, Defendants' managerial and supervisory employees are fully aware that Sales Representatives are working "off the clock" because the managers/supervisors are present to visibly observe Defendants' Sales Representatives working inordinately long hours on site, which does not correspond to the time records. Moreover, it is these same managerial and supervisory employees of Defendants who instructed the Representative Plaintiffs and Class Members to clock out and

10

Case 3:13-cv-00641-HSM-CCS   Document 1   Filed 10/23/13   Page 10 of 16   PageID #: 10

continue to work off-the-clock, and who "shaved" hours worked from Defendants' time system in order to deprive Class Members from receiving overtime pay. Defendants have knowledge of these facts.

45. Defendants instruct their managerial and supervisory employees to mislead Sales Representatives regarding Defendants' legal obligations to pay overtime, including the method and manner by which overtime is calculated. Defendants instruct their managerial employees to tell Sales Representatives, including Representative Plaintiffs and Class Members, that Defendants are only required to pay overtime at time and one-half of *minimum wage*, as opposed to overtime based on the regular rate of pay of a Sales Representatives, properly calculated by including their entire pay, including earned commissions. Defendants further instruct their managerial and supervisory employees to tell Sales Representatives, including Representative Plaintiffs and Class Members, that because Defendants' policies, practices and procedures allow Defendants to deduct the hourly wages paid at minimum wage, including any overtime Defendants claim would be paid at time and one-half of minimum wage, overtime becomes a moot point because any overtime wages paid would be small, and would be deducted from commissions earned in any event.

46. As further example of Defendants' knowledge of violations of the FLSA, Defendants instruct their managerial and supervisory employees to tell Sales Representatives, including Representative Plaintiffs and Class Members, that they (Sales Representatives) are highly compensated based on the commissions they are paid and they should not complain about not being paid the overtime they are owed.

47. Defendants' managerial and supervisory employees have openly admitted that Defendants' policies, practices and procedures require them to force Sales Representatives, including

11

Representative Plaintiffs and Class Members, to work "off the clock" and to not properly record all hours worked, including overtime.

48. Defendants' managerial and supervisory employees have admitted that they are required by Defendants to make the misleading statements to Sales Representatives as alleged in Paragraphs 45 and 46.

49. Defendants' managerial and supervisory employees attempt to deter Sales Representatives from complaining about unpaid overtime, by stating that if Sales Representatives complain, they will lose their job and/or suffer other adverse employment actions.

50. The foregoing conduct, as alleged, constitutes a willful violation of law because Defendants knew or showed reckless disregard for the fact that their compensation policies, practices and procedures violated the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

51. The Representative Plaintiffs reassert and re-allege the allegations set forth above.

52. The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §207(a)(1).

53. The Representative Plaintiffs bring this FLSA collective action on behalf of themselves and all other persons similarly situated pursuant to §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), which provides, in pertinent part, as follows:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

54. The collective Class consists of all current and former non-exempt, commission-paid Front Line Sales Representatives, In-House Sales Representatives and Discovery Sales Representatives who worked for Defendants at Defendants' Tennessee offices from October 21, 2010, through the present, and who: a) worked "off the clock;" and/or b) were not paid overtime for working in excess of 40 hours in a workweek.

55. Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions from overtime pay apply to the Representative Plaintiffs or to Class Members.

56. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

57. The FLSA requires covered employers, such as Defendants, to make, keep, and preserve accurate records of the hours worked by non-exempt employees.

58. Representative Plaintiffs and Class Members are victims of Defendants' widespread, repeated, systematic, illegal and uniform compensation policies, practices and/or procedures designed to evade the requirements of the FLSA.

59. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint, in ways including, but not limited to, knowingly failing to pay employees overtime compensation.

60. Defendants have/had uniform policies, practices and/or procedures which require(d) Sales Representatives, including Representative Plaintiffs and Class Members, to work without compensation in violation of the FLSA. Specifically, Defendants required Sales Representatives, including Representative Plaintiffs and Class Members, to work "off the clock."

61. Further, pursuant to Defendants' uniform policies, practices and/or procedures, although Defendants regularly required Representative Plaintiffs and other Class Members to work more than 40 hours in a work week, the Representative Plaintiffs and other Class Members were not paid at the rate of at time and one-half their regular rates of pay for any hours they worked beyond 40 hours in a workweek.

62. Defendants' conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. §255.

63. Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiffs and Class Members. Representative Plaintiffs are similarly situated to Class Members, and, as such, notice should be sent to the collective Class. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' common and uniform policies, practices and/or procedures of not paying Sales Representatives, including Representative Plaintiffs and Class Members, for all of their work hours, including overtime, and who would benefit from the issuance of a Court-supervised notice of the present

14

lawsuit and the opportunity to join in this action. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

64. Representative Plaintiffs and Class Members are entitled to damages equal to pay for all overtime hours worked at the overtime premium rate mandated by the FLSA within the three (3) years preceding the filing of the Complaint, because Defendants acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

65. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA as alleged in the preceding Paragraphs. As a result thereof, Representative Plaintiffs and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation as permitted by §16(b) of the FLSA. 29 U.S.C. §216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds to believe they were complying with the FLSA, Representative Plaintiffs and all similarly-situated Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

66. As a result of the aforesaid violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from the Representative Plaintiffs and Class Members. Accordingly, Defendants are liable under §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## VII. PRAYER FOR RELIEF

67. Wherefore, Representative Plaintiffs, on behalf of themselves and all other similarly situated Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Class Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consents to join this lawsuit pursuant to 29 U.S.C. §216(b);

b. An award of unpaid wages, including all overtime compensation due under the FLSA;

c. An award of liquidated damages as a result of the Defendants' failure to exercise good faith in failing to pay lawful overtime compensation pursuant to 29 U.S.C. §216;

d. An award of prejudgment and post-judgment interest;

e. An award of costs and expenses of this action, together with reasonable attorneys' fees; and

f. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/ Martin D. Holmes
    Martin D. Holmes, # 012122
    Darrell L. West, # 005962
    Fifth Third Center, Suite 1401
    424 Church Street
    Nashville, TN 37219
    (615) 244-6538

*Attorneys for Plaintiffs and Putative Collective Class*

NASHVILLE 57404-1 470465