**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: 3:13-cv-00641 |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFFS MARC COHEN, DAVID GODSEY, JEFF HUGHES, JAIME OUSLEY, KARYN ROQUE, JENNIFER (FINE) RUTHERFORD, AND RON SILVER**

**I.**
**CONCISE STATEMENT OF FACTUAL AND LEGAL GROUNDS**
**JUSTIFYING SUMMARY JUDGMENT**

Defendants Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc. (together, "Wyndham") submit this memorandum in support of its motion for summary judgment with respect to plaintiffs Marc Cohen, David Godsey, Jeff Hughes, Jaime Ousley, Karyn Roque, Jennifer (Fine) Rutherford, and Ron Silver.

(1) Plaintiffs Jamie Ousley, Karyn Roque, and Jennifer (Fine) Rutherford were not similarly situated to the named plaintiffs because they worked in the marketing department and not as sales representatives. Therefore, they are outside the class identified by Plaintiff. (Exhibit 1, Declaration of Rae Ellen Saksa, ¶¶8, 9, 10).

1

(2)     Plaintiffs Jeff Hughes and Ron Silver were salaried members of Wyndham's management team for the entire proposed class period.  (Exhibit 1, Declaration of Rae Ellen Saksa, ¶¶11, 12).  They were thus exempt from the overtime requirements of the Fair Labor Standards Act and outside the putative class.

(3)     Plaintiff David Godsey was not employed by Wyndham at any time during the class period proposed by Plaintiffs.  (Exhibit 1, Declaration of Rae Ellen Saksa, ¶14).

(4)     Plaintiff Marc Cohen was employed by Wyndham, but during the entirety of the class period he was located in New Orleans and thus is not similarly situated to the named plaintiffs.  (Exhibit 1, Decl. of Rae Ellen Saksa, ¶13).

## II.
## BACKGROUND

Plaintiffs seek damages under the Fair Labor Standards Act stating:

> This is a collective action brought pursuant to the FLSA by Representative Plaintiffs Jesse Pierce and Michael Pierce, on behalf of themselves and all similarly situated current and former non-exempt, commission-paid Front Line Sales Representatives, In-House Sales Representatives and Discovery Sales Representatives ("Class Members"), who worked for Defendants at Defendants' Tennessee offices from October 21, 2010 through the present (hereinafter referred to as the "Recovery Period"), and who: a) worked "off the clock;" and/or b) were not paid overtime for working in excess of 40 hours in a workweek.

(Docket Entry 1, Complaint, P. 13 ¶54).  The plaintiffs have defined their putative class as current and former employees who (1) were "non-exempt," (2) were "commission-paid," (3) worked as "Front Line," "In-House," and "Discovery" sales representatives, (4) worked at Wyndham's Tennessee offices, and met all those conditions after October 21, 2010.  Plaintiffs Cohen, Godsey, Hughes, Ousley, Roque, Rutherford, and Silver do not meet those conditions, and should be dismissed from this action.

**A.      Plaintiffs Jamie Ousley, Karyn Roque, And Jennifer (Fine) Rutherford Are Not Similarly Situated To The Named Plaintiffs Because They Worked In The Marketing Department During The Relevant Time Period.**

1.      Plaintiff Jaime Ousley ("Ousley") opted in to this action on November 25, 2013. Plaintiffs Ousley worked in the marketing department, and not as sales representatives, during the alleged class period and thus her claim should be dismissed.  On April 24, 2010, Ousley was promoted from a receptionist position to marketing coordinator.  (Decl. of Rae Ellen Saksa, ¶8). Ousley worked as a marketing coordinator until her separation from employment on November 7, 2011. *Id.*  As a marketing coordinator, she did not have the same duties nor pay structure as the class as defined by Plaintiffs.  Ms. Ousley is not a member of the alleged class as framed by Plaintiffs and accordingly, her claims must be dismissed.

2.      Plaintiff Karyn Roque ("Roque") opted in to this action November 18, 2013.  Ms. Roque worked for Wyndham as an in-house marketing supervisor from July 1, 2010 until termination of her employment on November 7, 2011.  (Decl. of Rae Ellen Saksa, ¶9).  Because Roque was not employed by Wyndham as a sales representative during the requisite time period, her claims must be dismissed.

3.      Plaintiff Jennifer (Ford) Rutherford ("Rutherford") opted in to this action on December 16, 2013.  Rutherford was promoted from a guest services associate position to marketing coordinator on August 28, 2010.  *See* Exhibit 1 to Decl. of Rae Ellen Saksa, ¶10.  She worked in the marketing supervisor position until the termination of her employment on April 18, 2012.  *Id.*  Again, because she was not employed by Wyndham as a sales representative at any time during the alleged class period, her claims must be dismissed.

**B. Plaintiffs Jeff Hughes And Ron Silver Were Managers, Not Sales Representatives, For The Entire Alleged Class Period.**

1. Plaintiff Jeff Hughes ("Hughes") opted in to this action on October 23, 2013. He was promoted from sales representative to sales manager on January 31, 2010. As a sales manager, Hughes was an exempt employee during the entire alleged class period. (Exhibit 1, Decl. of Rae Ellen Saksa, at ¶11).

2. Plaintiff Ron Silver ("Silver") opted in to this action on October 23, 2013. Similarly, Silver worked as a sales manager from March 5, 2010 to June 8, 2011. He, too, was exempt, and not a sales representative, during the entire alleged class period. Therefore, both Hughes and Silver are outside the putative class and thus their claims should be dismissed. (Exhibit 1, Decl. of Rae Ellen Saksa, at ¶12).

**C. Plaintiff Marc Cohen Did Not Work in Wyndham's Tennessee Offices During The Class Period.**

Plaintiff Marc Cohen ("Cohen") Cohen, who opted into the putative class on November 12, 2013, worked for Wyndham as a sales representative in Nashville from February 19, 2006 to August 22, 2008 but then transferred to New Orleans. (*See* Exhibit 1, Decl. of Rae Ellen Saksa at ¶13). At no time during the three previous years did he work "at Defendants' Tennessee offices." Cohen is thus not similarly situated to the named plaintiffs, and is outside the scope of the putative class. Therefore, his claims must be dismissed.

**D. Plaintiff David Godsey Did Not Work for Wyndham during the Class Period.**

Plaintiff David Godsey("Godsey"), who opted in to this action on December 16, 2013, was employed by Wyndham from August 12, 2005 to October 20, 2010. Thus, Godsey did not work for Wyndham at all during the class period alleged by Plaintiffs. His claims are therefore time-barred and must be dismissed. (Exhibit 1, Decl. of Rae Ellen Saksa, at ¶14).

### III.
### CONCLUSION

Accordingly, these eight (8) opt-in Plaintiffs do not met the criteria adopted by Plaintiffs in asserting the alleged class as framed in the Complaint and therefore should be dismissed.

Respectfully submitted,

s/ James R. Mulroy, II
James R. Mulroy II (TN BPR No. 000098)
O. John Norris, III (TN BPR No. 017504)
JACKSON LEWIS P.C.
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: mulroyj@jacksonlewis.com
         norrisj@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

### CERTIFICATE OF SERVICE

I hereby certify that I have this 13th day of March, 2014, filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

Martin D. Holmes, (TN BPR #012122)
Darrell L. West, (TN BPR #005962)
Dickinson Wright, PLLC
Fifth Third Center, Suite 1401
424 Church St.
Nashville TN 37219
Email: MDHolmes@dickinsonwright.com

s/ James R. Mulroy, II
*Counsel for Defendants*

4833-9793-2569, v. 1