UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JESSE PIERCE and MICHAEL PIERCE,       )
on behalf of themselves and all others  )
similarly situated,                     )
                                        )
                 Plaintiff,             )
                                        )
v.                                      )        No. 3:13-CV-641-PLR-CCS
                                        )
WYNDHAM VACATION RESORTS, INC., and     )
WYNDHAM VACATION OWNERSHIP, INC.,       )
                                        )
                 Defendants.            )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge [Doc. 56]. Now before the Court the Plaintiffs' Motion for Conditional Certification of this Matter as a Collective Action and Approval of 29 U.S.C. § 216(b) Notice [Doc. 33]. The Court finds that this motion is ripe for adjudication, and for the reasons stated herein, the undersigned will **RECOMMEND** that it be **GRANTED.**

## I.    BACKGROUND

Plaintiffs filed this action on October 23, 2013, alleging violations of the Fair Labor Standards Act ("FLSA"). [Doc. 1]. Defendants Wyndham Vacation Resorts, Inc., and Wyndham Vacation Ownership, Inc., (collectively "Wyndham") have filed an Answer [Doc. 18], in which they deny any violation of the FLSA.

In the instant motion, Plaintiffs move the Court to conditionally certify an FLSA collective action for current and former, non-exempt, commission-paid: (1) Front Line Sales Representatives, (2) In-House Sales Representatives; and (3) Discovery Sales Representatives – who were employed in Wyndham's Tennessee Resorts between October 21, 2010, and October 21, 2013. The Plaintiffs also move the Court to allow for appropriate notice to be sent to potential plaintiffs. On March 20, 2013, Wyndham filed a response in opposition to the Plaintiffs' motion, [Doc. 60], and Plaintiffs have filed a final reply in support of their position, [Doc. 64]. Accordingly this issue is now ripe for adjudication.

## II.     POSITIONS OF THE PARTIES

In their motion, Plaintiffs move the Court to certify an FLSA collective action, so that notice of this litigation can be sent to potential plaintiffs. Plaintiffs maintain that they and other potential plaintiffs were forced to work "off the clock" and their hours were "shaved" by Wyndham and its agents. Plaintiffs argue that they and other potential plaintiffs were, thereby, denied overtime compensation. Plaintiffs remind the Court that the preliminary certification is a lenient standard.

Wyndham responds that the FLSA has not been violated and that a collective action is not appropriate because the sales people identified by the Plaintiffs were not similarly situated. [Doc. 60]. Wyndham argues that it has a strict policy to ensure that all such persons are compensated for their overtime compensation. Wyndham acknowledges that the standard for permitting an FLSA collective action is lenient, but Wyndham argues that Plaintiffs must make a factual showing of their similar situations in light of Wyndham's policy against such practices. Wyndham argues that rogue managers cannot be cited as the basis for finding that the potential

plaintiffs were similarly situated. Wyndham argues that any advantage to permitting the maintenance of a collective action would be minimal because the Court would need to conduct a "mini-trial" for each claimant to determine any wrongfully-withheld compensation.

Plaintiffs reply that the Court can find that the potential plaintiffs are similarly situated based upon the allegations presented. [Doc. 64]. However, in response to Wyndham's position the Plaintiffs have filed affidavits that they assert establish that the Plaintiffs and plaintiffs are similarly situated. Plaintiffs argue that Wyndham ignores numerous commonalities between the Plaintiffs and the potentially plaintiffs, and Plaintiffs maintain that addressing at least some issues collectively is preferable to litigating all issues separately.

## III.    ANALYSIS

The FLSA directs that an employee or employees may bring an action "against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

A collective action furthers several important policy goals. First, the collective action "allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Second, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Id.

A plaintiff alleging an FLSA violation can bring a collective action for similarly situated persons if the plaintiffs meet two requirements: "1) the plaintiffs must actually be 'similarly

situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006) (citations omitted). An FLSA representative action is called a collective action and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that it utilizes an opt-in mechanism rather than the opt-out mechanism employed under Rule 23. See id.

In an FLSA action, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." Hoffmann-La Roche, 493 U.S. at 169. Typically, courts have utilized a two-phase process in determining whether the proposed plaintiffs are similarly situated. The first phase takes place at the beginning of discovery, and the second phase occurs after opt-in forms have been disbursed and returned and discovery has been completed. See Comer, 454 F.3d at 547.

A.      Conditional Certification of a Collective Action

The instant case is at the first stage of certifying a representative class. "The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 757-58 (W.D. Tenn. 2011). During the first stage, the standard for certification is "fairly lenient" and requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify. See Comer, 454 F.3d at 547. Nonetheless, "lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs." O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 584 (6th Cir. 2009).

The Court of Appeals for the Sixth Circuit has explained this standard by stating:

> The Fair Labor Standards Act does not define "similarly situated," and neither has this court. However, district courts have based their final-certification decisions on a variety of factors, including the "factual and employment settings of the individual[ ] plaintiffs, the

> different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." The lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs. Showing a "unified policy" of violations is not required, though.

Id. at 584 (internal citations removed). Consistent with this standard, plaintiffs may be deemed "similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id. at 585.

In the instant case, the Court finds that the Plaintiffs have met their burden of demonstrating that they and other potential plaintiffs are similarly situated for purposes of first-stage certification. The Court finds that the Plaintiff has demonstrated that persons performing work as the three types of salespersons – Front Line Sales Representatives, In-House Sales Representatives, and Discovery Sales Representatives – are similarly situated. All of the salespersons were classified as non-exempt. They operated under the same compensation system and were all required to record their compensable time using the same system. The salespersons sold different products or services, but all operated under the same management structure and supervision. Moreover, Wyndham adamantly argues that its policy against uncompensated time would have prevented FLSA violations with regard to any and all of these persons. Thus, it appears that the basic defenses to these claims will be uniform.

The Court acknowledges that there will be variation in the hours worked by the Plaintiffs and potential plaintiffs and in the compensation owed to each Plaintiff and potential claimant. However, the Court finds that the claims presented by the Plaintiffs and potential plaintiffs are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id.

Accordingly, the undersigned will recommend that the District Judge grant this "first stage" request for certification and conditionally certify this case as a collective action for current and former, non-exempt, commission-paid: (1) Front Line Sales Representatives, (2) In-House Sales Representatives; and (3) Discovery Sales Representatives – who were employed in Wyndham's Tennessee Resorts between October 21, 2010, and October 21, 2013.

**B.     Expedited Discovery**

The Plaintiff has requested limited, expedited discovery.  Specifically, Plaintiffs move the Court to order Wyndham to produce the names and addresses of the potential plaintiffs.  Plaintiff asserts that Wyndham should be ordered to produce this information as soon as possible to prevent any claims being barred by the applicable statute of limitations.  Though Wyndham opposed the request for a collective action, Wyndham did not specifically oppose the request for this information.

The Court finds that limited, expedited discovery is appropriate.  The undersigned will recommend that the Defendant be ordered to produce the names, addresses, and dates of employment for all (1) Front Line Sales Representatives, (2) In-House Sales Representatives; and (3) Discovery Sales Representatives – who were employed in Wyndham's Tennessee Resorts between October 21, 2010, and October 21, 2013.   The Court acknowledges that the Plaintiffs did not request the dates of employment for these persons.  However, it appears to the undersigned that this information is likely to be found at the same time and with the same effort as it will take to locate the names and addresses of these persons, and turning the dates of employment over is likely to streamline pretrial discovery and other issues.  The undersigned will recommend that Wyndham be afforded twenty days to provide this information to the Plaintiff.

6

## C. Notice to the Potential Plaintiffs

The Plaintiffs have not submitted a potential notice and opt-in form to the Court. At the hearing, counsel for the Plaintiffs stated that he had submitted a potential notice and opt-in form to counsel for Wyndham. Counsel for Wyndham stated that the notice and opt-in form had been forwarded to Wyndham's general counsel for further review.

The Court finds that the parties agreeing on the notice and opt-in form is preferable to the Court dictating the notice and form to be sent. However, it is essential that notice be sent to potential plaintiffs in a timely manner. Accordingly, the Court will recommend that, if the parties have not reached an agreement regarding the notice and opt-in form, the Plaintiffs be ordered to file their proposed notice and opt-in form within five days of the Order ruling upon this Report and Recommendation and that Wyndham be permitted to respond or file a competing notice and opt-in form within five days of Plaintiffs' filing.

7

## IV.    CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the Motion for Conditional Certification of this Matter as a Collective Action and Approval of 29 U.S.C. § 216(b) Notice **[Doc. 33]** be **GRANTED**, and the undersigned **RECOMMENDS** that**:**

1. This case be conditionally certified as a collective action for current and former, non-exempt, commission-paid: (1) Front Line Sales Representatives, (2) In-House Sales Representatives; and (3) Discovery Sales Representatives – who were employed in Wyndham's Tennessee Resorts between October 21, 2010, and October 21, 2013.

2. Wyndham be **ORDERED** to produce the names, addresses, and dates of employment for all persons potentially covered by the collective action within **twenty (20) days** of entry of the Order ruling upon this Report and Recommendation.

3. If the parties have not reached an agreement regarding the notice and opt-in form by the time the District Judge enters an Order ruling upon this Report and Recommendation, the Plaintiffs be **ORDERED** to file their purposed notice and opt-in form within **five (5) days** of the Order ruling upon this Report and Recommendation and that Wyndham be permitted to respond or file a competing notice and opt-in form within **five (5) days** of Plaintiffs' filing.

Respectfully Submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).