UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| | | |
|---|---|---|
| Jesse Pierce and Michael Pierce, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No.: 3:13-CV-641-PLR-CCS |
| Wyndham Vacation Resorts, Inc., and Wyndham Vacation Ownership, Inc., | ) ) ) | |
| *Defendants*. | ) | |

**Memorandum and Order**

This matter is before the Court for consideration of the defendants' objections, [Doc. 73], to the Report and Recommendation filed by United States Magistrate Judge C. Clifford Shirley recommending the Court conditionally certify the plaintiffs' collective action under the Fair Labor Standards Act. [Doc 70]. The plaintiffs have responded in opposition to the defendants' objections. [Doc. 74].

The defendants object to the Report and Recommendation because, they contend, the Magistrate Judge failed to cite any "common theory of defendants' statutory violations" to support the finding that the named plaintiffs are similarly situated to the putative class members. Additionally, the defendants argue to the extent the Report and Recommendation relies on evidence the plaintiffs presented for the first time in their reply memorandum, reliance on such evidence is improper and unfair to the defendants.[1]

---

[1] The defendants later filed a supplemental brief in support of their objection to the Report and Recommendation citing a Florida case where the magistrate recommended denying class certification. To the extent this supplemental brief makes objections beyond the two raised in the defendants' original objections to the Report and

1

As required by 28 U.S.C. § 636(b)(1), the Court reviews the portions of the Report and Recommendation to which the defendants object *de novo*. For the reasons that follow, the Court finds itself in agreement with the Magistrate Judge's analysis of the legal issues, and the defendants' objections will be overruled. The Report and Recommendation will be accepted in whole, and the underlying motion for conditional certification will be granted.

1. **Common theory of defendants' statutory violations**

The defendants' first objection relates to the magistrate judge's failure to cite a "common theory of defendants' statutory violations." However, no such finding is necessary for conditional certification. In *O'Brien v. Ed Donnelly Enters. Inc.*, the Sixth Circuit stated that potential plaintiffs can be found to be "similarly situated" based on a variety of factors "including the factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action." 575 F.3d 567, 584 (6th Cir. 2009) (internal punctuation omitted). The standard for certification is "fairly lenient" and only requires "a modest factual showing" that the plaintiff is similarly situated to the potential class. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). The Sixth Circuit specifically noted that showing a "unified policy" of violations is not required. *Id.* (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996)).

The Magistrate Judge held that the plaintiffs were similarly situated because the purported class was classified as non-exempt, "[t]hey operated under the same compensation system and were all required to record their compensable time using the same system," and they "all operated under the same management structure and supervision." Because no common

---

Recommendation, [R. 73], they are untimely as not being raised within 14 days of receiving the Report and Recommendation. Fed. R. Civ. P. 72.

theory of statutory violations is necessary, the defendants' "common theory" objection will be overruled.

   2. **Evidence first presented in plaintiffs' reply**

The defendants also object to the Magistrate's reliance on evidence submitted with the plaintiffs' reply brief. The plaintiffs offered a number of declarations attached to their reply that were not introduced before. The defendants contend that reliance on these declarations is improper and they should have been disregarded by the Court. However, the defendants waived their objection by not raising it in a timely manner. The defendants did not move to strike the declarations submitted with the plaintiffs' reply brief, nor did they raise any other kind of objection until after the Magistrate Judge entered the Report and Recommendation. Because the defendants failed to raise a timely objection, their objection will be overruled.

**Conclusion**

After a careful review of the record and the parties' pleadings, this Court is in agreement with the Magistrate Judge's recommendation that the Plaintiff's motion for conditional certification of this matter as a collective action and approval of 29 U.S.C. § 216(b) notice be granted. Accordingly, the Court **Accepts In Whole** the Report and Recommendation under 28 U.S.C. §636(b)(1) and Fed.R.Civ.P. 72(b). The defendants' objections, [Doc. 73], are overruled. It is **Ordered**, for the reasons stated in the Report and Recommendation, which the Court adopts and incorporates into this ruling, that the Plaintiff's motion, [Doc. 33], is **Granted,** and:

1. This case shall be conditionally certified as a collective action for current and former, non-exempt, commission-paid: (1) Front Line Sales Representatives, (2) In-House Sales Representatives; and (3) Discovery Sales Representatives – who were employed in Wyndham's Tennessee Resorts between October 21, 2010 and October 31, 2013;

3

2. Wyndham is **Ordered** to produce the names, addresses, and dates of employment for all persons potentially covered by the collective action within **twenty (20) days** of the entry of this order; and

3. The plaintiffs are **Ordered** to file their purposed notice and opt-in form within **five (5) days**, and Wyndham will be permitted to respond or file a competing notice and opt-in form within **five (5) days** of the plaintiffs' filing.

**It is so Ordered.**

_____
UNITED STATES DISTRICT JUDGE