IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC.,<br><br>    Defendants. | CASE NO. 3:13-cv-641<br><br>District Judge: Pamela L. Reeves<br>Magistrate Judge: C. Clifford Shirley, Jr.<br><br>COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938 |

### NOTICE OF PENDING FAIR LABOR STANDARDS ACT LAWSUIT

TO: All Present and Former In-House, Front Line and Discovery Sales Representatives of Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc. (hereinafter referred to as "Defendants"), Who Worked For Defendants Between August 24, 2011 and October 23, 2013, at One or More of Defendants' Four Tennessee Resorts.

RE: Fair Labor Standards Act Lawsuit Against Defendants for Failure to Pay Overtime.

**1. INTRODUCTION**

This lawsuit was filed on October 23, 2013 by Jesse Pierce and Michael Pierce in Knoxville, Tennessee. The purpose of this Notice is: 1) to inform you of the existence of a collective action lawsuit in which you, as a present or former In-House, Front Line and Discovery Sales Representative (hereinafter "Sales Representative") for Defendants, are potentially "similarly-situated" to the named Plaintiffs; 2) to advise you of how your rights may be affected by this lawsuit; and 3) to instruct you on the procedure for participating in this lawsuit, should you decide that it is appropriate and should you choose to do so.

**2. NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE**

This notice has been authorized by Judge Reeves of the United States District Court for

**EXHIBIT 1**

the Eastern District of Tennessee solely for the purpose of notifying individuals of the lawsuit. The Court has taken no position in this case regarding the merits of Plaintiffs' claims or defenses of Defendants.

3. **DESCRIPTION OF THE LAWSUIT**

A. <u>The Position of Jesse Pierce and Michael Pierce (Plaintiffs)</u>

On October 23, 2013, Jesse Pierce and Michael Pierce ("Plaintiffs") brought this lawsuit against Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc. (hereinafter referred to as "Defendants" or "Wyndham"), on behalf of themselves and all other past and present Sales Representatives who worked at one or more of Defendants' four Tennessee resorts (Wyndham Nashville, Wyndham Resort at Fairfield Glade, Wyndham Smoky Mountains, and Wyndham Vacation Resorts Great Smokies Lodge), who were not paid overtime from August 24, 2011, to October 22, 2013 in respect to those who have not already become a party to this action.

Plaintiffs allege that although Wyndham classified Sales Representatives as non-exempt employees who were eligible to receive overtime pay, Defendants had a policy and practice in Tennessee of not paying Sales Representatives overtime compensation for all hours worked in excess of forty (40) hours in a workweek. Plaintiffs further allege that in Tennessee Wyndham required Sales Representatives to clock out early, clock in late or not clock in at all so that Wyndham's timekeeping system would not reflect the actual hours worked by Sales Representatives, including hours in excess of forty (40) hours in a workweek and that in Tennessee Wyndham engaged in other practices to alter or modify their timekeeping records so as to reduce the number of hours in Wyndham's timekeeping system in order to avoid paying Sales Representatives overtime pay for all hours worked in excess of forty (40) hours in a workweek.

Plaintiffs have sued to recover unpaid overtime compensation for themselves and all other Sales Representatives employed by Wyndham in Tennessee at any time from October 23, 2010, to the date of the filing of the lawsuit. In addition, Plaintiffs seek to recover an additional equal amount as liquidated damages, as well as an award of pre-judgment and post-judgment interest, attorneys' fees and costs.

This lawsuit is currently in the early pretrial stage.

B.   The Position of Wyndham (Defendants)

Wyndham denies Plaintiffs' allegations and contends that it has properly paid overtime to Sales Representatives at the four Tennessee resorts. It further contends that the Company's stated policies require the payment of overtime and that various procedures and policies exist internally for employees to make complaints about pay discrepancies and to correct such discrepancies. It is the intention of Wyndham to seek the costs of defending this lawsuit from Plaintiffs.

4.   **YOUR RIGHT TO DECLINE PARTICIPATION IN THIS LAWSUIT**

You are not required to participate in this lawsuit. If you do not wish to participate in this lawsuit or you wish to bring your own lawsuit, you do not have to do anything at this time. You are also free to retain an attorney other than the attorneys listed in Section 5 below to seek independent legal advice or representation.

In any event, the deadline for filing all Notice of Consent forms with the Court is **[insert date 30 days from Court's approval order]**.

5.   **YOUR RIGHT TO PARTICIPATE IN THIS SUIT**

If you believe that you may not have received overtime pay you were entitled to receive, you may join this suit (that is, you may "opt-in") by sending the accompanying "Plaintiff Consent Form" to Plaintiffs' counsels' staff, either by electronic mail, telefax or mail:

3

Pamela L. Pardee
Dickinson Wright PLLC
P.O. Box 198687
Nashville, Tennessee 37219-8687
ppardee@dickinsonwright.com
1-800-644-6610 (Message only)
615-242-0434 (phone)
615-256-8386 (telefax)

You must e-mail, fax or mail the accompanying "Plaintiff Consent Form" together with your response to the survey attached hereto as Exhibit A to Plaintiffs' counsel in sufficient time to have Plaintiffs' counsel file it with the federal court on or before **(30 days from the Order entered approving this Notice)**. If you fail to return the "Plaintiff Consent Form" to Plaintiffs' counsel in time for it to be filed with the federal court on or before the above deadline date, it may prevent you from participating in this lawsuit.

6. **LEGAL EFFECT OF JOINING THIS SUIT**

If you choose to join this suit, you will be bound by any judgment entered. While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court. You will be subject to the same rules concerning candor and truthfulness as any other party or witness in court.

By joining this lawsuit, you designate the named Plaintiffs Jesse Pierce and Michael Pierce (the class representatives) as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiffs or class representative(s) will be binding on you if you join this lawsuit. Joining this lawsuit does not guarantee that you will receive any payment.

4

To date, this lawsuit has only been "conditionally certified." The case, at a later time, may be decertified by the Court either by the Court's own motion or that of Wyndham's.

7. **LEGAL EFFECT OF NOT JOINING THIS SUIT**

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to retain your own attorney and file your own individual lawsuit separately. In the event that you choose not to join in this lawsuit or file your own lawsuit, any claim that you may have for unpaid overtime may become partially or completely time-barred.

8. **NO RETALIATION PERMITTED**

Federal law prohibits an employer from firing you or taking any other adverse employment action against you because you have exercised your legal right to participate in this lawsuit. Retaliation by either the named or opt-in plaintiffs, against those who choose to opt-out, is also prohibited.

9. **COUNSEL FOR DEFENDANTS**

The attorneys for Defendants are:

> James R. Mulroy (mulroyj@jacksonlewis.com)
> O. John Norris, III (norrisj@jacksonlewis.com)
> JACKSON LEWIS P.C.
> 999 Shady Grove Rd., Suite 110
> Memphis, TN 38120
> Phone: (901) 462-2600

If you have questions about this lawsuit, you may contact either the Defendants' counsel or the Plaintiffs' counsel who are listed below. You may discuss the merits of this case with either Defendants' or Plaintiffs' counsel **before electing to join the lawsuit**. If you elect to join the lawsuit, **you may no longer discuss the case with Wyndham's counsel.** If you decide to not participate as a party to this case, **you may** discuss the evidence you may

have with either counsel at any time.

10. **YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you choose to join this suit, your interests will be represented by the named Plaintiffs or class representative(s) through their attorneys, as counsel for the class. Counsel for the class are:

>Martin D. Holmes (mdholmes@dickinsonwright.com)
>Darrell L. West (dwest@dickinsonwright.com)
>Dickinson Wright PLLC
>424 Church Street, Suite 1401
>Nashville, Tennessee 37219
>615-242-0434

Because the Court has conditionally certified this case as a collective action, if you participate in this lawsuit you are represented by class counsel identified above. Wyndham, and its owners, officers, directors and management staff are not permitted to discuss this case with you **after** you have elected to opt into this lawsuit as discussed in Paragraph 9 above and if you elect to opt-in you are not permitted to seek to engage them in discussions about it.

4834-8395-2154, v. 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC.,<br><br>Defendants. | Civil Action No.: 3:13-cv-00641-PLR-CCS |

## DEFENDANTS' SURVEY OF OPT-IN PLAINTIFFS

TO:   All Opt-In Plaintiffs

PLEASE TAKE NOTICE that the United States District Court for the Eastern District of Tennessee has required that all Plaintiffs in the above-titled action complete and execute the attached questionnaire. You are receiving this questionnaire because you have submitted a Notice of Consent Filing expressing your intention to participate as a consent Plaintiff in this lawsuit. Please complete the attached questionnaire, sign it, and return it in the enclosed stamped return envelope. The deadline for all completed questionnaires to be submitted is _____, 2014. *Please take notice that failure to timely submit your sworn responses to the questionnaire, or failure to fully and completely answer each question below, may result in your claims in this lawsuit being dismissed, and you being barred from pursuing them in the future. When completing this questionnaire, your answers must be legible using either blue or black ink or you may complete the form using a typewriter or work processor.*

EXHIBIT
B

# QUESTIONNAIRE

Please answer the following questions fully and completely to the best of your knowledge. If a full and complete answer will not fit in the space provided, you must be sure to add additional pages, as necessary, to ensure a full and complete answer. Unless otherwise stated, assume all questions pertain to the time you have worked as a Sales Representative for Wyndham in Tennessee from October 21, 2010 to October 21, 2013.

1. State your name, address, phone number and the best way to contact you.
   _____
   _____

2. State the dates you worked for Wyndham in a non-managerial capacity as a Sales Representative, providing the type of sales you were engaged in. *For example: Discovery Sales June 1, 2011 to July 1, 2011.*
   _____
   _____

   If you have documents which support this, return them with this response.

   _____ YES, I have documents.      _____ NO, I have no documents.

3. Are you currently an employee of Wyndham?

   _____ YES                          _____ NO

4. When you worked as a Sales Representative for Wyndham from October 21, 2010 to October 21, 2013:

   a. Did you routinely use a time clock, key fob, Kronos log-in or other method to clock-in and out from work?

      _____ YES                       _____ NO

   b. If you answered "No" to question 4(a), please explain why you did not routinely clock-in and out from work and the dates which you did not clock-in and clock-out.
      _____
      _____

c. Were you aware of Wyndham's stated employment policy that you should accurately report all time you worked each day?

_____ YES        _____ NO

d. Did you routinely report accurately all time you worked each day?

_____ YES        _____ NO

e. Have you ever reported less time than you worked?

_____ YES        _____ NO

If yes, describe each such instance. *For example: June 1, 2011, I failed to clock out from work. I worked 8 hours that day and was credited for 6, etc.*

_____
_____

f. If you answered Question 4(e) above "NO," proceed to Question 5 below. If you answered Question 4(e) above "YES," answer these questions before proceeding to Question 5:

   (i) How often did you report less time than you worked?

   _____ Rarely (less than 1 time per month)

   _____ Occasionally (1-2 times per month)

   _____ Frequently (more than 1 time per week)

   (ii) Which of the responses below best explains why you reported less time than you worked? (Check all that apply; do not check any, if none apply.)

   _____ I forgot to clock in or out

   _____ I purposely understated my work time to make my sales goal

   _____ I intentionally reported less time so that I would not be sent home upon reaching 40 hours for the week.

   _____ I intentionally reported less time so that I would have more opportunities to make sales.

   _____ I purposely understated my work time, to avoid criticism for working overtime without proper prior authorization.

_____ Other. Describe:
_____
_____

5. Has Wyndham ever failed to pay you for all of the time (including overtime) that you reported as having worked?

   _____ YES          _____ NO

   If you answered "yes," explain each instance that Wyndham failed to pay you for all of the time you reported, including (a) the date, (b) the person who refused to pay you for time you reported, (c) the reason he/she refused to pay you for time you reported (if known), and (d) the amount of time that was not paid.
   _____
   _____
   _____

   Do you have documents supporting your answer?

   _____ YES          _____ NO

   Please provide any such documents with your response.

6. Between October 21, 2010 and October 21, 2013, has anyone, without your permission, ever altered the work time that you reported?

   _____ YES          _____ NO

   If yes, describe each such instance, including, to the best of your knowledge, (a) the date, (b) the person who altered your time without your consent, (c) the reason he/she altered your time without your consent (if known), (d) the amount of time that was altered and (e) if you agreed the change was appropriate.
   _____
   _____
   _____

7. Has any Wyndham employee ever told you that you should not report on your time record all the hours you worked?

   _____ YES          _____ NO

   If yes, please provide the name of the employee, the date this occurred and what was said.
   _____
   _____

8. Did you individually maintain any records of the hours you worked at Wyndham?

   _____ YES          _____ NO

   If yes, describe the records you have and where they are currently located or provide a copy with this response.

   _____
   _____

9. During any period from October 21, 2010 to October 21, 2013 while working for Wyndham, were you sick, disabled or otherwise incapacitated from doing your job? *For example: were you caring for an elderly parent or sick child, recovering from surgery or a disability for any period.*

   _____ YES          _____ NO

   If yes, state those periods for which you were unable to work after October 21, 2010 until October 21, 2013.

   _____
   _____

10. After October 21, 2010 until October 21, 2013 and while working as a Sales Representative for Wyndham, did you voluntary take any time off or vacation?

    _____ YES          _____ NO

    If so, state the inclusive dates of your vacation or time off for each year:

    2010: _____
    2011: _____
    2012: _____
    2013: _____

11. Please provide the names of each of your managers and the approximate dates that you worked under their management.

    _____
    _____
    _____

12. Do you have any documents or things which record or reflect your hours worked at Wyndham?

    _____ YES          _____ NO

If yes, please provide copies of those documents with this response.

_____
_____
_____

13. How did you become aware of this lawsuit? State the date of your initial knowledge of the lawsuit, who told you about the lawsuit and what was said.

_____
_____
_____

14. Do you know how overtime is calculated under Wyndham's policy for the period you worked for Wyndham? If so, state your understanding.

_____
_____
_____

15. Did you receive overtime pay for any period you worked for Wyndham?

_____ YES                    _____ NO

If you did receive overtime pay, state the dates you received such pay and the amount you received.

_____
_____
_____

16. When not on tour, were you allowed to leave the work site for meals, errands and the like?
_____ YES                    _____ NO

17. If you were not allowed to leave the site were you "on the clock"?

_____ YES                    _____ NO

If yes, please explain what you did or were doing at the site while on the clock.

_____
_____

18. How frequently were you not allowed to leave the site while off the clock in a week's time?

_____
_____

Page **6** of 7
Case 3:13-cv-00641-DCP   Document 89-1   Filed 08/26/14   Page 12 of 13   PageID #: 889

19. Do you believe you did not receive pay for all of the hours you worked?

    _____ YES      _____ NO

    If you answer yes, please provide the amount of time you believe you were underpaid and how you calculated that amount.
    _____
    _____

20. Do you have any documents or things that reflect or record what you were told about overtime pay at Wyndham?

    _____ YES      _____ NO

    If yes, please attach copies of such documents.
    _____
    _____
    _____

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____, 2014.

_____
NAME PRINTED

_____
SIGNATURE

4850-4943-2859, v. 1