UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JESSE PIERCE and MICHAEL PIERCE, ) <br> on behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br>        Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WYNDHAM VACATION RESORTS, INC., and ) <br> WYNDHAM VACATION OWNERSHIP, INC., ) <br> ) <br>        Defendants. ) | No. 3:13-CV-641-PLR-CCS |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are Plaintiffs' Motion to Compel Defendants to Produce Audio Tape Recordings [Doc. 27] and Defendants' Motion for Protective Order [Doc. 34]. These motions are ripe for adjudication, [see Docs. 29, 37], and the parties appeared before the undersigned on April 15, 2014, to present oral arguments. On July 11, 2014, the Court entered a Memorandum and Order directing that the recordings at issue be submitted to the Court for *in camera* review. Having completed the *in camera* review, the Court finds that the recording are not protected by the attorney-client privilege.

### I.  BACKGROUND

In its previous Memorandum and Order, the Court summarized the background of this dispute and the parties' positions at length. [See Doc. 81 at 1-4]. The Court will not repeat this information here. Suffice it to say that Plaintiffs Jesse Pierce and Michael Pierce were sales

persons at resorts allegedly owned by Defendants. The Pierces retained Dickinson Wright PLLC to represent them, and potentially other plaintiffs, in an FLSA wage and hour claim. On October 17, 2013, counsel from Dickinson Wright conducted a meeting with approximately forty-four[1] other salespersons to see if these salespersons would like to join in this litigation. One of the meeting attendees recorded the meeting. The recordings are in the possession of the attorneys for the Defendants, but counsel for the Defendants state that they not listened to the recording.

The issue presented to the undersigned is whether the recording is protected by the attorney-client privilege and whether Defendant's counsel should be ordered to return any copies of the recording to counsel for the Plaintiffs. Additionally, the Court must determine whether the identity of the person who made the recording should be protected.

Two recordings were submitted to the Court. Each recording is ten minutes and twenty-nine seconds in length. Their contents are summarized as follows:

1. **Recording One**: Recording One starts with general crowd noise and conversation. Someone states generally that the persons present have worked overtime hours for which they have not been compensated, and he introduces counsel. He says the attorneys are present to get names and met with potential plaintiffs separately later. Counsel introduce their other staff and state that they[2] have worked on similar cases throughout the country. At various times, the potential plaintiffs applaud counsel's remarks. Counsel describes their "team" approach and notes that there are 300 plus attorneys in their firm. Counsel says the firm is ready for whatever the Defendants might bring to bear. Counsel

---

[1] This approximation is found the Plaintiffs' filings and was stated in Court. In the recordings, some persons estimate that as many as eighty persons were present.

[2] Only one attorney speaks in the recording, and it appears that the attorney speaking may be Reid Estes. However, because the identity of the speaker is not clear, the Court has used the term "counsel." Additionally, the term "they" is used to refer to the attorneys representing Jesse Pierce and Michael Pierce and proposed to represent the persons attending the meeting.

remarks, "By the way, this is, I think, the most people we've ever had at one of these initial meetings," and later adds, "We've done a lot of these cases, and I don't remember ever losing one." Counsel states, "This is an attorney-client meeting; everything we say here is confidential," and continues with remarks generally expounding on confidentiality. Counsel asks that any mole or person recording the meeting leave the room and jokes that counsel will later find any such person "and beat you to within an inch of your life." Counsel states that the plan is to file the lawsuit within the week, and counsel explains the opt-in process. Counsel says that they had hoped to spend an hour with each potential plaintiff, but instead, counsel is going to "go over what we're doing" with the group. Counsel states that they want to obtain each person's contact information and will use it to contact the potential plaintiffs. Counsel remarks that "there's strength in numbers" and says that they would like to sign-up as many potential plaintiffs as they can at the beginning.

2. **Recording Two**: Recording two begins with the shuffling sound of a phone in a pocket or other container and general conversation at a distance. The voice of what appears to be the person recording the meeting can be heard more distinctly than other voices. Attorney Martin Holmes is heard introducing himself to individuals, which appear to include the person recording. Persons can be heard exchanging phone numbers, which are largely inaudible, and then a brief discussion of how bad traffic is ensues. Mr. Martin (presumably, or another counsel) can be heard at a distance saying counsel have some questions about how the potential plaintiffs are paid and mentioning follow-up telephone calls.

3

General conversation continues amongst the attendees, and a person – potentially, the person recording – can be heard giving an address on Wyndham Pointe Lane in Knoxville, Tennessee, and later giving phone numbers and an email address. Someone estimates that there are approximately eighty persons present, and another person remarks that she thought there would be more attendees. The remainder of the recording is almost inaudible conversation recorded at a distance

## II.   ANALYSIS

"Questions of privilege are to be determined by federal common law in federal question cases." Reed v. Baxter, 134 F.3d 351, 356 (6th Cir. 1998) (citing Fed. R. Civ. P. 501). Pursuant to the federal common law[3] of the Sixth Circuit, "[t]he elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." Id. (citing Fausek v. White, 965 F.2d 126, 129 (6th Cir. 1992)). Each of these elements is essential, see Humphreys, Hutcheson and Moseley v. Donovan, 755 F.2d 1211, 1219 (6th Cir. 1985), and the party invoking the privilege bears the burden of establishing its existence, United States v. Dakota, 197 F.3d 821, 825 (6th Cir. 1999).

---

[3] The parties concede this Court has jurisdiction over this case based upon a federal question pursuant to 28 U.S.C. § 1331. [Doc. 1 at ¶ 6; Doc. 18 at ¶ 6]. Therefore, the Court applies the form of the attorney-client privilege articulated by the Court of Appeals for the Sixth Circuit, as stated above.

4

The Court finds that the Plaintiffs have failed to demonstrate the essential elements of the attorney-privilege because they have not demonstrated that the recordings at issue contain communications by clients made for the purposes of seeking legal advice.

Plaintiffs assert in their filings that "[s]ome of those in attendance [] spoke about their specific situation and other facts relevant to potential claims against Wyndham." [Doc. 29 at ¶ 11]. The Court has reviewed the recording and cannot discern any such communications. The majority of the audible portions of the recording are Plaintiffs' counsel discussing their own qualifications, the lawsuit generally, and the opt-in procedure under the FLSA. The recording does not include any questions from the attendees with regard to any of counsel's presentation. The only feedback from the attendees is applause, laughter, and an occasional wisecrack. The conversations amongst the attendees themselves certainly cannot be considered communications by the clients to the attorneys for the purposes of obtaining legal advice.

The only communications between counsel and the attendees are brief introductions – *i.e.* "Hello, I'm Martin Holmes" – and statements about contact information and anticipated phone calls. These communications certainly do not seek or provide legal advice. The Court finds that there were few communications from the attendees/potential plaintiffs to counsel, and those communications that were made appear to be either inaudible or they did not seek legal advice. Thus, the Court finds that the Plaintiffs have failed to demonstrate essential elements of attorney-client privilege.

The Court finds that counsel's inclusion on the sign-in sheet of a statement that by attending the meeting the persons were acknowledging that they were present to receive legal advice is not controlling or instructive in this case.[4] The essential elements of the attorney-client

---

[4] The sign-in sheet stated, "By signing in, you acknowledge that you are here to seek legal advice concerning your right to overtime pay from Wyndham." [Doc. 28 at 2].

privilege do not direct the court to examine any acknowledgements that a client may have made; instead, they direct the court to consider the communication and the circumstances of its making. Though Plaintiffs discuss the sign-in sheet extensively, they have failed to cite the Court to any case in which a court in the Sixth Circuit found such an acknowledgment to be a substitute for actually fulfilling the eight essential elements, [see Doc. 28 at 8-9; Doc. 38 at 6, 8, 9, 11], and the Court finds that it would be inappropriate to so rule in this case.

For the reasons stated herein, the Court finds that the Plaintiffs' request that the Defendants and their counsel be prohibited from listening to or possessing the recordings is not well-taken.

Additionally, Defendants have expressed concern that Plaintiffs will retaliate against the person who made the recording and have moved that the Court protect the person's identity. As an initial matter, the Court finds that the Defendants have not shown good cause for ordering the person's identity to be sealed or otherwise protected. At the time of the hearing, both parties seemed to believe that the person who recorded the meeting was one of the opt-in plaintiffs. For obvious reasons, the Court is disinclined to order that the identity of one of Plaintiffs' counsel's clients be kept from Plaintiffs' counsel. Moreover, it appears that Defendants, themselves, are in the best possession to protect the person who made the recording from workplace retaliation. To the extent this person's address was divulged on the recording, the Court finds, first, that the Plaintiffs are already in possession of this information and, second, the information likely falls within the scope of Rule 26(a)(1)(A) initial disclosures, as being "the address and telephone number of each individual likely to have discoverable information."

At the time the Motion for Protective Order was filed, the threat of harm to the person was merely speculative, and the Court finds that it remains speculative. The Court finds that

Plaintiffs' counsel's off-the-cuff comment about tracking down any person acting as a mole at the meeting was a joke, and the Court has no reason to expect anything but the most professional behavior from Plaintiffs' counsel. The Court will deny the motion without prejudice to allow refiling if a concrete and specific threat of harm or harassment is presented, and to the extent the Plaintiffs or opt-in Plaintiffs were to engage in harmful or harassing behavior, the Court would issue swift and severe sanctions.

**IV. CONCLUSION**

The Court finds that the relief requested in the Plaintiffs' Motion to Compel **[Doc. 27]** is not well-taken, and it is **DENIED**. The Defendants may retain a copy of the recordings in their possession and use the recordings in a manner consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, applicable case law, and the Court's Orders. However, the Defendants will be required to produce a copy of the recordings or information related to the recordings to the Plaintiffs or their counsel as appropriate under Rule 26, Rule 30, or Rule 34 of the Federal Rules of Civil Procedure.

The Court further finds that the Defendants' Motion for Protective Order **[Doc. 34]** is not supported by good cause at this time, and accordingly, it is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge