UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JESSE PIERCE and MICHAEL PIERCE,     )
on behalf of themselves and all others )
similarly situated,                    )
                                       )
           Plaintiff,                  )
                                       )
v.                                     )     No. 3:13-CV-641-PLR-CCS
                                       )
WYNDHAM VACATION RESORTS, INC., and )
WYNDHAM VACATION OWNERSHIP, INC.,    )
                                       )
           Defendants.                 )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Ascertain Status on the Court's Ruling Related to Court-Supervised Notice and Opt-In Plaintiff Consent Form [Doc. 109]. The Court is mindful of the procedural posture of this case and the chronology of filings is documented in the record. The entire procedural posture does not bear repeating here. However, as noted by the Plaintiffs in their motion, the parties filed competing opt-in notices and opt-in forms for this case in late August 2014. Plaintiffs now state that the Court has allowed three and a half months to expire without deciding which of the two competing opt-in notices and opt-in forms should be used.

In their motion, Plaintiffs neglect to state that the briefing on this issue extended until November 14, 2014, and included:

1. Plaintiffs' Notice of Filing of Proposed Opt-In Form [Doc. 85], filed August 21, 2014;

2. Defendants' Notice of Filing of Proposed Opt-In Form [Doc. 89], filed August 26, 2014;

3. Defendants' Motion to Adopt Defendants' Version of Notice to the Class and to Include Opt-In Survey with Court-Supervised Notice to Opt-In Plaintiffs [Doc. 90] and Memorandum in Support [Doc. 91], filed August 26, 2014;

4. Plaintiffs' Response in Opposition to Defendants' Motion to Adopt Defendant Defendants' Version of Notice to the Class and to Include Opt-In Survey with Court-Supervised Notice to Opt-In Plaintiffs [Doc. 95], filed September 9, 2014;

5. Defendants' Reply to Response in Opposition to Defendants' Motion to Adopt Defendant Defendants' Version of Notice to the Class and to Include Opt-In Survey with Court-Supervised Notice to Opt-In Plaintiffs [Doc. 97], filed September 16, 2014;

6. Plaintiffs' Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Adopt Defendants' Version of the Notice to the Class and to Include Opt-In Survey with the Court-Supervised Notice to Opt-In Plaintiffs [Doc. 99], filed September 23, 2014;

7. Defendants' Response to Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Adopt Defendants' Version of the Notice to the Class and

to Include Opt-In Survey with the Court-Supervised Notice to Opt-In Plaintiffs [Doc. 100], filed September 24, 2014;

8. Defendants' Supplemental Brief to Briefing to Support of Defendants' Notice to the Putative Class and Questionnaire Pursuant to Local Rule 7.1(d) [Doc. 101], filed October 14, 2014;

9. Plaintiffs' Motion to Strike Defendants' Supplemental Brief to Briefing in Support of Defendants' Notice to the Putative Class and Questionnaire Pursuant to Local Rule 7.1(d) [Doc. 102] and Memorandum in Support [Doc. 103], filed October 21, 2014;

10. Defendants' Response to Motion to Strike Defendants' Supplemental Brief to Briefing in Support of Defendants' Notice to the Putative Class and Questionnaire Pursuant to Local Rule 7.1(d) [Doc. 107], filed November 7, 2014; and

11. Plaintiffs' Reply Brief in Support of Motion to Strike Defendants' Supplemental Brief to Briefing in Support of Defendants' Notice to the Putative Class and Questionnaire Pursuant to Local Rule 7.1(d) [Doc. 108], filed November 14, 2014.

All these filings purport to relate to the opt-in form issue that is before the Court. With exhibits, the parties' filings on this issue total three-hundred and fifty (350) pages.

Plaintiffs appear to be under the impression that the Court has simply delayed adjudicating this issue for months. To the contrary, the Court has been waiting for the parties to conclude their barrage of briefing. Rather than permitting the briefing in this matter to conclude with a simple motion/memorandum – response – reply sequence, the parties have presented the Court with sur-replies and what are essentially sur-sur replies. The Plaintiffs, for their part, filed

not only a sur-reply but also a Motion to Strike Defendants' Supplement on October 21, 2014, which extended the briefing well into November. The Court presumes that the parties' filings present important information to the Court and that the documents would not be filed if the request presented – for example, to strike the Defendants' supplemental briefing – was not worthy of full briefing and examination by the Court *prior* to the Court issuing a ruling on the underlying substantive issue. Moreover, it is worth noting that only ten (10) working days have elapsed since this briefing concluded.

The Plaintiffs note, and the Court is well-aware, that the statute of limitations period may be running on some putative plaintiffs' claims. However, the Plaintiffs themselves state, "At this time, the parties do not have a tolling agreement in place and Plaintiffs have not moved for, and the Court has not yet equitably tolled, the limitations period." [Doc. 109 at 3]. The Court cannot be expected to render a decision on three hundred and fifty pages of briefing in less than ten working days, because the Plaintiffs themselves have not moved for relief that may resolve their perceived conundrum.

Accordingly, and based upon the foregoing, the Court **FINDS** and **ORDERS** as follows:

1. Motion to Ascertain Status on the Court's Ruling Related to Court-Supervised Notice and Opt-In Plaintiff Consent Form **[Doc. 109]** is **GRANTED**. The Court states that the status of this case is: it appears that the parties (hopefully) concluded their briefing on the opt-in notices, opt-in forms, and ancillary issues on November 14, 2014, and this matter is now ripe for adjudication in due course, <u>see</u> E.D. Tenn. L.R. 7.2.

2. The Court finds that both the Plaintiffs and the Defendants far exceeded the parameters of briefing generally endorsed by the case law of this Circuit, <u>see</u> <u>Scottsdale Ins. Co. v. Flowers</u>, 513 F.3d 546, 553 (6th Cir. 2008), and the Local Rules of this District, <u>see</u> E.D.

Tenn. L.R. 7.1.  However, at this juncture the Court finds that the best course is for the Court to review the parties' filings and to afford them the weight it deems appropriate in deciding which opt-in notices and opt-in forms will be used.   Accordingly, the Motion for Leave to File Surreply **[Doc. 99]** is **GRANTED** and the Motion to Strike Defendants' Supplemental Brief **[Doc. 102]** is **DENIED**.

3.  If oral arguments will aid the Court in its decision, the Clerk of Court will send notice setting a hearing.  Otherwise, the Court will render a decision on the parties' filings as soon as practicable, <u>see</u> E.D. Tenn. L.R. 7.2.

**IT IS SO ORDERED**.

ENTER:

<u>    s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge