UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:13-CV-641-PLR-CCS |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Motion to Adopt Defendants' Version of the Notice to the Class and to Include Opt-In Survey with the Court-Supervised Notice to Opt-In Plaintiffs [Doc. 90], filed by Defendant Wyndham Vacation Resorts, Inc., and Wyndham Vacation Ownership, Inc., (collectively "Wyndham"). This motion has been fully and thoroughly briefed, see Doc. 110 (listing numerous filings), and the parties appeared before the undersigned on January 21, 2015, to present oral arguments on this motion. The Court finds that the motion is now ripe for adjudication, and for the reasons stated herein, it will be **GRANTED IN PART** and **DENIED IN PART**. Similarly, the parties' competing proposals for the notice of suit and opt-in form are **ACCEPTED IN PART** and **REJECTED IN PART.**

## I. BACKGROUND

On April 24, 2014, the undersigned entered a Report and Recommendation recommending that the Plaintiffs' Motion to Certify Collective Action be granted. The District Judge adopted this recommendation on August 21, 2014. The District Judge directed that the Plaintiffs file a proposed notice and opt-in form within five days of entry of the Court's Order, and Wyndham was permitted five days to respond to the Plaintiffs' proposal.

On August 21, 2014, the Plaintiffs filed their proposed notice and opt-in form [Doc. 85], and on August 26, 2014, Wyndham filed a competing proposed notice and opt-in form [Doc. 89]. On the same day, Wyndham filed the instant motion [Doc. 90]. The parties briefed this motion and ancillary issues related to the motion for approximately three months. Upon the conclusion of the parties' briefing, the Court set the issue for hearing.

The primary point of contention between the parties is whether Wyndham should be permitted to include questionnaire in the mailing to potential opt-in plaintiffs, along with the notice and opt-in form, [see Doc. 89-1]. Wyndham argues that this survey will expedite the litigation and allow the parties to gather information about the potential plaintiffs. The Plaintiffs oppose the use of the questionnaire and argue that it is premature discovery that is likely to chill participation in this suit. The parties also take issue with one another's proposed notices and opt-in forms, including: the formatting of the documents; the language and syntax of the documents; and the dates and deadlines contained in the documents.

## II. ANALYSIS

The Court will address the issues raised by the parties in turn.

### A. *Wyndham's Proposed Inclusion of a Questionnaire*

Generally, an initial mailing regarding an FLSA collective action includes: (1) a notice, advising the potential litigant of his or her ability to join the suit and (2) an opt-in form, which the potential litigant can use to join the suit. Wyndham has proposed that in this case a third document be included in the mailing: a six-page questionnaire, which from its introductory language appears to be mandatory.

Wyndham acknowledges that such questionnaires are not common-place, but Wyndham maintains that they have been used by courts in other cases. Wyndham argues that the use of the questionnaire may streamline litigation and enable it to craft its decertification motion.

The Plaintiffs have responded by asserting that the relief requested by Wyndham is extraordinary and amounts to permitting discovery prior to a potential litigant becoming a party to this suit. The Plaintiffs maintain that the requirement that the opt-in plaintiffs complete the questionnaire, without consultation of counsel, prior to joining the suit would discourage participation and be inconsistent with 29 U.S.C. § 216 and the Federal Rules of Civil Procedure.

The Court has thoroughly considered the parties' positions and the applicable case law on this issue. At the hearing, Wyndham's counsel relied heavily upon Rosenberg v. University of Cincinnati, 118 F.R.D. 591 (S.D. Ohio 1987), which he argued supported Wyndham's position that obtaining discovery before a litigant opts in is acceptable. Initially, the Court finds that Wyndham's reliance on an almost thirty-year-old case indicates that the use of the questionnaires is not as common place as Wyndham would have the Court believe. Second, the Court finds that Rosenberg devoted almost no discussion to the issue before the Court. The court in Rosenberg

3

addressed the defendant's motion to decertify a class of female faculty members. Id. at 591-96. The only mention of a questionnaire in Rosenberg is in the court's description of the case's procedural posture and its rulings, id. at 491-92, and where the court explained the procedure for decertifying the class, stating:

> In the present case, on Defendants' motion (Doc. # 60), notice of the class action was sent to women employed in faculty positions at the University of Cincinnati at any time between July 15, 1974 and December 15, 1977 by the Plaintiff. See Doc. # 66. Answered questionnaires which accompanied that notice were to be returned to the Clerk of Courts. See Entry of April 23, 1981 (Doc. # 65). Accordingly, because members of the former class who returned the questionnaires received notice of the initial class certification and may have relied upon being included in that class, the Court hereby orders that the Clerk of Courts send the notice of the decertification of this class action attached hereto to all individuals who returned the questionnaire by ordinary mail.

Id. at 596-97. This Court cannot find that this factual statement about a questionnaire having been sent, without any discussion of the particular circumstances of the case and the basis for sending the questionnaire, is persuasive authority in the instant case.

Instead, the Court finds the well-reasoned opinion in McCarthy v. Paine Webber Group, Inc., 164 F.R.D. 309 (D. Conn. 1995), which directly addresses whether a questionnaire could be sent to potential class members, to be persuasive on this issue. The court in McCarthy reasoned that requiring potential class members to complete a form during the initial notice stage was contrary to Rule 23 of the Federal Rules of Civil Procedure.[1] Id. at 313. This Court finds that the questionnaire proposed here would constitute an equally unacceptable condition precedent to joining the collective action, which is not consistent with 29 U.S.C. § 216.

---

[1] Rosenberg was also decided under Rule 23, rather than the FLSA, but for the purposes of this issue and given the lack of FLSA authority, the Court finds that the distinction between the Rule 23 mechanism and the FLSA mechanism is of little consequence.

4

The Court finds that the questions proposed by Wyndham are inappropriate. For example, Wyndham asks the opt-in plaintiffs to state every date on which the person failed to clock-in on time and the amount of time that was worked but underreported. Similarly, the questionnaire calls upon the opt-in plaintiffs to state every time that they were underpaid, who underpaid them, and the amount by which they were underpaid. Ordering an opt-in plaintiff to answer such questions without counsel and prior to joining this suit would be contrary to Rule 26 of the Federal Rules of Civil Procedure and unfair to the litigant. Moreover, questions like whether the person is currently employed by Wyndham and their prior positions with Wyndham can easily be answered by Wyndham itself once the opt-in form is received, without need for the opt-in plaintiff to provide such information through a questionnaire. Finally, the Court finds that the twenty questions, with multiple sub-parts, proposed by Wyndham are unduly burdensome given that discovery has not yet commenced in this case.

The Court also finds that the questionnaire takes an unacceptably harsh tone in threatening that incorrect or incomplete answers may constitute perjury or have a preclusive effect. The questionnaire states: "Please answer the following questions fully and completely to the best of your knowledge. If a full and complete answer will not fit in the space provided, you must be sure to add additional pages, as necessary, to ensure a full and complete answer."[2] [Doc. 89-1 at 8]. The questionnaire concludes by stating, "Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct." [Id. at 13]. The Court finds that these warnings and the threat of penalty of perjury are unacceptable in this case, where Wyndham proposes that these questions be answered without the benefit of advice of counsel and prior to complying with Rule 26 of the Federal Rules of Civil Procedure. At the hearing,

---

[2] The questionnaire then states that the applicable period is October 21, 2010 to October 21, 2013, which is incorrect and in direct contradiction to the District Judge's Order. This point is discussed more fully below.

5

counsel for Wyndham could not cite the Court to any case law supporting the service of such a questionnaire with threat of penalty of perjury.

Based upon the foregoing, including the record in this case and the applicable case law, the Court finds that Wyndham's request to serve a questionnaire with the notice of suit and opt-in form is not well-taken. Accordingly, it will be **DENIED**.

### B. *Objections to the Proposed Notices and Opt-In Forms*

The Court finds that the contents of the Plaintiffs' proposed notice and opt-in form are less problematic than the notice and opt-in form proposed by Wyndham. Therefore, the Plaintiffs' proposed notice and opt-in form [Doc. 85-1] shall be employed as the template for incorporating the following rulings and changes.

*1. Liability for Attorneys' Fees and Costs*

In its proposed notice, Wyndham includes various phrases and statements conveying to opt-in plaintiffs that they may be responsible for fees and costs in this suit. Plaintiffs dispute inclusion of this language and propose a contrary instruction on potential liability for fees and costs. The Court finds that neither Wyndham's proposed language,[3] nor the Plaintiffs' proposed language,[4] is appropriate. See Frye v. Baptist Mem'l Hosp., Inc., 507 F. App'x 506, 508 (6th Cir. 2012)("Because section 216(b) addresses only an award of costs to a prevailing plaintiff and neither section 216(b), nor any other provision of the FLSA precludes an award of costs to a prevailing defendant, the district court properly found that a prevailing defendant can recover costs under the FLSA."). Therefore, both parties' proposed language is **STRICKEN** from use in the notices.

---

[3] "It is the intention of Wyndham to seek the costs of defending this lawsuit from Plaintiffs." [Doc. 89-1 at 3].

[4] "If you choose to join this suit, . . . you cannot be required to pay [Wyndham's] costs or attorneys' fees whether Plaintiffs win or lose this suit. . . . The attorneys for Plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees."

6

Instead, the notice will state: "The attorneys proposed to act on your behalf have accepted this case on a contingency basis. Therefore, if you use these lawyers, you will not be required to pay any legal fees to these lawyers, unless there is a monetary recovery in this case. If there is a recovery, your lawyers will receive a portion of the proceeds in the amount deemed reasonable by the Court. If there is no recovery, the lawyers acting on your behalf will receive nothing. However, if Wyndham prevails, it is possible that Wyndham's lawyers will recover fees and costs, for which you may be responsible for a proportional share." The Court finds that this language is consistent with the case law of this District, see Doc. 41 in Bacon v. Subway Sandwiches & Salads, LLC, No. 3:14-CV-192-PLR-HBG; see also Doc. 23 in Hardesty v. Litton's, No. 3:12-CV-60-TAV-HBG, and the case law of this Circuit. The Court **ORDERS** that this language be used in the notice in this case.

2. *Participation in Discovery*

Wyndham proposes inclusion of language stating that an opt-in plaintiff may be required to respond to written discovery, participate in a deposition, and/or testify before the Court [Doc. 89-1 at 4]. Wyndham also notes the opt-in plaintiff's duty of truthfulness and candor [Id.]. While Plaintiffs initially objected to the inclusion of this language, the Plaintiffs' counsel withdrew their opposition at the hearing. Moreover, the Court has reviewed the language used and finds that it is reasonable. Accordingly, the Court **ORDERS** that the language regarding discovery participation proposed by Wyndham [Doc. 89-1 at 4] be included in the notice in this case.

3. *Opt-In Period*

In their proposed notice, Plaintiffs use an opt-in period of ninety days. [Doc. 85-1 at 4]. In their proposed notice, Wyndham uses an opt-in period of just thirty days [Doc. 89-1 at 3]. At

7

the hearing, Wyndham's counsel withdrew its opposition to the ninety-day period proposed by the Plaintiffs. The Court finds that a ninety-day opt-in period in this case is appropriate, and the Court **ORDERS** that the opt-in period be stated as **ninety (90) days** in the notice in this case.

4. *Potential Recovery Period*

Despite the District Judge endorsing a potential recovery period incorporating persons who worked from Wyndham between October 21, 2010 and October 31, 2013, [Doc. 84 at 3],[5] Wyndham changed this period to August 24, 2011 and October 23, 2013 in its purposed notice, [Doc. 89-1 at 1]. This change and apparent contravention of the District Judge's ruling is somewhat alarming and certainly improper. Wyndham made this change without moving the District Judge to reconsider her ruling or otherwise seeking relief from the previous Memorandum and Order.

At the hearing on January 21, 2015, Wyndham's counsel conceded that Wyndham did not have authority to make such a modification, and Wyndham conceded that, pursuant to the District Judge's Memorandum and Order, the potential recovery period was October 21, 2010 and October 31, 2013. Accordingly, the Court **ORDERS** that these dates be used in describing the collective action in the notice in this case.

5. *Anti-Retaliation Language*

Both parties suggest that the Court include anti-retaliation language in the notice stating: "Federal law prohibits an employer from firing you or taking any other adverse employment action against you because you have exercised your legal right to participate in this lawsuit." Plaintiffs also propose including an additional statement: "This means [Wyndham, its] owners

---

[5] It appears that there may be a typographical error in the District Judge's Memorandum and Order because the undersigned's Report and Recommendation, which was adopted in whole, identified the action period as October 21, 2010, to October 21, 2013, [Doc. 70 at 8]. However, the District Judge's Memorandum and Order states the action period as October 21, 2010, through October 31, 2013. Because the District Judge's Memorandum and Order is the operative document and because inclusive notice is preferable to less inclusive notice, the Court has used the period supplied by the District Judge herein.

8

officers, directors and/or any managers are forbidden from treating you differently because you participate in this lawsuit." [Doc. 85-1 at 5]. Wyndham proposes including the statement: "Retaliation by either the named or opt-in plaintiffs, against those who choose to opt-out, is also prohibited." [Doc. 89-1 at 5].

The Court finds that the first sentence, which both parties agree upon, likely covers all the opt-in plaintiffs need to know about retaliation when deciding whether to join this suit or not, and it shall be included in the notice. However, neither party has directed the Court to a persuasive legal basis for including its additional, proposed language, and therefore, the additional, proposed language will not be included in the notice. Accordingly, it is **ORDERED** that the notice in this case include only the first sentence quoted above: "Federal law prohibits an employer from firing you or taking any other adverse employment action against you because you have exercised your legal right to participate in this lawsuit."

6. *Contact Information*

The Plaintiffs did not include the contact information for Wyndham's counsel in its proposed notice, and while it is not apparent to the Court how the inclusion of this information will aid Wyndham or the opt-in plaintiffs,[6] the Plaintiffs were not able to articulate a sound basis for objecting to its inclusion. The Court finds that the language proposed by Wyndham on this issue is appropriate and suitable for use in this case. [Doc. 89-1 at 5-6]. However, the Court finds that Wyndham's proposal that its counsel's contact information be listed before the contact information for Plaintiffs' counsel is inappropriate.

---

[6] The Court takes no position at this time regarding the nature of any contact between Wyndham's counsel and a proposed opt-in plaintiff – including, but not limited to, whether or not such contact would result in a future conflict as to Wyndham's counsel, whether any legal advice that might be given would create an attorney-client relationship, or whether the contact would result in a conflict of interest.

Accordingly, it is **ORDERED** that the contact information for Wyndham's counsel shall be included in the notice in this case. The language itself should be consistent with the language proposed by Wyndham. However, the contact information for Wyndham's counsel shall appear after the contact information for Plaintiffs' counse.

*7.    Other Issues*

The Court finds that both parties propose to use a heading akin to a court-filed document. Consistent with the applicable case law,[7] the Court orders that the heading of the notice shall be abbreviated and modified to the following format:

**NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN**

AUTHORIZED BY THE HONORABLE PAMELA L. REEVES, UNITED STATES DISTRICT JUDGE,
FOR THE EASTERN DISTRICT OF TENNESSEE

**RE:**         FAIR LABOR STANDARDS ACT LAWSUIT,
              <u>Pierce v. Wyndham Vacation Resorts, Inc.</u>, No. 3:13-CV-641-PLR-CCS (E.D. Tenn.)

**TO:**         All present and former In-House, Front Line and Discovery Sales Representatives of Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc. (hereinafter referred to as "Wyndham"), who worked for Wyndham at any time between October 21, 2010 and October 31, 2013, at one or more of Wyndham's four Tennessee resorts.

**DEFENDANTS:** Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc.

**I.        INTRODUCTION**

. . . .

---

[7] See <u>Woods v. New York Life Ins. Co.</u>, 686 F.2d 578, 580 (7th Cir. 1982) ("[I]f the question meant to be asked is whether the notice should go out on court letterhead over the signature of a court official, we think the answer is no.")

The proposed opt-in form which currently lacks a clear heading shall be modified to include a similar, though abbreviated, heading. Specifically, the opt-in form must contain the case name and number for ease of reference.

Additionally, the undersigned suggests that for the convenience of the Court and the parties, the Plaintiff bundle the opt-in forms in groups prior to filing them. Plaintiffs' counsel may use their discretion in determining how often to file a group of opt-in forms, but the Court's expectation is that Plaintiffs' counsel will not file each completed opt-in form individually. Moreover, any notice of filing of the completed opt-in forms shall state in the notice the names of the persons whose consent forms are attached as exhibits to the notice.

### III. CONCLUSION

Based upon the foregoing, Wyndham's Motion to Adopt Defendants' Version of the Notice to the Class and to Include Opt-In Survey with the Court-Supervised Notice to Opt-In Plaintiffs **[Doc. 90]** is **GRANTED IN PART** and **DENIED IN PART**, and the parties' competing proposals for the notice of suit and opt-in form [Doc. 85-1; Doc. 89-1] are **ACCEPTED IN PART** and **REJECTED IN PART** to the extent stated above.

Plaintiffs' counsel **SHALL MODIFY** its proposed notice and opt-in form in a manner consistent with the rulings herein and file a copy of the same in the record, simply for the Court and opposing counsel's edification, within **seven (7) days** of the entry of this Memorandum and Order. Plaintiffs' counsel **SHALL MAIL** the notice and opt-in forms to potential plaintiffs as soon as practicable but no later than **thirty (30) days** following entry of this Memorandum and Order.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge