UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| | | |
|---|---|---|
| Jesse Pierce and Michael Pierce, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No.: 3:13-CV-641-PLR-CCS |
| Wyndham Vacation Resorts, Inc., and Wyndham Vacation Ownership, Inc., | ) ) ) | |
| *Defendants*. | ) | |

**Memorandum Opinion and Order**

This matter is before the Court for consideration of the plaintiffs' objection, [Doc. 117], to the Memorandum and Order entered by United States Magistrate Judge C. Clifford Shirley relating to the language to be included in the notice to the class. [R. 115]. The plaintiffs object to two separate parts of the notice. First, they object to language informing potential opt-in plaintiffs that they may be held responsible for Wyndham's legal fees and costs. Second, they object to the inclusion of the defense counsel's contact information in the notice. The parties have briefed their arguments extensively, and the matter is now ripe.

I.

Under Federal Rule of Civil Procedure 72(a), a district judge must consider objections and modify or set aside any part of an order that is clearly erroneous or contrary to law. In such a review, "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw.

1

Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Rule 72(a) provides "considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 298 (S.D. Ohio 1995) (quoting 7 *Moore's Federal Practice* ¶ 72.03). A district court may only overturn the magistrate's ruling as clearly erroneous if it is left with the definite and firm conviction that a mistake has been made. *Id.*

II.

A. Attorney's Fees Language

After the plaintiffs and defendants submitted competing notices for approval, the magistrate rejected the portions of both notices relating to attorney's fees and substituted his own. That portion of the notice reads as follows:

> The attorneys proposed to act on your behalf have accepted this case on a contingency basis. Therefore, if you use these lawyers, you will not be required to pay any legal fees to these lawyers, unless there is a monetary recovery in this case. If there is a recovery, your lawyers will receive a portion of the proceeds in the amount deemed reasonable by the Court. If there is no recovery, the lawyers acting on your behalf will receive nothing. *However, if Wyndham prevails, it is possible that Wyndham's lawyers will recover fees and costs, for which you may be responsible for a proportional share*.

[R. 115, Memorandum and Order, Page ID 1387] (emphasis added). The plaintiffs argue that inclusion of the italicized language is clearly erroneous and contrary to law for two reasons. First, they assert that opt-in plaintiffs cannot be responsible for the defendants' attorney's fees in a FLSA action. Second, the plaintiffs assert that, even if an opt-in plaintiff can be liable for attorney's fees or traditional costs, language regarding this liability should not be included in the court-supervised notice due to the chilling effect it would have on plaintiff participation.

2

While the plaintiffs initially argued that it is impossible for the defendants to recover costs and fees in FLSA actions, they later acknowledge that attorney's fees could possibly be awarded in extreme cases involving abuse of the judicial process. [R. 123, Page ID 1803]. Nevertheless, considering how unlikely it is for potential opt-in plaintiffs to eventually find themselves liable for a portion of the defendants' attorney's fees, the plaintiffs argue that the chilling effect of the attorney's fees notice outweighs need to provide potential opt-in plaintiff's with complete information. To the contrary, the defendants argue that potential plaintiffs should be given enough information about their rights and obligations to allow them to make informed decisions about whether to participate in the action.

Across the country, courts are divided on this issue. Both the plaintiffs and the defendants cite persuasive authority in support of their positions, but there is no controlling authority either way. Rule 72 provides considerable deference to the magistrate's decisions. The language adopted by the magistrate is not overly harsh, confusing, or likely to have an *in terrorem* effect on potential opt-in plaintiffs. There being no binding law foreclosing the inclusion of such language, this Court cannot conclude that the magistrate clearly erred. The plaintiffs' objection to this language will be overruled.

B. Defense Counsel's Contact Information

The plaintiffs also argue that the magistrate's decision to include defense counsel's contact information in the notice is clearly erroneous or contrary to law. The plaintiffs correctly note that many courts have considered this issue and concluded that it is inappropriate to include defense counsel contact information in a court-supervised notice. *See, e.g., Cryer v. Intersolutions, Inc.*, 2007 WL 1053214, *3 (D.D.C. Apr. 7, 2007) ("The Court also sees no reason to include defense counsel [contact information] on the class notice. Defense counsel does

3

Case 3:13-cv-00641-PLR-CCS   Document 125   Filed 06/01/15   Page 3 of 4   PageID #: 1825

not play a role in managing the distribution of the notice or the gathering of consent forms. Including additional lawyers only creates the potential for confusion of those who receive the notice.").

On the other hand, there are other courts that have concluded that a defendant's request to include defense counsel's contact information on the court-supervised notice is reasonable. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 451 (S.D.N.Y. 2011) ("Defendant's request to include defense counsel's contact information is also reasonable, and the notice should be so amended"). As with the magistrate's decision to include language on the recovery of fees and costs, the plaintiffs have not cited any controlling authority holding that the inclusion of defense counsel's contact information in a court-supervised notice is clearly erroneous or contrary to law. Accordingly, this objection will be overruled.

III.

For these reasons, the plaintiff's objections to the magistrate judge's ruling [R. 117] are **Overruled**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**