UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:13-CV-641-PLR-CCS |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Stay Discovery [Doc. 133], in which Defendants Wyndham Vacation Resorts, Inc., and Wyndham Vacation Ownership, Inc., (collectively "Wyndham"), move the Court to stay all discovery in this case until the United States Supreme Court issues a ruling in <u>Tyson Foods, Inc. v. Bouaphakeo</u>, 765 F. 3d 791 (8th Cir. 2014), cert. granted, 2015 U.S. LEXIS 3860, 83 U.S.L.W. 3888 (Jun. 8, 2015) (No. 14-1146). The Plaintiffs have responded in opposition to Wyndham's motion, [Doc. 139], and Wyndham has filed a final reply, [Doc. 141].

The parties appeared before the undersigned on September 15, 2015, to present oral arguments on the request to stay, and for the reasons more fully stated on the record, the Court found that Wyndham's motion should be denied. Specifically, the Court found that the outcome

of the Court's decision in Tyson was not so likely to affect discovery in this case that it constitutes good cause for staying discovery in this case. Moreover, the Court found that this case has been pending for almost two years and found that further delays in discovery are both undesirable and inappropriate, see Fed. R. Civ. P. 1. Accordingly, the Motion to Stay Discovery **[Doc. 133]** is **DENIED**.

After announcing its ruling, the Court conducted a conference to address the status of discovery in this case and to identify targeted discovery that could aid this case in moving toward disposition. Based upon the parties' agreements and the Court's findings during this conference, it is **ORDERED**:

1. Plaintiffs **SHALL**:
    a. Make the following plaintiffs available for depositions on or before **December 6, 2015**: Jesse Pierce, Michael Pierce, Craig Thrift, David Nelon, Garnett Thomas, and Charlie Griffin.
    b. Provide initial disclosures for these persons, including a specific computation of damages, to Wyndham's counsel on or before **October 16, 2015**.
    c. Provide a statement of their claimed overtime during the relevant period, starting October 23, 2015, to Wyndham's counsel on or before **November 20, 2015**.
2. Defendants **SHALL**:
    a. Make David Labelle and Kyle Smith, two current employees of Wyndham, available for depositions on or before **December 13, 2015**:

b. Cooperate in Plaintiffs' counsel's attempts to depose John Geissberger and Dottie Justice, two former employees of Wyndham. These depositions shall also be completed on or before **December 13, 2015**.

c. Provide initial disclosures to Plaintiffs' counsel on or before **October 16, 2015**.

d. Provide Plaintiffs' counsel with the agreed-upon, pertinent portions of the personnel files of John Geissberger and Dottie Justice on or before **November 20, 2015**.

e. Provide a statement of the net operating income for all four of the Wyndham properties at issue in this case from 2008 to 2010 to Plaintiffs' counsel on or before **November 20, 2015**.

**IT IS SO ORDERED**.

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge