IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:13-cv-00641-PLR-CCS |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO ACCEPT THE LATE-FILED CONSENTS
OF PAMELA HALEY, ROBERT DERRICK AND LEE JOHNSON**

## I.   INTRODUCTION

The Plaintiffs moved to extend the date for filing four opt-in consent forms. The Defendants oppose this motion. The filing date was set by the Magistrate Judge's order of February 11, 2015, Docket Entry No. 115, which was later affirmed by the District Court Judge on June 1, 2015 (Docket Entry No. 125) after an unsuccessful appeal by Plaintiffs. Pursuant to these orders, putative Plaintiffs were required to file an executed opt-in consent form by August 31, 2015 to become a party in this lawsuit.

Prior to the expiration of the cutoff date to file consents, the Plaintiffs did not seek an extension or show good cause for an extension of the August 31, 2015 cutoff date. The cutoff date was nearly two years beyond the date of the filing of the Complaint in this matter. Defendants oppose an extension of this date for the reasons that follow.

## II.    FACTS

### A.  September 14, 2014 Motion

On September 14, 2014, the Plaintiffs moved the court to reopen the period for the filing of the consents to allow the consent form of Mark C. Turner to be entered (Docket Entry No. 144). In this motion, Plaintiffs' counsel claims that Turner mailed the consent to counsel on August 28, 2015 but it was not received by the counsel until twelve days later on September 9, 2015 when it was promptly filed. Notably, these facts are only supported by the hearsay declaration of paralegal Jennifer Council who testifies as to when she received the consent form, not when her office received the consent form. Ms. Council does not indicate how she knows when Mr. Turner signed the consent form, or when it was received by the office nor is there any indication that she would be in a position to know these facts. Nothing in the motion or supporting documents state facts supporting the viability of Mr. Turner's claim. (See Defendants' Response to Mark C. Turner's Motion, Docket Entry No. 150).

### B.  October 22, 2015 Motion

    1.  Pamela Haley's Contention.

A second motion to file late opt-in consent forms was filed by Plaintiffs' counsel on October 22, 2015 (Docket Entry No. 157). This motion is different than the first in that in the case of Pamela Haley, the consent itself was not signed until October 4, 2015, well after the filing cutoff date of August 31, 2015. The consent was received by Plaintiffs' counsel on October 5, but it was not filed by Plaintiffs' counsel for another seventeen days, October 22, 2015. There is no explanation for the elapsed time.

2. Robert Derrick's Contention.

In the case of Mr. Derrick, he allegedly signed the consent form on August 18, 2015 and allegedly, apparently through no fault of his own, the document was returned to him. He emailed the consent form to Plaintiffs' counsel on October 1, 2015. Counsel then failed to seek to file the form for twenty-one days thereafter, filing it with the second motion for extension on October 22, 2015. Notably, Mr. Derrick was employed at the "Pigeon Forge" location for only eight months in 2013, a period two years prior to filing of the consent form.

3. Lee Johnson's Contention.

In the case of Mr. Johnson, he likewise did not sign the opt-in form until after the August 31, 2015 cutoff date (October 19, 2015). However, the more troubling aspect of Mr. Johnson's motion is contained in Paragraph 3 of his declaration which states in part:

> I was hired by Wyndham Vacation Resorts, Inc. and/or Wyndham Vacation Ownership, Inc. ("Wyndham") on or about <u>July 10, 2011, as Sales Representative. I remained in that position until I was promoted to a management position in June of 2012.</u> I then left Wyndham in approximately June 2014. I worked at the Wyndham Great Smokies Lodge location in Tennessee as a Sales Representative and at the Destin, Florida location while in a management position.

(Emphasis added.)

In sum, Mr. Johnson's short period as a sales representative is totally time barred by the three-year limitations period since during much of the class period he was an exempt manager.

### III.   ARGUMENT

This is a case which has a long history of delay including, most recently, Plaintiffs' appeal of the Magistrate's order issuing notice. The Plaintiffs appeal was to no avail except to cause another delay in excess of three months. The peculiar facts of this case including the length of time this case has been pending, the lack of merit of the claims sought to be included,

3

and the lack of expediency in making the filing after the errors were discovered should be considered in respect to these requested extensions.

The "good cause" offered this Court in these cases strain credibility (*e.g.*, I didn't get my mail, I just heard about the lawsuit, I was not home, etc.). Further, the lack of urgency with which the issue was approached by counsel, incurring up to another twenty-one days in delay before attention was given the matter, likewise supports that Plaintiffs have not acted timely to correct the delay.

The FLSA provides the procedure for potential plaintiffs to opt-in to a collective action but does not specify when the potential plaintiff must opt-in. *Kimbrel v. D.E.A. Corp.*, 2015 U.S. Dist. LEXIS 38364, 2015 WL 1396898, at *2 (E.D. Tenn. March 26, 2015) (citing *Ruggles v. Wellpoint, Inc.*, 687 F.Supp.2d 30, 37 (N.D.N.Y. 2009)). Consequently, deadlines to opt-in are established by the trial court. *Id.*

Courts in the Sixth Circuit have utilized the following factors in determining whether to include opt-in plaintiffs whose consent forms are filed after the deadline: "(1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Id. See, Hurt v. Commerce Energy, Inc.*, 2014 U.S. Dist. LEXIS 14842, 2014 WL 494571, at *1 (N.D. Ohio Feb. 6, 2014) [*4]; *Heaps v. Safelite Solutions, LLC*, 2011 U.S. Dist. LEXIS 150313, 2011 WL 6749053, at *1 (S.D. Ohio Dec. 22, 2011).

In this case, Defendants have been required to produce over 80,000 pages of documents on Plaintiffs who have already joined the lawsuit. Many of the record searches are done as batch processes. The addition of the five opt-in Plaintiffs will increase the burden on Defendants to produce additional documents in additional time consuming searches. The documents at issue

4

include payroll files, personnel files, tour reports, wage statements, commission statements and the like. The benefit to these Plaintiffs in accepting their consents would be minimal since their claims are, for the most part, already time barred.

Accordingly, we request that Plaintiffs' motion be denied and that the Court's order requiring consents to be filed by August 31, 2015 be enforced.

Respectfully submitted,

s/ James R. Mulroy, II
James R. Mulroy II (TN Bar No. 000098)
O. John Norris, III (TN Bar No. 017504)
Colby S. Morgan, Jr. (TN Bar No. 005556)
JACKSON LEWIS P.C.
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: mulroyj@jacksonlewis.com
    norrisj@jacksonlewis.com
    colby.morgan@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

# CERTIFICATE OF SERVICE

       I hereby certify that I have this 2nd day of November, 2015, filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

> Martin D. Holmes (TN Bar No. 012122)
> Darrell L. West (TN Bar No. 005962)
> Dickinson Wright, PLLC
> Fifth Third Center
> 424 Church St., Suite 1401
> Nashville, TN 37219
> Email: MDHolmes@dickinsonwright.com
>
> Sherry D. O'Neal Taylor (Bar No. P62288)
> 500 Woodward Avenue, Suite 4000
> Detroit, MI 48226
> Phone: (313) 223-3500
> Facsimile: (313) 223-3598
> Email: soneal@dickinsonwright.com

                                        s/ James R. Mulroy, II
                                        *Counsel for Defendants*

4812-6759-5562, v. 1

6

Case 3:13-cv-00641-PLR-CCS   Document 159   Filed 11/02/15   Page 6 of 6   PageID #: 2330