IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

JESSE PIERCE and MICHAEL PIERCE,
on behalf of themselves and all others similarly situated,

       Plaintiffs,

v.                                      Civil Action No.: 3:13-cv-00641-PLR-CCS

WYNDHAM VACATION RESORTS, INC., and
WYNDHAM VACATION OWNERSHIP, INC.,

       Defendants.

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT ON THE CLAIMS OF WILLIAM
BENSLEY, CHAD BREECE, MICHAEL ANNE BUCHANAN, ADA DABOVAL,
JANICE DEIBEL, ROBERT DERRICK, SHELLIS EDWARDS, ADAM EVANS,
SARAH FRYE (BUCHANAN), KELLY GOKEY, LEE JOHNSON, WILLIAM
OWEN JOYNER, STEVEN LAYMAN, KARL LEWANSKI, LEVON MATOSSIAN,
KATHLEEN MCINTYRE, JAMES WALTER REID, AND GARY THORN**

## I.
## INTRODUCTION

Defendants Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc. ("Wyndham" or "Defendants"), pursuant to Fed. R. Civ. P. 56, have moved for summary judgment due to the expiration of the three-year limitations period on the claims of the following opt-in Plaintiffs:

- William Bensley ("Bensley"),

- Chad Breece ("Breece"),

- Michael Anne Buchanan ("Buchanan"),

- Ada Daboval ("Daboval"),

- Janice Deibel ("Deibel"),

- Robert Derrick ("Derrick"),

- Shellis Edwards ("Edwards"),

- Adam Evans ("Evans"),

- Sarah Frye (Buchanan) ("Frye"),

- Kelly Gokey ("Gokey"),

- Lee Johnson ("Johnson"),

- William Owen Joyner ("Joyner"),

- Steven Layman ("Layman"),

- Karl Lewanski ("Lewanski"),

- Levon Matossian ("Matossian"),

- Kathleen McIntyre ("McIntyre"),

- James Walter Reid ("Reid"), and

- Gary Thorn ("Thorn").

All of these Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") are barred by the three-year limitations period plus forty-six days of tolling agreed to by the parties.[1]

---

[1] The question of whether claims are barred by the applicable two-year limitations period is reserved until discovery is complete. The burden and elements of proof of "willfulness" are not relevant to this motion since we are assuming, for the purposes of this motion only, that Plaintiffs can meet their burden of proof on willfulness that is not an element of proof in respect to the three-year statute. The party alleging willfulness bears the burden of proof "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Richland Shoe*, 486 U.S. at 133, (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127, 105 S. Ct. 613, 83 L. Ed. 2d 523 (1985)); *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002); *Schneider v. City of Springfield*, 102 F.Supp.2d 827, 835 (S.D. Ohio 1999). The burden of establishing willfulness is an element of Plaintiffs' proof. Several demands have been made on Plaintiffs' counsel to stipulate to the dismissal of these individuals without response.

# II.
# APPLICABLE LAW

**A. Fair Labor Standards Act Three-Year Limitations Period.**

The statute of limitations for an FLSA claim is two years for a non-willful violation and three years for one that is willful. *See* 29 U.S.C. § 255(a). In an FLSA collective action, the applicable statute of limitations continues to run until the plaintiff files a written consent opting into the suit. Thus, a collective action suit begins for any individual plaintiff only: (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such in the court in which the action is brought; or (b) if such written consent is not so filed or if his name did not so appear − on the subsequent date on which such written consent is filed in the court in which the action was commenced. 29 U.S.C. § 256; *accord* 29 U.S.C. § 255 (action commenced once written consent filed). "For purposes of the statute of limitations, the filing of the written consent 'commences' an FLSA collective action." *Frye v. Baptist Mem. Hosp., Inc.*, 495 Fed. Appx. 669, 675 (6th Cir. Tenn. 2012). "An action 'commences' when the complaint is filed only for employees named as party plaintiffs in a complaint. For everyone else, an action doesn't 'commence' until a putative class member submits to the Court a written consent to join the collective action. *Id.* § 256(b). As a result, the statute-of-limitations clock continues to run—and unpaid-compensation claims may continue to shrink—until a putative class member consents to join the suit." *Thompson v. Direct Gen. Consumer Prods.*, 2014 U.S. Dist. LEXIS 28912 (M.D. Tenn. Mar. 5, 2014) (citing 29 U.S.C. § 256(a) & (b)).

**B. Plaintiffs Cannot Establish Equitable Tolling of Their Claims.**

The doctrine of equitable tolling permits a plaintiff to avoid a time-bar if "despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Archer*

*v. Sullivan County, Tenn.*, 1997 U.S. App. LEXIS 33052 at *10-11 (6th Cir. Nov. 14, 1997) (FLSA collective action). Factors to be considered in this determination include: (1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights. *See also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

As illustrated in *Archer,* this is a heavy burden. In Archer, the employer had not posted the FLSA employee notices required by the Department of Labor. The Sixth Circuit declined to toll the limitations period, holding that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Archer*, at *10-11. Because the statute existed, and the plaintiffs knew that they weren't receiving overtime, the court held that there was no reason to toll the statute. *Id*. at *12. *See also Abadeer v. Tyson Foods, Inc.*, 2010 U.S. Dist. LEXIS 136978, at *12-13 (M.D. Tenn. Dec. 14, 2010); *Baden-Winterwood v. Life Time Fitness,* 484 F. Supp. 2d 822, 826, 827, 828, 829 (S.D. Ohio, 2007), citing *Archer*: "[T]he Sixth Circuit in an unpublished decision has recognized that the mere existence of the FLSA statute provides plaintiffs with constructive notice of their rights under the FLSA and the filing deadlines.").[2] Accordingly, the burden is upon these Plaintiffs to establish that they are entitled to the benefit of equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Jackson v. United States*, 751 F.3d 712, 718-719 (6th Cir. 2014), - a burden the Plaintiffs cannot meet.

---

[2] *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) (application "is usually very much restricted"); *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981) (appropriate only "in limited circumstances"); *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001) ("It is well-established that equitable tolling should be granted only sparingly."); *Atkinson v. TeleTech Holdings, Inc.*, 2015 U.S. Dist. LEXIS 23630 (S.D. Ohio Feb. 26, 2015) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (tolling is to be used sparingly, and generally "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.").

# III.
# APPLICATION OF LAW TO THESE PLAINTIFFS

### A. Plaintiff William Bensley

Bensley's last day of work for Defendants was November 2, 2011. He was a sales representative at one of Defendants' Tennessee job sites between March 7, 2011, and November 2, 2011. He did not opt into this lawsuit until June 30, 2015. *SOF, ¶¶ 4-5*. Including the three-year limitations period and the agreed upon tolling period, the limitations period on Bensley's claims expired on May 15, 2012. *SOF, ¶ 41*. Bensley's allegations all concern dates prior to May 15, 2012, and are thus time-barred. His claims therefore should be dismissed.

### B. Plaintiff Chad Breece

Breece's last day of work for Defendants was March 13, 2012. He was a sales representative at one of Defendants' Tennessee job sites between August 8, 2011, and March 13, 2012. He did not opt into this lawsuit until August 28, 2015. *SOF, ¶¶ 6-7*. Including the three-year limitations period and the agreed upon tolling period, the limitations period on Breece's claims expired on July 13, 2012. *SOF, ¶ 41*. Breece's allegations all concern dates prior to July 13, 2012, and are thus time-barred. His claims therefore should be dismissed.

### C. Plaintiff Michael Anne Buchanan

Buchanan's last day of work for Defendants was May 30, 2011. Buchanan was a sales representative at one of Defendants' Tennessee job sites between October 21, 2010, and May 30, 2011. Buchanan did not opt into this lawsuit until August 21, 2015. *SOF, ¶¶ 8-9*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Buchanan's claims expired on July 6, 2012. *SOF, ¶ 41*. Buchanan's allegations all concern dates prior to July 6, 2012, and are thus time-barred. Buchanan's claims therefore should be dismissed.

### D. Plaintiff Ada Daboval

Daboval's last day of work for Defendants was July 11, 2011. She was a sales representative at one of Defendants' Tennessee job sites between March 14, 2011, and July 11, 2011. She did not opt into this lawsuit until July 17, 2015. *SOF, ¶¶ 10-11*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Daboval's claims expired on June 1, 2012. *SOF, ¶ 41*. Daboval's allegations all concern dates prior to June 1, 2012, and are thus time-barred. Her claim therefore should be dismissed.

### E. Plaintiff Janice Deibel

Deibel's last day of work for Defendants as a Tennessee sales representative was May 4, 2012. She was a sales representative at one of Defendants' Tennessee job sites between January 15, 2011, and May 4, 2012. She did not opt into this lawsuit until August 31, 2015. *SOF, ¶¶ 12-13*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Deibel's claims expired on July 16, 2012. *SOF, ¶ 41*. Deibel's allegations all concern dates prior to July 16, 2012, and are thus time-barred. Her claims therefore should be dismissed.

### F. Plaintiff Robert Derrick

Derrick's last day of work for Defendants was July 14, 2012. He was a sales representative at one of Defendants' Tennessee job sites between February 21, 2012, and July 14, 2012. He did not opt into this lawsuit until October 22, 2015. *SOF, ¶¶ 14-15*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Derrick's claims expired on September 6, 2012. *SOF, ¶ 41*. Derrick's allegations all concern dates prior to September 6, 2012, and are thus time-barred. His claims therefore should be dismissed.

### G. Plaintiff Shellis Edwards

Edwards' last day of work for Defendants was January 6, 2012. She was a sales representative at one of Defendants' Tennessee job sites between August 29, 2011, and January 6, 2012. She did not opt into this lawsuit until July 10, 2015. *SOF, ¶¶ 16-17*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Edwards' claims expired on May 25, 2012. *SOF, ¶ 41*. Edwards' allegations all concern dates prior to May 25, 2012, and are thus time-barred. Her claim therefore should be dismissed.

### H. Plaintiff Adam Evans

Evans' last day of work for Defendants as a Tennessee sales representative was December 8, 2011. He was a sales representative at one of Defendants' Tennessee job sites between October 17, 2011, and December 8, 2011. He did not opt into this lawsuit until July 24, 2015. *SOF, ¶¶ 18-19*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Evans' claims expired on June 8, 2012. *SOF, ¶ 41*. Evans's allegations all concern dates prior to June 8, 2012, and are thus time-barred. His claims therefore should be dismissed.

### I. Plaintiff Sarah Frye (Buchanan)

Frye's last day of work for Defendants was September 1, 2011. She was a sales representative at one of Defendants' Tennessee job sites between October 21, 2010, and September 1, 2011. She did not opt into this lawsuit until July 10, 2015. *SOF, ¶¶ 20-21*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Frye's claims expired on May 25, 2012. *SOF, ¶ 41*. Frye's allegations all concern dates prior to May 25, 2012, and are thus time-barred. Her claims therefore should be dismissed.

### J. Plaintiff Kelly Gokey

Gokey's last day of work for Defendants was June 7, 2011. She was a sales representative at one of Defendants' Tennessee job sites between March 14, 2011, and June 7, 2011. She did not opt into this lawsuit until July 31, 2015. *SOF, ¶¶ 22-23*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Gokey's claims expired on June 15, 2012. *SOF, ¶ 41*. Gokey's allegations all concern dates prior to June 15, 2012, and are thus time-barred. Her claims therefore should be dismissed.

### K. Plaintiff Lee Johnson

Johnson's last day of work for Defendants as a Tennessee sales representative was May 17, 2012. He was a sales representative at one of Defendants' Tennessee job sites between July 7, 2011, and May 17, 2012. He did not opt into this lawsuit until October 22, 2015. *SOF, ¶¶ 24-25*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Johnson's claims expired on September 6, 2012. *SOF, ¶ 41*. Johnson's allegations all concern dates prior to September 6, 2012, and are thus time-barred. His claims therefore should be dismissed.

### L. Plaintiff William Owen Joyner

Joyner's last day of work for Defendants was January 16, 2011. He was a sales representative at one of Defendants' Tennessee job sites between October 21, 2010, and January 16, 2011. He did not opt into this lawsuit until August 28, 2015. *SOF, ¶¶ 26-27*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Joyner's claims expired on July 13, 2012. *SOF, ¶ 41*. Joyner's allegations all concern dates prior to July 13, 2012, and are thus time-barred. His claims therefore should be dismissed.

### M. Plaintiff Steven Layman

Layman was terminated on July 5, 2011. His last day of work for Defendants was April 9, 2011 (he was on medical leave from April 10, 2011 through July 5, 2011). He was a sales representative at one of Defendants' Tennessee job sites between October 21, 2010 and April 9, 2011. He did not opt into this lawsuit until July 17, 2015. *SOF, ¶¶ 28-29*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Layman's claims expired on June 1, 2012. *SOF, ¶ 41*. Layman's allegations all concern dates prior to June 1, 2012, and are thus time-barred. His claims therefore should be dismissed.

### N. Plaintiff Karl Lewanski

Lewanski's last day of work for Defendants as a Tennessee sales representative was January 28, 2011. He was a sales representative at one of Defendants' Tennessee job sites between October 21, 2010, and January 28, 2011. He did not opt into this lawsuit until August 25, 2014. *SOF, ¶¶ 30-31*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Lewanski's claims expired on July 11, 2011. *SOF, ¶ 41*. Lewanski's allegations all concern dates prior to July 11, 2011, and are thus time-barred. His claims therefore should be dismissed.

### O. Plaintiff Levon Matossian

Matossian's last day of work for Defendants was January 5, 2011. He was a sales representative at one of Defendants' Tennessee job sites between October 21, 2010, and January 5, 2011. He did not opt into this lawsuit until August 25, 2014. *SOF, ¶¶ 32-33*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Matossian's claims expired on July 11, 2011. *SOF, ¶ 41*. Matossian's allegations all concern dates prior to July 11, 2011, and are thus time-barred. His claims therefore should be dismissed.

### P. Plaintiff Kathleen McIntyre

McIntyre's last day of work for Defendants was January 17, 2011. She was a sales representative at one of Defendants' Tennessee job sites between November 6, 2010, and January 17, 2011. She did not opt into this lawsuit until August 11, 2015. *SOF, ¶¶ 34-35*. Including the three year limitations period and the agreed upon tolling period, the limitations period on McIntyre's claims expired on June 26, 2012. *SOF, ¶ 41*. McIntyre's allegations all concern dates prior to June 26, 2012, and are thus time-barred. Her claims therefore should be dismissed.

### Q. Plaintiff James Walter Reid

Reid's last day of work for Defendants was July 21, 2011. He was a sales representative at one of Defendants' Tennessee job sites between October 21, 2010, and July 21, 2011. He did not opt into this lawsuit until March 25, 2015. *SOF, ¶¶ 36-37*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Reid's claims expired on February 8, 2012. *SOF, ¶ 41*. Reid's allegations all concern dates prior to February 8, 2012, and are thus time-barred. His claims therefore should be dismissed.

### R. Plaintiff Gary Thorn

Thorn's last day of work for Defendants as a Tennessee sales representative was March 9, 2012. He was a sales representative at one of Defendants' Tennessee job sites between May 9, 2011, and March 9, 2012. He did not opt into this lawsuit until July 31, 2015. *SOF, ¶¶ 38-39*. Including the three year limitations period and the agreed upon tolling period, the limitations period on Thorn's claims expired on June 15, 2012. *SOF, ¶ 41*. Thorn's allegations all concern dates prior to June 15, 2012, and are thus time-barred. His claims therefore should be dismissed.

# IV.
# CONCLUSION

For the forgoing reasons, Defendants request that the Court grant summary judgment to Defendants on the claims of the following 18 Plaintiffs: William Bensley, Chad Breece, Michael Anne Buchanan, Ada Daboval, Janice Deibel, Robert Derrick, Shellis Edwards, Adam Evans, Sarah Frye (Buchanan), Kelly Gokey, Lee Johnson, William Owen Joyner, Steven Layman, Karl Lewanski, Levon Matossian, Kathleen McIntyre, James Walter Reid, and Gary Thorn. Defendants further request that the cost of defending these matters, including attorneys' fees, be awarded to Defendants.

Respectfully submitted,

s/ James R. Mulroy, II
James R. Mulroy II (TN Bar No. 000098)
O. John Norris, III (TN Bar No. 017504)
Colby S. Morgan, Jr. (TN Bar No. 005556)
JACKSON LEWIS P.C.
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: mulroyj@jacksonlewis.com
   norrisj@jacksonlewis.com
   colby.morgan@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this 14th day of March, 2016, filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

>Martin D. Holmes (TN Bar No. 012122)
>Darrell L. West (TN Bar No. 005962)
>Dickinson Wright, PLLC
>Fifth Third Center
>424 Church St., Suite 1401
>Nashville, TN 37219
>Email: MDHolmes@dickinsonwright.com
>
>Sherry D. O. Taylor (Bar No. P62288)
>500 Woodward Avenue, Suite 4000
>Detroit, MI 48226
>Phone: (313) 223-3500
>Facsimile: (313) 223-3598
>Email: soneal@dickinsonwright.com
>
>*Attorneys for Plaintiffs*

                                          s/ James R. Mulroy, II
                                          *Counsel for Defendants*

4835-8114-8462, v. 1