**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, | ) ) ) ) | CASE NO. 3:13-cv-641 |
| Plaintiffs, | ) ) | District Judge: Pamela L. Reeves |
| | ) | Magistrate Judge: C. Clifford Shirley, Jr. |
| vs. | ) ) | |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., | ) ) ) | COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938 |
| Defendants. | ) ) | |

**CERTAIN OPT-IN PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THEIR INDIVIDUAL CLAIMS**

Come Opt-in Plaintiffs who are the subject of Defendants' Motion for Partial Summary Judgment (*Doc. 162*) and file this Response in Opposition.

## Introduction

Defendants' Motion for Partial Summary Judgment seeks a complete dismissal of the claims of eighteen (18) Opt-in Plaintiffs listed in Footnote 1 below (hereinafter "Opt-in Plaintiffs").[1] *See Docs. 162, Defs.' MSJ, pp. 1-2*. Defendants argue that Opt-in Plaintiffs' claims are barred by the FLSA's three-year limitation period, taking into account the forty-six days (46) of tolling agreed to by the parties. *Id., p. 2*.

As a preliminary matter, Defendants inaccurately state the total number of tolling days previously agreed to by the parties and/or order by the Court, which is actually *sixty-six (66) days*, not forty-six (46) days. As reflected in the record, Plaintiffs filed their Motion for Conditional

---

[1] The eighteen (18) Opt-in Plaintiffs who are the subject of Defendants' Motion for Partial Summary Judgment are: 1) William Bensley; 2) Chad Breece; 3) Michael Anne Buchanan; 4) Ada Daboval; 5) Janice Deibel; 6) Robert Derrick; 7) Shellis Edwards; 8) Adam Evans; 9) Sarah Frye Buchanan; 10) Kelly Gokey; 11) Lee Johnson; 12) William Owen Joyner; 13) Steven Layman; 14) Karl Lewanski; 15) Levon Matossian; 16) Kathleen McIntyre; 17) James Walter Reid; and 18) Gary Thorn.

Certification of this Matter as a Collective Action and Approval of 29 U.S.C. §216(b) Notice on January 14, 2014. *See Doc. 33, Pls.' MT.* Defendants' response in opposition was due on January 31, 2014, however, Defendants requested an extension which was approved by the Court. In so doing, the Court ordered that the limitations period for FLSA claims asserted by any putative class member who had not previously filed a consent form with the Court was tolled by forty-six (46) days, from January 31, 2014, to March 17, 2014. *See Doc. 46, 02/28/14, Order.*

On March 20, 2014, the Court entered a *second* Order extending the limitations period by an additional twenty (20) days, from March 17, 2014, to April 6, 2014. *See Doc. 59, 3/20/14 Order.* Thus, the Court has already ordered sixty-six (66) days of tolling.

For the reasons stated below, in addition to the 66 days of tolling already ordered by the Court, and based on the substantial delay between the filing of Plaintiffs' Motion for Conditional Certification on January 14, 2014, and its final disposition over 16 1/2 months later on June 1, 2015, the first thirteen (13) months of which were largely attributable to Defendants' self-serving efforts to delay final disposition, the Court should rule that Opt-in Plaintiffs are entitled to *an additional 270 days of tolling* during the period between April 24, 2014 (the date that the Magistrate Judge issued his Report and Recommendation granting Plaintiffs' Motion for Conditional Certification), and February 11, 2015 (the date that the Magistrate Judge entered his Memorandum and Order denying Defendants' Motion for a "survey" to accompany court-supervised notice to putative opt-in plaintiffs).

As stated in the Declarations of Opt-in Plaintiffs filed in conjunction with this Response, each Opt-in Plaintiff quickly contacted Plaintiffs' counsel upon learning about this lawsuit and his

or her potential rights under the FLSA, and thereafter, promptly joined this action by filing consents shortly thereafter.[2]

Based on the additional 277 days of requested tolling, the claims of the following Opt-in Plaintiffs are not time barred: 1) William Bensley; 2) Chad Breece; 3) Janice Deibel; 4) Robert Derrick; 5) Shellis Edwards; 6) Adam Evans; 7) Lee Johnson; 8) Karl Lewanski; 9) James Walter Reid; and 10) Gary Thorn. Further, Opt-in Plaintiff Karl Lewanski disputes the end employment date of January 28, 2011 stated by Defendants. To the contrary, Lewanski states in his Declaration that his end employment date as a Sales Representative was actually one (1) year later than Defendants allege, in late January or early February *2012*. *See Lewanski Decl*[3]. Based on this factual dispute, Mr. Lewanski's claim is not time barred, even if the Court denies Opt-in Plaintiffs' request for additional tolling.

Conversely, notwithstanding the already-ordered tolling of sixty-six (66) days, and the additional 277 days requested by Opt-in Plaintiffs, Opt-in Plaintiffs concede that based on employment records produced by Defendants to date,[4] the claims of the following eight (8) Opt-in Plaintiffs are still time barred: 1) Michael Anne Buchanan; 2) Ada Daboval; 3) Sarah Frye Buchanan; 4) Kelly Gokey; 5) William Owen Joyner; 6) Steven Layman; 7) Levon Matossian; and 8) Kathleen McIntyre. Based on the foregoing, Opt-in Plaintiffs do not oppose Defendants' Motion for Partial Summary Judgment as to the claims of these individuals.

---

[2] As reflected in the Declarations of Opt-in Plaintiffs, each learned about this lawsuit either upon receipt of the court-supervised notice (which was approved by the Court's June 1, 2015 Order and mailed shortly thereafter to putative opt-in plaintiffs), or through "word of mouth" prior to June 1, 2015.

[3] The Declaration of Karl Lewanski and other Opt-in Plaintiffs are being filed in a separate pleading contemporaneously with this Response.

[4] Despite outstanding discovery for over two (2) years requesting employment records on all Opt-in Plaintiffs, Defendants have slowly produced these documents, and some were not produced until they were attached as exhibits to Defendants' Motion for Partial Summary Judgment. Should subsequent discovery reveal that these records are inaccurate with respect to an Opt-in Plaintiffs' employment start/end date, Plaintiffs and Opt-in Plaintiffs reserve the right to seek relief from the Court.

As to the remaining ten (10) Opt-in Plaintiffs, for the reasons discussed above and in more detail below, the Court should deny Defendants' Motion for Partial Summary Judgment as to these individuals.

## Procedural History

Plaintiffs filed their Motion for Conditional Certification of this Matter as a Collective Action and Approval of 29 U.S.C. §216(b) Notice on January 14, 2014. *Doc. 33. Pls.' MT.* After extensions were granted, which included a tolling period for the claims of putative opt-in plaintiffs who had not previously filed consent forms with the Court, Defendants filed their Opposition to Plaintiffs' Motion for Conditional Certification on March 20, 2014. *Doc. 60, Defs.' Opposition.*

As the Court is aware, motions for conditional certification are routinely granted in FLSA under the two-step process, and based on the fairly lenient standard and the relatively modest showing that an employee must make initially in support of the conditional certification motion. In fact, as the April 15, 2014 hearing date approached on Plaintiffs' Motion, it appeared that Defendants would agree to conditional certification. When Plaintiffs attempted to resolve this matter by agreement, and further, attempted to work out the language that would be contained in the court-supervised notice to putative opt-in plaintiffs before the April 15, 2014 hearing, Defendants would not agree and indicated that if the Motion for Conditional Certification was argued, the parties would have to await the Magistrate Judge's opinion, and a possible appeal which could take months to resolve. *Ex. 1, April 11, 2014 emails to/from counsel.*

As expected, shortly after the April 15, 2014 hearing, the Magistrate Judge quickly issued his Report and Recommendation on April 24, 2014, granting Plaintiff's Motion for Conditional Certification in its entirety. *See Doc. 70, Report & Recommendation.* In so doing, the Magistrate Judge recognized the "fairly lenient" standard and requirement of only a "modest factual showing"

at the conditional certification stage that plaintiffs were similarly situated to putative opt-in plaintiffs. *Id., pp. 4-6.*

As promised, on May 8, 2014, Defendants filed their Objections to Magistrate's Report & Recommendation. *See Doc. 73, Defs.' Objections.* Further, as forecasted by Defendants' counsel, after a 3 1/2 month delay (and a 4 month delay after the Magistrate Judge's Report and Recommendation), the District Judge entered her Memorandum and Order denying Defendants' Objections and adopting the Magistrate's Report and Recommendation *in their entirety. Doc. 84, 08/21/14 Memorandum and Order.*

Thus, after the Magistrate Judge issued his Report and Recommendation on April 24, 2014, there was a four (4) month delay (122 days to be precise) caused *entirely* by Defendants' self-serving and meritless Objections. Based on the foregoing, Opt-in Plaintiffs request **122 days** of tolling caused by this unnecessary delay completely attributable to Defendants.

Moving forward, in the Court's August 21, 2014 Memorandum and Order, the Court ordered Plaintiffs to file their purposed notice and opt-in form within five (5) days, and further ordered that Defendants could respond or file a competing notice and opt-in form within five (5) days after Plaintiffs' filing. *Doc. 84, Memorandum and Order, p. 4.*

Plaintiffs filed their proposed notice and opt-in form *the very day* that the District Court entered its August 21, 2014, Memorandum and Order in an effort to avoid further delay. *Doc. 85, Pls.' Notice of Filing; Doc. 85-1, Pls.' Proposed Notice; and 85-2, Pls.' Proposed Consent Form.*

Five (5) days later, on August 26, 2014, Defendants filed their Notice of Filing Proposed Court-Supervised Notice and Opt-in Form, along with Defendants' proposed Notice and consent form. *Doc. 89, Defs.' Notice of Filing; Doc. 89-1, Defs.' Proposed Notice; and 89-2, Defs.' Proposed Consent Form.*

While any disputes between the parties regarding the contents of the notice and consent should have been quickly resolved by the Court, Defendants threw a self-serving "wrench" into the proceedings by requesting that the Court order that an unprecedented and legally unsupported "survey" accompany the court-supervised notice and consent forms mailed to putative opt-in plaintiffs, and further, that the completion and return of said "survey," along with documentation regarding their employment requested in the "survey," be a *condition precedent* to opting in and joining this lawsuit. *See Doc. 91, Defs.' Memo. in Support of MT to Adopt Defs.' Version of Notice and to Include Opt-in Survey with Court-Supervised Notice to Opt-in Plaintiffs; and Doc. 91-1, Defs.' Survey.*

Over the ensuing months, a plethora of pleadings were filed, largely centered around Defendants' self-serving and unprecedented request for a "survey," which not only served to delay proceedings and the ultimate mailing of notice to putative opt-in class members advising them of the lawsuit, their potential rights and the opportunity to join this action, but also sought to improperly chill and deter participation by essentially serving "pre-litigation" interrogatories and requests for production of documents on putative opt-in plaintiffs, and further, making the answers and production of documents a prerequisite to joining this action.

The delay caused by Defendants' conduct was substantial, culminating in the Court's Memorandum and Order over 5 1/2 months later on February 11, 2015, denying Defendants' unprecedented request for a survey to accompany court-supervised notice in its entirety. *Doc. 115, February 11, 2015 Memorandum and Order*.

A total of 174 days elapsed between the filing of Plaintiffs' proposed notice and consent form on August 21, 2014, and the Court's February 11, 2015 Memorandum and Order. Factoring in the five (5) days that the Court provided Defendants to file competing versions of the proposed notice, and further, hypothetically allowing the Court an twenty-one (21) days thereafter to review

6

the competing proposals and enter a memorandum and order resolving these issues, this leaves **148 days** (174-26=148) to which Opt-in Plaintiffs seek further tolling.

Thus, Opt-in Plaintiffs seek a total of **270 days** of additional tolling, 122 days attributable to the delay caused by Defendants' meritless objections to the Magistrate's Report and Recommendation granting conditional certification, and 148 days attributable to the delay caused by Defendants' unprecedented request that a "survey" accompany court-supervised notice containing questions and document production requests that the putative opt-in plaintiff must answer as a condition precedent to joining this action.

Finally, for clarity, Opt-in Plaintiffs' request for 270 days of additional tolling is above and beyond the sixty-six (66) days of tolling previously ordered by the Court during the period between January 31, 2014 and April 6, 2014.

<u>Law and Argument</u>

I.      **The Court Should Toll the Limitations Period of Opt-In Plaintiffs**

The express language of the FLSA does not prohibit equitable tolling. Further, unless expressly prohibited by Congress, the equitable power of a district court to toll the statute of limitations is read into every federal statute. *See U.S. v. $57,960.00 in U.S. Currency*, 58 F.Supp.2d 660, 664 (D.S.C. 1990)(*citing Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1946)).

Courts have specifically held that the FLSA is subject to equitable tolling. *See e.g., Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187–88 (6th Cir.2008)(FLSA is subject to the doctrine of equitable tolling). While Defendants argue that equitable tolling should be "sparingly" granted, district courts have often held that FLSA claims were tolled. *See e.g. Abadeer v. Tyson Foods, Inc.*, 2010 WL 5158873 (M.D. Tenn. Dec. 14, 2010);[5] *Baden-Winterwood v. Life Time Fitness*, 484 F.Supp.2d 822 (S.D. Ohio 2007); *Yahraes v. Restaurant Associates Events Corp.*, 2011

---

[5]   The unreported decisions cited in Opt-in Plaintiffs' Response are attached hereto.

WL 844963 (E.D.N.Y. Mar. 8, 2011); and *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172 at *1 (E.D. La. Apr. 20, 2009)(collecting cases showing "[c]ourts routinely grant equitable tolling in the FLSA collective action context.").

First, courts have found that even normal and *ordinary* delays between the filing of a motion for conditional certification in an FLSA action and the order ruling on said motion constitutes "extraordinary circumstances" to justify equitable tolling. *See McGlone v. Contract Callers, Inc.*, 867 F.Supp.2d 438 (S.D.N.Y. 2012). In *McGlone*, the district court granted plaintiffs' motion for equitable tolling, noting that "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed 'an extraordinary circumstance' justifying application of the equitable tolling doctrine." *Id.* at 445. Indeed, in deciding to toll the limitations period contained in the FLSA, the court noted that "[w]hile plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing the claims should not be penalized due to the court's heavy dockets and understandable delays in rulings." *Id.* at 445.

Similarly, in *Yahraes*, *supra*, the court specifically ruled that the delay caused during the filing and briefing process of plaintiffs' motion for conditional certification constituted an "extraordinary circumstance" justifying application of the equitable tolling doctrine. *Yahraes*, 2011 WL 884963 at *2.

Second, as to the time delay attributable determining the contents of an appropriate court-supervised notice, courts have also granted equitable tolling requested by plaintiffs. In *Abadeer v. Tyson Foods, Inc.*, 2010 WL 5158873 (M.D. Tenn. Dec. 14, 2010), plaintiffs moved for equitable tolling to extend the FLSA limitation period during the time period that it took the court to resolve issues related to the disputes between the parties regarding the content of the court-supervised notice and the entry of an order related to same. The court specifically held that defendants were

8

"not prejudiced given their opposition to certification and the Defendants' disputes about the appropriate notice form as well as the Defendants' appeal of the Order certifying this action." *Id.*, at *3.

Similarly, the court in *Baden-Winterwood v. Life Time Fitness*, 484 F.Supp.2d 822, 826 (S.D. Ohio 2007), found that tolling the statute of limitations for the FLSA claims was appropriate based upon the "the time that plaintiff's lost pursuing their rights" while the parties were unable "to reach an agreement on how to best provide notice to potential plaintiffs." *Id*. at 828.[6]

In this case, Plaintiffs have been diligent in prosecuting this action on behalf of themselves, Opt-in Plaintiffs, and putative opt-in plaintiffs. Plaintiffs filed their Motion for Conditional Certification shortly after the filing of the lawsuit asking the Court to conditionally certify the case as a collective action under the FLSA, and further, to issue court-supervised notice to putative opt-in plaintiffs.[7] Thereafter, Plaintiffs diligently pursued this action on behalf of putative opt-in plaintiffs, responding to Defendants' Opposition to conditional certification, responding to Defendants' meritless Objections to the Magistrate Judge's Report and Recommendation granting Plaintiffs' Motion, and the ensuing battle over the unprecedented request for a "survey" and Defendants' proposed notice and consent form.

First, although supported by the case law above, Opt-in Plaintiffs *do not* seek tolling based on the amount of time between Defendants' filing of their response in opposition to Plaintiffs'

---

[6] In their Memorandum, Defendants mischaracterized the court's holding in *Baden-Winterwood*, *supra*. Contrary to the contentions in Defendants' Memorandum, *Doc. 163, p. 4*, the *Baden-Winterwood* court declined to follow the holding in the unpublished opinion of *Archer v. Sullivan County, Tenn.*, 1997 U.S. App. LEXIS 33052 (6th Cir. Nov. 14, 1997), finding that "if the mere existence of a law suffices to impart constructive notice, an inquiry into the notice factors would be meaningless." *Baden-Winterwood, supra* at 828. As a result, the court gave "little weight to the fact that the mere existence of the FLSA placed plaintiffs on constructive notice of the filing requirement." *Id*.

[7] As the Court is aware, the FLSA permits an employee to file an action on behalf of similarly situated former and current employees, and further provides a mechanism for notice to putative class members. One *primary* purpose of the notice mechanism is to formally apprise former and current employees about the action, their potential rights under the FLSA, and an opportunity to join. Thus, one major policy reason behind the FLSA is to advise employees of their potential legal rights and possible claims to recover unpaid wages based on a violation of the FLSA.

9

Motion for Conditional Certification on March 20, 2014, and the issuance of the Court's Report and Recommendation granting Plaintiffs' Motion for Conditional Certification on April 24, 2014, although Plaintiffs would welcome such additional tolling if the Court is so inclined. Instead, Opt-in Plaintiffs seek tolling only for the delay *after* April 24, 2014, caused solely by Defendants' meritless Objections to the Magistrate's Report and Recommendation, which were rejected in their entirety on August 21, 2014, when the District Judge issued her Order denying Defendants' Objections and adopting the Magistrate Judge's Report and Recommendation it is entirety.

Second, Opt-in Plaintiffs *do not* seek tolling between Plaintiffs' filing of their proposed notice and opt-in form on August 21, 2014, the Defendants' filing of their proposed notice and opt-in form on August 26, 2014, and a reasonable period of time (21 days) for the Court to resolve the conflicts in the competing proposals of the parties, although again, the case law cited above supports such a request. Again, if the Court is so inclined to add this to the tolling period based on the case law above, Opt-in Plaintiffs would welcome such additional time.

Instead, Opt-in Plaintiffs seek tolling only for the delay between the filing of Defendants' unprecedented, frivolous and self-serving Motion seeking a "survey" to accompany court-supervised notice to putative opt-in plaintiffs, and further, making the completion and submission of the "survey," along with the production of documents, a prerequisite to joining the action. As discussed above, Defendants' request and positions were in complete disregard to the plain language contained in the FLSA (supported by long-standing case law), providing opt-in plaintiffs an *unfettered* right to join an FLSA action *simply by filing a consent*. Further, as the Court is well-aware, case law is well established which prohibits or severely limits written discovery to opt-in plaintiffs, and Defendants provided *no authority whatsoever* during the course of briefing for the request to propound and serve written discovery on *putative* opt-in plaintiffs, not only requiring

them to answer numerous questions and produced voluminous documents, but further requiring them to do so as a *prerequisite* to joining an action.

Thus, Opt-in Plaintiffs are well within their rights and justified to seek additional tolling from September 15, 2014 (21 days after Defendants filed their competing proposed notice and consent form), and the Magistrate Judge's Order denying Defendants' unprecedented request that a "survey" accompany court-supervised notice on February 11, 2015.

Third, Opt-in Plaintiffs do not seek tolling during the period between February 11, 2015, when the Magistrate Judge issued his Memorandum and Order, and the District Court's June 1, 2015.

Finally, while a litigant seeking equitable tolling bears the burden of establishing that that he has been pursuing his rights diligently, Opt-in Plaintiffs have shown by way of the Opt-in Plaintiffs' Declarations submitted in support of this Opposition that they were indeed diligent. Opt-in Plaintiffs consistently state that once they learned about this lawsuit and their potential rights, they quickly joined this action by filing their respective consents.

Based on the foregoing, Opt-in Plaintiffs are entitled to the additional tolling as outlined above.

## II. A Factual Dispute Exists Regarding the End-Employment Date of Opt-in Plaintiff Karl Lewanski

In support of their Motion, Defendants argue that Opt-in Plaintiff Karl Lewanski's employment as a Sales Representative ended on January 28, 2011, and because Mr. Lewanski's Consent was not filed until August 25, 2014, his claims are time barred. According to Mr. Lewanski, however, he continued to work as a Sales Representative throughout 2011 and until late January or early February *2012. See Lewanski Decl.*

11

Based on the foregoing, a factual dispute exists regarding the end date of Mr. Lewanski's employment as a Sales Representative. Even assuming that the Court rejects Opt-in Plaintiffs' argument for additional tolling, Mr. Lewanski's consent was filed approximately 2 years, 7 month later after his employment as a Sales Representative ended in late January/early February 2012; and thus, his claims are not completely time barred. Accordingly, the Court should deny Defendants' Motion as it relates to Mr. Lewanski.

## **CONCLUSION**

Based on the foregoing, the Court should deny Defendants' Motion for Partial Summary with respect to Opt-in Plaintiffs William Bensley, Chad Breece, Janice Deibel, Robert Derrick, Shellis Edwards, Adam Evans, Lee Johnson, Karl Lewanski, James Walter Reid Gary Thorn.

Respectfully submitted,

DICKINSON WRIGHT PLLC
By: /s/ Martin D. Holmes
      Martin D. Holmes, # 012122
      Darrell L. West, # 005962
      Fifth Third Center, Suite 1401
      424 Church Street
      Nashville, TN 37219
      Phone: (615) 244-6538
      mdholmes@dickinsonwright.com
      dwest@dickinsonwright.com

      Sherry D. O. Taylor # P62288
      500 Woodward Avenue, Suite 4000
      Detroit, MI 48226
      Phone: (313) 223-3500
      soneal@dickinsonwright.com

*Attorneys for Plaintiffs and Opt-In Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2016, a true and correct copy of the foregoing has been served on the following individuals consenting to electronic service by operation of the Court's electronic filing system:

James R. Mulroy, II
O. John Norris, III
Colby S. Morgan, Jr.
JACKSON LEWIS LLP
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
mulroyj@jacksonlewis.com
norrisj@jacksonlewis.com
morganc@jacksonlewis.com

William J. Anthony
JACKSON LEWIS LLP
18 Corporate Woods Boulevard
Albany, NY 12211
anthonyw@jacksonlewis.com

Paul DeCamp
JACKSON LEWIS LLP
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
decampp@jacksonlewis.com

/s/ Martin D. Holmes
Martin D. Holmes

NASHVILLE 57404-1 564705v1