IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---

JESSE PIERCE and MICHAEL PIERCE,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.                                 Civil Action No.: 3:13-cv-00641-PLR-CCS

WYNDHAM VACATION RESORTS, INC., and
WYNDHAM VACATION OWNERSHIP, INC.,

      Defendants.

---

### REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE CLAIMS OF WILLIAM BENSLEY, CHAD BREECE, MICHAEL ANNE BUCHANAN, ADA DABOVAL, JANICE DEIBEL, ROBERT DERRICK, SHELLIS EDWARDS, ADAM EVANS, SARAH FRYE (BUCHANAN), KELLY GOKEY, LEE JOHNSON, WILLIAM OWEN JOYNER, STEVEN LAYMAN, KARL LEWANSKI, LEVON MATOSSIAN, KATHLEEN MCINTYRE, JAMES WALTER REID, AND GARY THORN

---

### I.
### INTRODUCTION

Plaintiffs have conceded that the claims of Michael Anne Buchanan, Ada Daboval, Sarah Frye (Buchanan), Kelly Gokey, William Owen Joyner, Steven Layman, Levon Matossian, and Kathleen McIntyre are time-barred. Defendants are submitting herewith an order of dismissal with prejudice of those claims. (*Exhibit A hereto*). Because the equitable-tolling arguments Plaintiffs make in response to the Motion for Partial Summary Judgment filed by Defendants are without merit, Defendants contend that the claims of William Bensley, Chad Breece, Janice Deibel, Robert Derrick, Shellis Edwards, Adam Evans, Lee Johnson, Karl Lewanski, James Walter Reid, and Gary Thorn, should be dismissed, as well.

# II.
# ARGUMENT

## A. Defendants Agree That The Total Days Tolled Were 66, Not 46.

Defendants admittedly failed to take into account the second period of tolling ordered by the Court in this matter. It was through mere inadvertence that this period of time was not included in Defendants' previous calculations. Nevertheless, even assuming a three-year statute of limitations, and adding those additional 20 days, the claims of all of the remaining Plaintiffs subject to this Motion are still time-barred:

| PLAINTIFF'S NAME | EMPLOYMENT DURING CLASS PERIOD | OPT-IN DATE | Tolling Start | # of Days Tolled | Tolling End | Expiration of Limitations Period (under 3-year SOL) |
|---|---|---|---|---|---|---|
| Bensley, William | 03/07/11 - 11/02/11 | 06/30/15 | 01/31/14 | 66 | 04/06/14 | 04/25/12 |
| Breece, Chad | 08/08/11 - 03/13/12 | 08/28/15 | 01/31/14 | 66 | 04/06/14 | 06/23/12 |
| Deibel, Janice | 01/15/11 - 05/04/12 | 08/31/15 | 01/31/14 | 66 | 04/06/14 | 06/26/12 |
| Derrick, Robert | 02/21/12 - 07/14/12 | 10/22/15 | 01/31/14 | 66 | 04/06/14 | 08/17/12 |
| Edwards, Shellis | 08/29/11 - 01/06/12 | 07/10/15 | 01/31/14 | 66 | 04/06/14 | 05/05/12 |
| Evans, Adam | 10/17/11 - 12/08/11 | 07/24/15 | 01/31/14 | 66 | 04/06/14 | 05/19/12 |
| Johnson, Lee | 07/11/11 - 05/17/12 | 10/22/15 | 01/31/14 | 66 | 04/06/14 | 08/17/12 |
| Lewanski, Karl | 10/21/10 - 01/28/11 | 08/25/14 | 01/31/14 | 66 | 04/06/14 | 06/21/11 |
| Reid, James Walter | 10/21/10 - 07/20/11 | 03/25/15 | 01/31/14 | 66 | 04/06/14 | 01/19/12 |
| Thorn, Gary | 05/09/11 - 03/09/12 | 07/31/15 | 01/31/14 | 66 | 04/06/14 | 05/26/12 |

*See Exhibit B, Supplemental Declaration of Mandi Benson*.

## B. Plaintiffs Have Not Met Their Burden Of Satisfying The Supreme Court's Two-Prong Test For Any Additional Tolling.

The essence of Plaintiffs' argument is that Defendants did something wrong by vigorously defending against this action, and that because of that transgression, opt-ins who joined the action late should be allowed to stay in. In so arguing, Plaintiffs fail to address the fact that, during the relevant period, they requested and were granted extensions of time repeatedly. (*See for example, D.E. Nos. 53, 57, 81* regarding Plaintiffs' failed attempts to suppress audio recording evidence). Moreover, the almost four month delay from February 11, 2015 until June 1, 2015 was caused by *Plaintiffs'* unsuccessful objections to the Magistrate's

Order adopting a notice. (*See D.E. Nos. 115, 117, and 125*). As this Court well knows, both parties have the right to fight this claim and, to the extent there have been delays, the Court has found the Plaintiffs at least as culpable as Defendants. (*See D.E. No. 110.*) It is worth noting that Plaintiffs never moved to toll the statute of limitations based on Defendants' supposed delay tactics prior to receiving the instant Motion.

As to their argument, Plaintiffs specifically fault Defendants: (1) for not agreeing to exactly the language they wanted in the notice to putative opt-ins, (2) for "self-servingly" contesting the conditional certification of the action,[1] (3) for timely responding to the Court's invitation to propose its own notice and opt-in form (just as Plaintiffs themselves had done), and (4) for requesting that additional information be obtained from all putative opt-ins before allowing them to join the suit. Because Defendants took all of these actions, Plaintiffs believe that the statute of limitations should be extended an additional 270 days. They are wrong.

### 1. The Determinative Inquiry Is A Simple Two-Prong Test.

Although the Memorandum in Support of Defendants' Motion for Partial Summary Judgment on these time-barred Plaintiffs focused on *Archer v. Sullivan County*, 1997 U.S. App. LEXIS 33052, 10-14 (6th Cir. Nov. 14, 1997), the United States Supreme Court made clear earlier this year in *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755-757 (2016), that the standard is even less involved than the five-factor evaluation used by the Sixth Circuit in that case. Instead, two simple questions must be answered: (1) Did these opt-in Plaintiffs pursue their rights diligently? and (2) Did some extraordinary circumstance stand in

---

[1] In fact, the opposition made by Defendants in respect to certification has proven to be well taken in light of recent discovery. As a result of the instant motion, the previous motions for summary judgment to remove 6 management employees (*D.E. No. 67*), and the currently pending motion in respect to judicial estoppel (*D.E. No. 170*), it is clear the claims are quite individualized and decertification will prove to be appropriate. We anticipate other motions for summary judgment to be filed concerning infirmities of other individuals and groups of Plaintiffs based on the limited discovery already taken. If the instant motion is granted, well over 10% of the Plaintiffs represented by Plaintiffs' counsel will be dismissed on motion prior to any motion on decertification being filed.

their way and prevent timely filing? Unless the answer to *both* of those questions is yes, the inquiry goes no further. Equitable estoppel is not justified. *Menominee*, 136 S. Ct. at 755-56.

*Menominee* involved a claim by the Menominee Indian Tribe under the Indian Self-Determination and Education Assistance Act for reimbursement of costs from the United States Government. Other tribal entities had successfully litigated similar complaints, but some of the Menominee's claims were rejected as untimely presented. The plaintiffs argued that the limitations period should be tolled for the two years in which a putative class action brought by tribes with parallel complaints was pending. The Court, however, disagreed. *Id*. at 752-53.

Dismissing consideration of other factors, the *Menominee* Court made clear that a litigant is entitled to equitable tolling only if he establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented timely filing. *Id*. at 756 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). As these two components are required elements, "not merely factors of indeterminate or commensurable weight," one need not even be considered if the other is absent. *Id*. at 756 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007)).

### 2. Plaintiffs Fail On Their Burden Of Proof Because There Was No "Extraordinary Circumstance" To Prevent Timely Filing.

Plaintiffs state in their Response that even normal and ordinary delays between the filing of a motion for conditional certification in an FLSA action and the order ruling on the motion constitutes extraordinary circumstances to justify equitable tolling, citing *McGlone v. Contract Callers, Inc.*, 867 F.Supp.2d 438 (S.D.N.Y. 2012) for that proposition. However, Plaintiffs overstate the holding of that case. The *McGlone* court merely held that a delay like the one described "*may* be deemed" an extraordinary circumstance. 867 F.Supp.2d at 445 (emphasis

4

added). *See also Yahraes v. Rest. Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115, at *7-9 (E.D.N.Y. Mar. 8, 2011) (delay in ruling on a motion "may be deemed an extraordinary circumstance"); *Abadeer v. Tyson Foods, Inc.*, 2010 U.S. Dist. LEXIS 136978, 14-15 (M.D. Tenn. Dec. 14, 2010).

Even if the *McGlone* holding were as sweeping as Plaintiffs claim, it is well established that the determination of whether to equitably toll a limitations period is a fact-intensive inquiry, turning on the circumstances of each specific case – and litigant – at hand. *See. e.g., Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). Moreover, cases like *McGlone* and *Abadeer* do not appear to comport with the strict standards imposed by the Supreme Court and the Sixth Circuit. At least one court in this Circuit has recognized as much. *See, Jesiek v. Fire Pros, Inc.*, 2011 U.S. Dist. LEXIS 64181 (W.D. Mich. June 6, 2011).

In *Jesiek*, the plaintiffs cited several cases, including *Abadeer, Antonio-Moralez v. Bimbo's Best Produce, Inc.*, 2009 U.S. Dist. LEXIS 5183, (E.D. La. Apr. 20, 2009), and *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822 (S.D. Ohio 2007),[2] where the court decided to toll the limitation period. However, the district judge found those cases to have been wrongly decided and not compelling:

> These cases appear to be exercises in expediency at best or judicial legislation at worst. Each case features the finding of facts on the basis of no evidence and the invocation of a court's equitable powers on behalf of parties who are not yet before the court. It is impossible to discern how a party who has not yet appeared in the case can bear his burden to prove anything, or how the wholesale declaration that a group of absent parties have all been diligent is a careful exercise of equitable discretion. The far safer course, and the one required by the case-by-case approach dictated by the Sixth Circuit, is to allow each plaintiff to

---

[2] In their Response, Plaintiffs accuse Defendants of mischaracterizing the court's holding in *Baden-Winterwood*, but that allegation is false. In reality, Defendants merely supplied a direct quote from that decision regarding the Sixth Circuit's previous recognition in *Archer* that "the mere existence of the FLSA statute provides plaintiffs with constructive notice of their rights under the FLSA and the filing deadlines." Defendants made no commentary, misleading or otherwise, regarding the court's final decision in *Baden-Winterwood*.

5
Case 3:13-cv-00641-DCP   Document 186   Filed 04/28/16   Page 5 of 12   PageID #: 2946

> opt-in, assert his or her claims, and then address the statute of limitations defense (if and when raised) on the basis of the facts peculiar to that plaintiff.

*Jesiek,* at *6.

Moreover, many courts have expressly ruled that, "in the average FLSA case in which the delay is attributable to the normal litigation process, . . . equitable tolling is not appropriate." *Garrison v. Conagra Foods Packaged Food, LLC*, 2013 U.S. Dist. LEXIS 43405, at *15 (E.D. Ark. Mar. 27, 2013) (quoting *Titchenell v. Apria Healthcare Inc.*, 2012 U.S. Dist. LEXIS 122759, at *7 (E.D. Pa. Aug. 29, 2012)).

> In this respect, there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending and to hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one.

*Id.* at *16-17 (rejecting the plaintiff's request to toll the statute for all potential opt-in plaintiffs as of the date of filing of her motion for class certification) (quoting *Longcrier v. HL-A Co., Inc.*, 595 F.Supp.2d 1218, 1244 (S.D. Ala. 2008)). This is simply business as usual.

> Unfortunately, the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes. Equitable tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."

*Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944, 45-49 (W.D.N.Y. Oct. 20, 2009) (declining to toll the limitations period and quoting *Wallace v. Kato*, 549 U.S. 384, 396, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)). *Accord Love v. Phillips Oil, Inc.*, 2008 U.S. Dist. LEXIS 102366, at *4 (N.D. Fla. Dec. 9, 2008) (No tolling despite 9-month delay); *Tidd v. Adecco USA, Inc.*, 2008 U.S. Dist. LEXIS 69825, at *5 (D. Mass. Sept. 17, 2008) ("acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every

FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1243 (S.D. Ala. 2008) (declining to toll the limitations period where Plaintiffs' sole reasoning for requesting such relief was that "several weeks will go by during the briefing schedule" while their motion for conditional class certification was pending); *Pendlebury v. Starbucks Coffee Co.*, 2008 U.S. Dist. LEXIS 20089, *5 (S.D. Fla. Mar. 13, 2008) (rejecting a similar argument).

The same holds true for Defendants' desire to obtain more information about the putative opt-ins before the case was conditionally certified. As the district court held in *Muhammad v. GBJ, Inc.*, 2011 U.S. Dist. LEXIS 23589, at *2 (S.D. Tex. Mar. 9, 2011), "the need for limited discovery to determine whether certification is appropriate" does not justify equitable tolling because such a need "is present in many FLSA actions." *See also Vargas v. General Nutrition Ctrs., Inc.*, 2012 U.S. Dist. LEXIS 154073, 16-17 (W.D. Pa. Oct. 26, 2012) (no tolling, despite plaintiffs' claim that initial discovery "literally ate up approximately 120 days of time and also had the predictable effect of causing the filing of extensions time in which to complete discovery as well as to file a motion for conditional certification.").

This is not a situation where the case was stayed pending a decision by the Judicial Panel on Multidistrict Litigation. *Compare Adams v. Tyson Foods, Inc.*, 2007 U.S. Dist. LEXIS 38511, at *1-2 (W.D. Ark. May 25, 2007). Nor was there a stay to allow for a court-ordered mandatory settlement conference. *Compare Helton v. Factor 5, Inc.*, 2011 U.S. Dist. LEXIS 136170, at *2 (N.D. Cal. Nov. 28, 2011). There was no delay due to arbitration and settlement mediation talks in a relevant parallel case. *Compare Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 U.S. Dist. LEXIS 21315 (N.D.Cal. Mar. 6, 2007). Defendants did not move for a stay pending the outcome of any of their motions. *Compare Stickle v. SCI Western Mkt. Support Ctr., L.P.*, 2008 U.S. Dist.

LEXIS 83315 (D. Ariz. Sept. 29, 2008); *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 U.S. Dist. LEXIS 51833, at *1 (E.D. La. Apr. 20, 2009) (mandatory stay due to DOJ's intervention in action raising claims under the FLSA and the Trafficking Victims Protection Act). These Plaintiffs did not opt-in late because their lawyers filed defective consents on their behalf. *Compare Partlow v. Jewish Orphans Home of S. Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981). And, the court did not take more than a year to rule on the motion to certify. *Compare Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312-13 (S.D. W. Va. 1986) (ADEA class action).

No, this is "the average case in which the delay is attributable to the normal litigation process," and in these cases, "courts have held that equitable tolling is not appropriate." *Titchenell*, at *23. In fact, it is more like the case of *LaFleur v. Dollar Tree Stores, Inc.*, 2012 U.S. Dist. LEXIS 143514 (E.D. Va. Oct. 2, 2012), where the plaintiffs sought equitable tolling due to "delays in the litigation posture" of the case. As here, the *LaFleur* plaintiffs claimed that Dollar Tree's motion practice delayed their ability to send notice to potential collective action members in this case. But, the district court did not bite. Rather, it recognized that "filing motions common to the litigation process in order to exercise particular rights and privileges under the Federal Rules of Civil Procedure and relevant federal statutes does not constitute *per se* misconduct by a defendant for the purposes of equitable tolling." *LaFleur*, at *14 (citing *MacGregor v. Farmers Ins. Exchange*, 2011 U.S. Dist. LEXIS 75872, at *1 (D.S.C. July 13, 2011)). Noting that no defective pleadings were at issue and that there was no evidence alleging actual misconduct, misrepresentation, or trickery on the part of the Defendant to prevent Plaintiffs from pursing their case, the court declined to toll the period. *Id*. at *14-15.

As the *LaFleur* and other courts have pointed out, in fact, delays are nothing that Congress didn't expect when it enacted the FLSA:

> Congress contemplated a gap between the time a collective action is initiated and the time the statute of limitations is tolled by the filing of an opt-in consent. Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period. Congress could have avoided the foreseeable delay of good faith motions and judicial decision-making by patterning the statute of limitations for the FLSA after that of Rule 23 for class actions; however, they did not do so. The fact that a statute creates procedural requirements that limit some potential claimants' participation in a suit, standing alone, is insufficient to toll the statute of limitations.

*LaFleur*, at *18-19 (quoting *Noble v. Serco*, 2009 U.S. Dist. LEXIS 93816, at* 2 (E.D. Ky. Oct. 7, 2009; *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178 (M.D. Pa. 2008); *MacGregor v. Farmers Ins. Exchange*, 2011 U.S. Dist. LEXIS 75872, at *3-4 (D.S.C. July 13, 2011)).

Because Defendants' active participation in this case resulted in only expected and ordinary delays of the case, there was nothing "extraordinary" about the maneuvers – and certainly no circumstance extraordinary enough to justify tolling of the statute of limitations in this case by an additional 270 days. Plaintiffs have failed to meet their burden of proving that equity requires excusing their late-filing in this matter, and their claims should be dismissed.

      **3.**      **With No Extraordinary Circumstance Present, The Inquiry Ends; However, Even If The Court Were To Look Further, Plaintiffs Did Not Diligently Pursue Their Rights.**

After attacking Defendants' active participation in this case, Plaintiffs state, essentially in passing, that each opt-in "quickly contacted Plaintiffs' counsel upon learning about this lawsuit and his or her potential rights under the FLSA, and thereafter, promptly joined this action by filing consents shortly thereafter." In declarations in support of the Response, these opt-ins state that, had they known about the suit earlier, they would have joined sooner.

9

Like the plaintiffs in *Hinterberger*, they want the Court to believe that all potential plaintiffs would have remained unaware of their rights unless and until they received notice of this lawsuit. But, as the court in that case pointed out, the underlying right is to overtime pay for hours worked over 40 per week, a violation of which any of the potential opt-ins should have already been aware:

> In contrast to those cases where the employer allegedly failed to post requisite notice of employees' legal rights, Plaintiffs here have offered no allegations or proof from which this Court can conclude that a reasonably prudent potential plaintiff would not have known of his or her right to receive overtime pay after 40 hours. Pursuit of that right is not dependent on the commencement or certification of a collective action, and a reasonably diligent person could have acted by pursuing an individual or collective action for relief.

*Hinterberger*, at *47-48. *Accord Vargas v. General Nutrition Ctrs., Inc.*, 2012 U.S. Dist. LEXIS 154073, 15-26 (W.D. Pa. Oct. 26, 2012) (no tolling, since a reasonably prudent plaintiff would have known of his or her right to receive overtime compensation, and neither the court nor the defendants prohibited any putative members from pursuing an individual or collective action); *Pendlebury v. Starbucks Coffee Co.,* 2008 U.S. Dist. LEXIS 20089, at *4 (S.D. Fla. Mar. 13, 2008) ("with diligence, any of the plaintiffs could have filed individual (or collective) actions within the limitations period").

These opt-ins were not diligent merely because they responded to the mailed-out notices in some period of time which Plaintiffs now characterize as "immediately" or "shortly thereafter." If they had been diligent, they would have known that their rights were allegedly violated when they were allegedly violated and they would have pursued redress for those violations at that time. Waiting more than three years from the alleged denial of overtime pay cannot possibly be considered "diligent."

10

### C. Plaintiffs Have Not Created A Genuine Issue of Material Fact With Regard To Karl Lewanski's Years of Employment

Finally, Plaintiffs claim that a factual dispute exists regarding the end-employment date of Plaintiff Karl Lewanski. Offering no proof other than Lewanski's own say-so, they maintain that he continued to work as a Sales Representative "throughout 2011 and until late January or early February 2012." They offer no pay records, no tax returns, no documentary evidence whatsoever. In contrast, Defendants' business records clearly establish that Lewanski's employment ended on January 28, 2011.

It is a fundamental point of summary judgment law that a "mere scintilla" of evidence is not enough to survive dismissal. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). Although there are some situations when a plaintiff's own testimony might be enough to create a fact issue -- perhaps in a case of he-said, she-said -- this is not that situation. The only reliable evidence of record indicates that Lewanski's employment ended on January 28, 2011. As such, his claim remains time-barred and must be dismissed.

## III.
## CONCLUSION

For the forgoing reasons, Defendants request that, in addition to granting the order of dismissal with prejudice submitted contemporaneously herewith, the Court grant summary judgment to Defendants on the claims of the remaining 10 Plaintiffs subject to Defendants' Motion: William Bensley, Chad Breece, Janice Deibel, Robert Derrick, Shellis Edwards, Adam Evans, Lee Johnson, Karl Lewanski, James Walter Reid, and Gary Thorn. Defendants further request that the cost of defending these matters, including attorneys' fees, be awarded to Defendants.

Respectfully submitted,

s/ James R. Mulroy, II
James R. Mulroy II (TN Bar No. 000098)
O. John Norris, III (TN Bar No. 017504)
Colby S. Morgan, Jr. (TN Bar No. 005556)
JACKSON LEWIS P.C.
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: mulroyj@jacksonlewis.com
   norrisj@jacksonlewis.com
   colby.morgan@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

# CERTIFICATE OF SERVICE

I hereby certify that I have this 28th day of April, 2016, filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

Martin D. Holmes (TN Bar No. 012122)
Darrell L. West (TN Bar No. 005962)
Dickinson Wright, PLLC
Fifth Third Center
424 Church St., Suite 1401
Nashville, TN 37219
Email: MDHolmes@dickinsonwright.com

Sherry D. O. Taylor (Bar No. P62288)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Phone: (313) 223-3500
Facsimile: (313) 223-3598
Email: soneal@dickinsonwright com

*Attorneys for Plaintiffs*

s/ James R. Mulroy, II
*Counsel for Defendants*

4846-9497-1953, v. 1