IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., <br><br> Defendants. | Civil Action No.: 3:13-cv-00641-CCS <br><br> District Judge: Pamela L. Reeves <br> Magistrate Judge: C. Clifford Shirley, Jr. <br><br><br> COLLECTIVE ACTION COMPLAINT <br> FOR VIOLATIONS OF THE FAIR <br> LABOR STANDARDS ACT OF 1938 |

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Wyndham Vacation Resorts, Inc. ("WVR") and Wyndham Vacation Ownership, Inc. ("WVO") (referred to collectively as "Defendants"), through their undersigned counsel, pursuant to Rules 8 and 12, and with the written consent of the opposing parties pursuant to Rule 15 of the Federal Rules of Civil Procedure, amend their Answer (Doc. 18) to Complaint (Doc. 1) filed by Plaintiffs, Jesse Pierce and Michael Pierce, et al (hereinafter "Plaintiffs"), and their affirmative defenses as follows:

**I. ANSWER TO "OVERVIEW"**

1. Defendants admit that the Fair Labor Standards Act has been in effect since 1938 but deny the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint are a complete and accurate statement of the terms of that law.

1

2. Defendants admit that Plaintiffs seek to bring a collective action under the FLSA but deny that the named Plaintiffs are representative of a class of Plaintiffs and deny the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Defendants admit that the representative Plaintiffs were classified as non-exempt employees during portions of their employment.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

## II. ANSWER TO "JURISDICTION AND VENUE"

6. Defendants admit that this Court has jurisdiction but deny that Plaintiffs are entitled to any relief whatsoever.

7. Defendants admit that venue is proper in this Court but deny Plaintiffs are entitled to any relief whatsoever.

## III. ANSWER TO "PARTIES"

8. Defendants admit that Plaintiff Jesse Pierce was an in-house sales representative during the referenced period but Defendants are without sufficient knowledge to form a belief as to the truth of the remaining matters alleged in Paragraph 8 of Plaintiffs' Complaint and, accordingly, this response is a denial pursuant to Federal Rule of Civil Procedure 8(b)(5).

9. Defendants admit that Plaintiff Michael Pierce was an in-house sales representative during the referenced period but Defendants are without sufficient knowledge to form a belief as to the truth of the remaining matters alleged in Paragraph 9 of Plaintiffs' Complaint and, accordingly, this response is a denial pursuant to Federal Rule of Civil Procedure 8(b)(5).

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

### IV.     ANSWER TO "COVERAGE UNDER THE FLSA"

12. Defendant WVR admits that it is an employer subject to the FLSA and employed the named Plaintiffs and opt-in Plaintiffs prior to January 1, 2013 but denies that there is a "class" of aggrieved individuals and denies any other contentions, expressed or implied, contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant WVO admits that it is an employer subject to the FLSA and that it employed the named Plaintiffs and opt-in Plaintiffs after January 1, 2013 but denies that there is a "class" of aggrieved individuals and denies any other contentions, expressed or implied, contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendants admit that the representative Plaintiffs are or were employees as defined by the Fair Labor Standards Act but deny that there are any "class members" in this suit and deny any other allegations, expressed or implied, contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

## V. ANSWER TO "FACTUAL BACKGROUND"

21. Defendants admit that the allegations contained in Paragraph 21 of Plaintiffs' Complaint describe a portion of Defendants' business activities.

22. Defendants admit that they market to individuals who do not have an ownership interest and admit that the sites at which Plaintiffs worked generally refer to the sales representatives who conduct these tours as "Front Line Sales Representatives" but deny that Plaintiffs have accurately and completely described the marketing processes.

23. Defendants admit that they market products to existing owners and admit that sites at which Plaintiffs worked generally refer to the sales representatives who conduct these tours as "In-House Sales Representatives" but deny that Plaintiffs have accurately and completely described the marketing processes.

24. Defendants admit that the Defendants offer such a product but deny that Plaintiffs have accurately or completely described the process or procedures related to that product.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants are without sufficient knowledge to form a belief as to the truth of the matters alleged in Paragraph 29 of Plaintiffs' Complaint and, upon information and belief, contend that at least a portion of such opt-in forms were not executed with knowledge of the impact and effect of the document(s) and, accordingly, this response is a denial pursuant to Federal Rule of Civil Procedure 8(b)(5).

30. Defendants admit that the representative Plaintiffs held various positions in the sales force of Defendants at various times. Defendants deny that any cognizable or certifiable class exists consisting of those various disparate job categories.

31. Defendants deny that any "class" exists but admit that most, but not all, of the named Plaintiffs and those who have opted into this action were classified as non-exempt employees for at least a portion of their employment.

32. Defendants deny any "class" exists but admit the remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny any "class" exists and deny the remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny any "class" exists and deny the remaining allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants are without sufficient knowledge to form a belief as to the truth of the matters alleged in Paragraph 43 of Plaintiffs' Complaint and, accordingly, this response is a denial pursuant to Federal Rule of Civil Procedure 8(b)(5).

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

## VI. ANSWER TO "COLLECTIVE ACTION ALLEGATIONS"

51. All allegations incorporated by reference in Paragraph 51 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

52. Defendants admit the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants admit that Plaintiffs seek to bring a collective action under the FLSA but deny that Plaintiffs' claims are suitable for such treatment or certified for such treatment. Defendants further deny they have violated the FLSA.

54. Defendants admit that Plaintiffs attempt to bring a collective action involving disparate jobs but deny that a collective action is appropriate in this case.

55. Defendants are without sufficient knowledge to form a belief as to the truth of the matters alleged in Paragraph 55 of Plaintiffs' Complaint and, accordingly, this response is a denial pursuant to Federal Rule of Civil Procedure 8(b)(5).

56. Defendants deny that Plaintiffs have accurately or completely summarized the referenced provisions of the FLSA.

57. Defendants admit the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

## VII.  ANSWER TO "PRAYER FOR RELIEF"

67. Defendants aver that Plaintiffs are entitled to no relief whatsoever.

## GENERAL DENIAL

To the extent not expressly and specifically admitted or denied herein, Defendants deny the allegations set forth in Plaintiffs' Complaint.

# AFFIRMATIVE DEFENSES

As separate and distinct defenses to Plaintiffs' Complaint, Defendants allege the following:

1. Plaintiffs' claims fail on grounds they do not state claims upon which relief can be granted.

2. Plaintiffs have been paid all amounts to which they are legally entitled.

3. Plaintiffs' claims are barred, in whole or in part, due to the applicable statute of limitations.

4. Any amounts owed to Plaintiffs are *de minimis* and any action for same under the FLSA is barred.

5. Plaintiffs are improperly joined as Plaintiffs and are not representative of a cognizable class or collective group.

6. Some or all Plaintiffs were at various times exempt from the overtime requirements of the FLSA.

7. Plaintiffs' claims for liquidated damages should be denied, in whole or in part, because, in the event that violations of the FLSA did occur, Defendants' actions were neither willful nor reckless, but were taken in good faith, and were based on reasonable grounds for believing its actions were not in violation of the FLSA.

8. To the extent liability is established, Plaintiffs' claims are subject to a two year statute of limitations pursuant to 29 U.S.C. § 255(a) as Defendants neither knew of any conduct that was prohibited by statute nor showed reckless disregard about whether it was.

9. Plaintiffs have engaged in a scheme and/or practice to avoid following Defendants' policies and procedures for their personal gain and the potential gain of others in relation to timekeeping and pay. They therefore stand *in pari delicto* and are barred from recovery.

10. Some or all Plaintiffs' claims for relief are barred by the doctrine of unclean hands in that some or all flaunted the internal overtime policy requirements because they believed they were independent commissioned employees, did not wish to report all hours worked, and that time keeping requirements interfered with their abilities to get additional customers and make more money.

11. Some or all Plaintiffs are barred from recovery for all or part of their claims by the doctrine of unclean hands and estoppel in that that they have reported or claimed hours which they did not actually work to the detriment of Defendants.

12. Some or all of the Plaintiffs are barred by the doctrine of unclean hands in that they knowingly and voluntarily misrepresented or misreported their hours to payroll and upper management in respect to how many hours they worked, rendering it difficult to determine how many hours were actually worked.

13. Plaintiffs breached their fiduciary duty to Defendants by failing to follow and abide by the terms and conditions of their employment in clocking time. This was done in whole or in part for Plaintiffs' self-gain and to Defendants' detriment. Accordingly, the Plaintiffs' claims for relief are barred by this breach of their fiduciary obligations of agent employees which was owed to Defendants.

14. Plaintiffs and the alleged similarly situated individuals (if any) in the purported Class, are not entitled to minimum wage and/or overtime compensation because they were exempt from minimum wage and/or overtime (or not otherwise entitled to minimum wage and/or overtime) in accordance with the FLSA and its accompanying regulations by the combination exemptions as set forth in 29 C.F.R. §541.708.

WHEREFORE, Defendants respectfully request that this Honorable court will (i) enter judgment in its favor and against Plaintiffs, (ii) award Defendants their costs of suit herein, (iii) award Defendants reasonably attorneys' fees as may be determined by the Court, (iv) grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/ Colby S. Morgan
Colby S. Morgan, Jr. (TN Bar No. 005556)
O. John Norris, III (TN Bar No. 017504)
Craig A. Cowart (TN Bar No. 017316)
JACKSON LEWIS P.C.
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: norrisj@jacksonlewis.com
colby.morgan@jacksonlewis.com
craig.cowart@jacksonlewis.com

William J. Anthony *(Admitted Pro Hac Vice)*
JACKSON LEWIS P.C.
18 Corporate Woods Blvd, 3rd Floor
Albany, NY 12211
Telephone: (518) 649-9643
Facsimile: (518) 427-5956
Email: AnthonyW@jacksonlewis.com

Paul DeCamp *(Admitted Pro Hac Vice)*
JACKSON LEWIS P.C.
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
Telephone: (703) 483-8305
Email: DeCampP@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

# CERTIFICATE OF SERVICE

      I hereby certify that I have this 26th day May, 2017, filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

      Martin D. Holmes (TN Bar No. 012122)
      Darrell L. West (TN Bar No. 005962)
      DICKINSON WRIGHT PLLC
      424 Church Street, Suite 1401
      Nashville, TN 37219
      Telephone: (615) 244-6538
      Facsimile: (615) 256-8386
      Email: mdholmes@dickinsonwright.com
            dwest@dickinsonwright.com

      Sherry D. O'Neal # P62288
      500 Woodward Avenue, Suite 4000
      Detroit, MI 4822
      Telephone: (313) 223-3500
      Email: soneal@dickinsonwright.com

      *ATTORNEYS FOR PLAINTIFFS*
      *Opt-in Plaintiffs and Collective Class*

      s/ Colby S. Morgan
      Counsel for Defendants

4845-6732-2953, v. 1