UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JESSEE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WYNDHAM VACATION RESORTS, INC., *et al.,* <br><br> Defendants. | No. 3:13-CV-641-CCS |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 193].

Now before the Court is the Defendants' Motion for Summary Judgment as to Certain Highly Compensated Employees [Doc. 236]. Specifically, the Defendants request that the Court dismiss the claims of Jesse Pierce; Michael Pierce, Sr.; R. Craig Thrift; and Thomas Garrett (hereinafter, "Plaintiffs"). The Plaintiffs have responded in opposition to the Motion [Doc. 265], and the Defendants have filed a Reply [Doc. 269]. During a status conference with the parties on August 7, 2017, the parties stated that a hearing was not necessary. The Motion is now ripe for adjudication. Accordingly, for the reasons explained below, the Court finds that the Defendants' Motion [**Doc. 236**] is not well-taken, and it is **DENIED**.

I.  **BACKGROUND**

This case involves allegations that certain Sales Representatives who worked at the Defendants' offices worked off-the-clock and were not paid for working in excess of 40 hours in

a work week. [Doc. 1 at ¶ 2]. The Complaint alleges that the Defendants willfully violated the Fair Labor Standards Act ("FLSA"). [*Id.* at ¶ 3].

The parties agree on the following facts, unless otherwise noted. Dduring the relevant recovery period, October 21, 2010, through October 31, 2013, the Plaintiffs earned greater than $100,000.00 and were employed as commissioned sales representatives. [Doc. 266 at ¶¶ 2-6]. The total earnings for each year are as follows:

|                     | 2010         | 2011         | 2012         | 2013         |
|---------------------|--------------|--------------|--------------|--------------|
| Jessee Pierce       | $906,457.34  | $739,805.80  | $753,436.67  | $671,945.03  |
| Michael Pierce, Sr. | $299.208.43  | $241,373.97  | $281,731.77  | $255,035.53  |
| Craig Thrift        | NA           | $299,658.55  | $852,234.99  | $447,727.10  |
| Thomas Garrett      | $243,856.11  | $194,259.36  | $280,575.92  | $474,288.62  |

The Defendants assert, and the Plaintiffs disagree, that each Plaintiff customarily and regularly performed one or more executive duties during the recovery period. For instance, the Defendants assert that the Plaintiffs managed a team of sales representatives, conducted sales training, and directed the actions of two or more employees. [Doc. 239 at ¶¶ 9, 20, 31, and 35]. The Plaintiffs disagree with the Defendants' characterizations. [Doc. 266 at ¶¶ 9, 20, 31, and 35].

II.    **POSITIONS OF THE PARTIES**

The Defendants argue that the Plaintiffs' claims are exempt from the overtime provisions of the FLSA during the relevant recovery period pursuant to the highly compensated employee exception, 29 C.F.R. § 541.601, which was in effect during the relevant time period. The Defendants assert that the Plaintiffs fall within the highly compensated employee exemption because they earned more than $100,000.00 annually and they customarily and regularly performed one or more executive or administrative duties.[1]

---

[1] The Court observes that in the Defendants' brief, they assert that the Plaintiffs customarily and regularly performed one or more executive or administrative duties. In analyzing the

2

The Plaintiffs respond [Doc. 265] that the Defendants cannot establish their burden of proving that the Plaintiffs are exempt from the FLSA's overtime compensation requirements. The Plaintiffs state that the Defendants cannot claim the exemption pursuant to 29 C.F.R. § 541.601 because no portion of the compensation that the Plaintiffs received from the Defendants was paid on a salary basis as is required in order for the employer to claim that an employee is an exempt executive. The Plaintiffs argue that even if the Defendants were permitted to pay executive employees on a fee basis, the Defendants cannot establish that they paid the Plaintiffs on a fee basis because commissions do not constitute payment on a fee basis. Further, the Plaintiffs contend that even if the Defendants could establish the compensation requirements, the Defendants cannot satisfy the streamlined duties test by which highly compensated employees' exempt status may be determined.

The Defendants reply [Doc. 269] that the regulation expressly refutes the Plaintiffs' argument that highly compensated employees, whose exempt duty is executive in nature, must be paid on a salary basis versus a fee basis. In addition, the Defendants state that the only court that has addressed whether commissions can constitute payment on a fee basis has rejected the Plaintiffs' view. Finally, the Defendants reply that proving exempt status under the highly compensated variant of the executive exemption does not require or involve an inquiry into an employee's primary duty.

## III. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of

---

Plaintiffs' duties, however, the Defendants do not argue or provide evidence of any administrative duties.

establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer,* 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of fact. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## IV. ANALYSIS

The Court has considered the parties' positions and finds that the Defendants' position is not well-taken. The Court observes, however, that there are two matters that need to be addressed before analyzing the merits of Defendants' Motion.

First, the Defendants state, in a footnote, that many other opt-in plaintiffs had the threshold income to qualify for the highly compensated employee exemption but that they (Defendants) have not been allowed to take the depositions of all of the opt-ins to develop proof necessary to support a motion for summary judgment. The Defendants continue that they should be allowed to develop proof necessary to support a motion for summary judgment as to those opt-in plaintiffs and that they reserve the right to move for summary judgment following the opportunity to take the remaining depositions and develop the necessary proof to establish the highly compensated employee exemption. It is unclear to the Court what other proof is needed since the Defendants presumably possess records showing Plaintiffs' (*Defendants'* employees) earnings[2] and are presumably aware of the Plaintiffs' job functions, as their employer. In any event, even if the Defendants "needed" such depositions, they could have requested such from the Court. They chose, however, not to request such depositions and instead chose to raise this matter in a footnote in their Motion for Summary Judgment. Given that this is an already seasoned cased (i.e., approximately four years old), the Court will not consider additional dispositive motions.

Second, the Plaintiffs assert that the Defendants have not revealed to the Court or to the Plaintiffs that they (Defendants) were asserting this affirmative defense, except to the extent that the fifteenth affirmative defense of the Answer can be considered such a revelation. [Doc. 265 at 2]. The Plaintiffs do not argue that the Defendants waived such defense, and they proceed to argue

---

[2] In fact, the Defendants included with their filings a chart listing several other Plaintiffs who had substantial incomes during the relevant time period. [Doc. 238-1].

the merits of the Defendants' arguments. Thus, the Court will not find that the Defendants waived this issue.

As mentioned above, the Defendants assert that the Plaintiffs are exempted from overtime requirements pursuant to 29 C.F.R. § 541.601 because the Plaintiffs earned more than $100,000.00 annually and they customarily and regularly performed one or more executive duties. The Court will address the parties' arguments with respect to the compensation requirements and then turn to the parties' arguments with respect to the Plaintiffs' duties, if necessary.

### A. Total Annual Compensation

The Plaintiffs assert that it is undisputed that they were paid on a commission basis. The Plaintiffs assert that because the Defendants are claiming the executive duty exemption, they must have been paid a salary and not a fee basis in order to be exempt. The Plaintiffs continue that even if the Defendants were allowed to pay the Plaintiffs on a fee basis, their commissions do not constitute payment on a fee basis. The Defendants state that the regulation refutes the Plaintiffs' argument and that commissions constitute a payment made on a fee basis.

The Court observes that there are two issues that the parties have raised: (1) whether the Plaintiffs were required to be paid a salary in order for the Defendants to rely on the executive duty exemption, and (2) if no, do the commissions in this case constitute payment made on a fee basis. The Court will begin with the first issue.

The FLSA states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Certain employees, however, are exempt from overtime requirements. An employer who claims an exemption from the FLSA has the burden of showing

that the exemption applies. *Webster v. Pub. Sch. Employees of Washington, Inc.*, 247 F.3d 910, 914 (9th Cir. 2001). Here, the Defendants assert that the highly compensated employee exemption pursuant to 29 C.F.R. § 541.601 ("Regulation") applies.

Specifically, 29 C.F.R. § 541.601 provides, in relevant part, as follows:

> (a) An employee with total annual compensation of at least $100,000 is deemed exempt under section 13(a)(1) of the Act if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subparts B, C or D of this part.
>
> (b) (1) "Total annual compensation" must include at least $455 per week paid on a salary or fee basis. Total annual compensation may also include commissions, nondiscretionary bonuses and other nondiscretionary compensation earned during a 52–week period.

29 C.F.R. § 541.601. The Defendants are correct that the Regulation simply states that total annual compensation must be paid on a salary *or* fee basis and does not expressly limit executives to being paid only salaries. Other regulations, however, provide context and aid this Court's interpretation. Specifically, 29 C.F.R. § 541.600 states:

> To qualify as an exempt executive, administrative or professional employee under section 13(a)(1) of the Act, an employee must be compensated on a salary basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities. **Administrative and professional employees** may also be paid on a fee basis, as defined in § 541.605.

29 C.F.R. § 541.600(a) (Emphasis added). Further, 29 C.F.R. § 541.100, the general rule for executive employees, defines "employee employed in a bona fide executive capacity" as "any employee [c]ompensated on a salary basis at a rate of not less than $455 per week" and who performs certain duties. In addition, 29 C.F.R. § 541.605 provides guidance on "fee basis" and states as follows:

7

> (a) **Administrative and professional employees** may be paid on a fee basis, rather than on a salary basis. An employee will be considered to be paid on a "fee basis" within the meaning of these regulations if the employee is paid an agreed sum for a single job regardless of the time required for its completion. These payments resemble piecework payments with the important distinction that generally a "fee" is paid for the kind of job that is unique rather than for a series of jobs repeated an indefinite number of times and for which payment on an identical basis is made over and over again. Payments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis.
>
> (b) To determine whether the fee payment meets the minimum amount of salary required for exemption under these regulations, the amount paid to the employee will be tested by determining the time worked on the job and whether the fee payment is at a rate that would amount to at least $455 per week if the employee worked 40 hours. Thus, an artist paid $250 for a picture that took 20 hours to complete meets the minimum salary requirement for exemption since earnings at this rate would yield the artist $500 if 40 hours were worked.

29 C.F.R. § 541.605 (Emphasis added).

Thus, while 29 C.F.R. § 541.601 states that the total annual compensation must include a "salary or fee basis," it appears that the other regulations in the same section limit executive employees to being paid on a salary basis, while administrative and professional employees may be paid by either a salary or a fee basis. *See* 29 C.F.R. §§ 541.100, .600(a), and .605. It appears to the Court that the highly compensated exemption did not change how executive employees were paid (i.e., salaried) but simply made it easier to show the duty requirement. *See* 29 C.F.R. § 541.601(c) ("A high level of compensation is a strong indicator of an employee's status, thus eliminating the need for a detailed analysis of the employee's job duties."). Because the Defendants rely on the executive duty exemption, the Court finds that the Defendants have not carried their burden of establishing the compensation requirements (i.e., payment on a salary basis of $455 per week) to claim the exemption.

Further, even if the Defendants were permitted to pay the Plaintiffs on a fee basis while relying on the executive exemption, the Court finds that the commissions paid herein do not constitute a fee basis. As mentioned above, the Defendants acknowledge that the Plaintiffs were not paid a salary, but they assert that the Plaintiffs' commissions constitute a "fee basis" under the Regulation. The Defendants' interpretation, however, is illogical. If "commissions" constituted a "fee basis" under the Regulation, there would be no need for the Department of Labor to include the word "commissions" in the second sentence of section (b) in 29 C.F.R. § 541.601. Specifically, the Regulation states that the total annual compensation **must** include at least $455 per week paid on a salary or fee basis and that it **may** also include commissions. 29 C.F.R. § 541.601(b)(1). In addition, it appears to the Court that the requirement of $455 per week paid on a salary or fee basis simply means that at least $23,600.00 ($455 x 52 weeks) of the $100,000.00 per year is guaranteed. *See Anani v. CVS RX Serv., Inc.*, 730 F.3d 146, 148 (2d Cir. 2013) ("Subsection 601(b) adds refinements, *inter alia*: (i) under (b)(1), to be exempt, the employee's '[t]otal annual compensation' must include $455 weekly 'on a salary or fee basis,' i.e., **guaranteed**") (Emphasis added). The Defendants vigorously dispute such interpretation, arguing, "There is no explicit requirement in the regulations that employees paid on a fee basis be guaranteed since it cannot be known whether the $455 per week requirement has been met until after the job has been completed and the number of work hours required for completion is known." [Doc. 237 at 9]. The Court's interpretation, however, is consistent with the definitions of "salary basis" which is defined as a "predetermined amount," *see* 29 C.F.R. § 541.602, and "fee basis," which is defined as "an agreed sum for a single job." 29 C.F.R. § 541.605.

To be sure, the Defendants argue that the commissions paid to the Plaintiffs constitute a "fee basis" because the Plaintiffs were "paid on an agreed sum for a single job regardless of the

9

time required for its completion." [Doc. 237 at 6]. The Defendants rely on 29 C.F.R. § 541.605 in support of their argument, which provides as follows:

> (a) Administrative and professional employees may be paid on a fee basis, rather than on a salary basis. An employee will be considered to be paid on a "fee basis" within the meaning of these regulations if the employee is paid an agreed sum for a single job regardless of the time required for its completion. These payments resemble piecework payments with the important distinction that generally a "fee" is paid for the kind of job that is unique rather than for a series of jobs repeated an indefinite number of times and for which payment on an identical basis is made over and over again. Payments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis.
>
> (b) To determine whether the fee payment meets the minimum amount of salary required for exemption under these regulations, the amount paid to the employee will be tested by determining the time worked on the job and whether the fee payment is at a rate that would amount to at least $455 per week if the employee worked 40 hours. Thus, an artist paid $250 for a picture that took 20 hours to complete meets the minimum salary requirement for exemption since earnings at this rate would yield the artist $500 if 40 hours were worked.

29 C.F.R. § 541.605.[3] The Defendants argue that their method of paying commissions is similar to the example used in the Regulation. The Defendants explain that a typical commission is 6% of the sale price. The Defendants state that if their sales representatives can achieve certain sale thresholds, they can be entitled to receive a bonus of an additional 1% to 9% on all sales for the month. *See* [Doc. 238-2] (Deposition of Jesse Pierce) ("It was 100 percent commission. So if you were not good at selling, you didn't last very long."). The Defendants continue that commissions vary based on the number of points sold and can range from a few hundred dollars to thousands of

---

[3] As noted above, 29 C.F.R. § 541.605's language limits fee basis compensation to administrative and professional employees, not executive employees on which the Defendants' argument relies.

10

dollars. Further, the Defendants state that a commission could be earned in a few hours or the sales representative may work many hours before making a sale and earning a commission.

The Court disagrees. The Defendants do not offer any evidentiary support regarding how commissions are structured, nor do they explain what constitutes a "typical" commission. In any event, even if Sales Representatives earned 6% commission on the sales price, the Court agrees with the Plaintiffs that the commissions paid herein are different than the example used in the above Regulation. As the Plaintiffs have emphasized, the artists gets the agreed-upon fee payment regardless of the result of the job—here, the Plaintiffs were paid commissions only when they produced a sale. *See* [Doc. 238-2] (Deposition of Jesse Pierce) ("It was 100 percent commission. So if you were not good at selling, you didn't last very long.")

In addition, the Defendants rely on *Herr v. McCormick Grain-Heiman Co., Inc.*, No. 92-1321, 1994 WL 544513 (D. Kan. Sept. 13, 1994) in support of their argument that commissions are fees. One of the issues before the court in *Herr* was whether the plaintiff was exempted under the administrative exemption. *Id.* at *3. The court addressed whether the plaintiff was compensated on either a salary or a fee basis. *Id.* The court explained that the plaintiff's source of compensation was a commission derived from the profits of the grain merchandising transaction. *Id.* The court opined that the plaintiff's "compensation was not a salary because it was not predetermined and was subject to the reduction based upon the quantity or quality of his work." *Id.* Ultimately, the court deemed the plaintiff's compensation as a fee. *Id.* The court explained:

> A fee is an agreed upon sum for a single job, regardless of the time expended, and not for a series of jobs. *See* 29 C.F.R. §§ 541.213, 541.313(b) (1993). Again, this is a legal interpretation, not a question for a jury. Here, the plaintiff, as a grain merchandiser, conducted a series of sales that were repeated an indefinite number of times during the year. By the same token, however, he was paid

11

> an agreed upon sum—20% commission of the profits earned—for a single job—each sale. The Code of Federal Regulations (Code) does not address commission as a form of compensation. Nonetheless, based upon how the merchandiser carries out each assignment and how the merchandiser is paid on the strength of each sale, this court is satisfied the definition of fee encompasses commissions. For the purpose of this case, the court finds the plaintiff's compensation on a commission basis fits squarely within the definition of fee found at § 541.313(b).

*Id.*

While the Court observes that the issue is similar as the issue presented in *Herr*, the Court finds *Herr* inapplicable and unpersuasive. First, the Tenth Circuit Court of Appeals vacated the court's rulings. *Herr v. Heiman*, 75, F3d 1509 (10th Cir. 1996). While the Tenth Circuit did not directly opine on whether the plaintiff's commissions constituted a fee basis, the court explicitly vacated the ruling because the district court ruled that the plaintiff was an employee, instead of an independent contractor, which was a question for the jury. *Id.* at 1513. The Tenth Circuit reasoned, "[T]he district court's finding that Mr. Herr was an exempt employee under the Fair Labor Standards Act necessitates the finding that he was an employee. This finding is thus vacated as premature and the issue is remanded." *Id.* Second, the Court finds the district court's ruling inapplicable here because it addressed the administrative exemption, and not the executive exemption.

Finally, in their Reply, the Defendants assert that the Department of Labor "is comfortable with commissions satisfying the salary or fee basis compensation requirements so long as they otherwise meet the pertinent definitions of salary or fee basis compensation." [Doc. 269 at 7]. The Defendants cite to an Opinion Letter by the Department of Labor. In the Opinion Letter, the Department of Labor states that "[i]t is immaterial what specific terms (i.e., draw against commissions, draw plus extra compensation, offset method) an employer uses when compensating

employees on a fee or commission basis." Opinion Letter Fair Labor Standards Act (FLSA), 2006 WL 3832994, at *7 (Nov. 27, 2006). The Department of Labor, however, was addressing registered representatives who received "a guaranteed minimum predetermined payment that meets or exceeds the $455 per week minimum salary requirement for the administrative exemption." *Id.* at *6. The Department of Labor explained that the "registered representatives may earn compensation above the guaranteed minimum amount from either commissions or fees or a combination of both." *Id.* Further, the Department of Labor stated:

> The regulations allow payments in addition to the minimum salary amount to exempt employees without losing the exemption or violating the salary basis requirement.
>
> An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. Thus, for example, an exempt employee guaranteed at least $455 each week paid on a salary basis may also receive additional compensation of a one percent commission on sales. An exempt employee also may receive a percentage of the sales or profits of the employer if the employment arrangement also includes a guarantee of at least $455 each week paid on a salary basis.

*Id.* The compensation plan discussed by the Department of Labor in its Opinion Letter is different than the commissions herein because the registered representatives "at all times [was] guaranteed and regularly receive[ed] no less than the predetermined amount equal to the minimum salary requirement set forth in 29 C.F.R. § 541.600, and often also receive[d] significant additional compensation from commission or fees." *Id.* at *3

Accordingly, the Courts finds that the Defendants have not shown that the Plaintiffs were paid a "total annual compensation," as that term is defined in 29 C.F.R. § 541.601(b)(1).

B.  **Duties Test**

Because the Court has determined that the Defendants have not shown that the Plaintiffs were paid a total annual compensation, it is unnecessary to address whether the Defendants have established the executive exemption duties test.  In any event, the Court will briefly address this issue.

Specifically, 29 C.F.R. § 541.100 provides that the term "employee employed in a bona fide executive capacity" shall mean:

> (1) Compensated on a salary basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (3) Who customarily and regularly directs the work of two or more other employees; and
>
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100.  Pursuant to the highly compensated employee exemption, upon which the Defendants base their arguments, the Defendants only need to show that the employee "customarily and regularly performs any *one or more of the exempt duties or responsibilities*."  29 C.F.R. § 601(a); *see also* 29 C.F.R. § 541.601(c) ("A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties.").

In the present matter, the Defendants have not established that there is no genuine issue of material fact to entitle them to summary judgment on this issue.  To the contrary, it appears to the

Court that the Defendants did not provide a guaranteed salary and that these Sales Representatives were just that—Sales Representatives whose primary duty was sales, not management. Further, the Court finds that the Defendants have not established that the Plaintiffs had the authority to hire or fire or that they "customarily and regularly" directed the work of other employees. To the extent the Defendants have such proof and evidence of such facts, in light of the Plaintiffs' denials of the same, these simply constitute questions of fact to be determined at trial. As such, summary judgment is inappropriate at this stage.

## V. CONCLUSION

Accordingly, for the reasons stated herein, the Court finds the Defendants' Motion for Summary Judgment as to Certain Highly Compensated Employees [**Doc. 236**] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge