UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JESSE PIERCE and MICHAEL PIERCE, )
on behalf of themselves and all others )
similarly situated, )
)
      Plaintiffs, )
)
v. ) No. 3:13-CV-641-CCS
)
WYNDHAM VACATION RESORTS, INC., and )
WYNDHAM VACATION OWNERSHIP, INC., )
)
      Defendants. )

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 193].

Now before the Court are the following Motions:

    (1) Plaintiffs' Motion to Compel [Doc. 287];

    (2) Defendants' Motion to Strike [Doc. 316];

    (3) Defendants' Motion in Limine No. 1 to Exclude Expert Report and Testimony of Dr. Dwight Steward [Doc. 322];

    (4) Defendants' Motion in Limine No. 2 to Exclude Testimony of Lisa Brown, Robert Bryant West, Ed Langston, and Jeremy Saine [Doc. 324];

    (5) Defendants' Motion in Limine No. 3 to Exclude Evidence Relating to Time-Barred Claims [Doc. 327];

    (6) Defendants' Motion in Limine No. 4 to Exclude Testimony of Michael Pierce, Sr., Thomas Garrett, James Shannon Abbott,

>    Twila Higgins, Bryan Tesh, Jeff Cross, Richard Rang, and Brett Williamson [Doc. 330];

(7) Defendants' Motion in Limine No. 5 Precluding Plaintiffs from Proceeding with the Collective Action and From Offering Representative Testimony [Doc. 332];

(8) Plaintiffs' Motion to Compel Defendants' Supplementation of Responses to Plaintiffs' Requests for Production of Documents [Doc. 352]; and

(9) Plaintiffs' Unopposed Motion to Supplemental Witness Lists [Doc. 359].

In addition, the Defendants filed Objections [Doc. 329] to the Plaintiffs' Rule 26(a)(3)(A)(i) Pretrial Witness Disclosures and Brief in Support.

The parties appeared before the Court on September 25, 2017, for a pretrial conference. Attorneys Martin Holmes, Peter Klett, and Darrell West were present on behalf of the Plaintiffs. Attorneys Oscar John Norris, III, Colby Morgan, and Craig Cowart were present on behalf of the Defendants. The Court held a second pretrial conference on September 29, 2017. On September 29, 2017, Attorneys Holmes and Klett were present on behalf of the Plaintiffs. Attorneys Norris and Cowart were present on behalf of the Defendants.

As an initial matter, the Court observes that the Plaintiffs withdrew the Motion to Compel [Doc. 287], stating, "The parties have successfully resolved this issue amongst themselves with Defendants agreeing to produce a sampling of excerpts from certain contacts." [Doc. 345]. Accordingly, the Plaintiffs' Motion to Compel [**Doc. 287**] is hereby **WITHDRAWN**.

During the pretrial conferences, the Court addressed the remaining Motions. First, the Court noted that several of the above motions are moot. With respect to Defendants' Motion in Limine No. 1 to Exclude Expert Report and Testimony of Dr. Dwight D. Steward [**Doc. 322**], the Court **DENIED AS MOOT** because the Court has already excluded Dr. Steward, *see* [Doc. 368].

Further, the Court **DENIED AS MOOT** the Defendants' Motion in Limine No. 5 Precluding Plaintiffs from Proceeding with Collective Action and From Offering Representative Testimony [**Doc. 332**] because the Court denied the Defendants' Motion to Decertify, *see* [Doc. 362].

With respect to the Defendants' Motion to Strike Consent Forms of Plaintiffs Lisa Brown, Robert West, Ed Langston, and Jeremy Saine [Doc. 316] and the Defendants' Motion in Limine No. 2 to Exclude Evidence of Lisa Brown, Robert West, Ed Langston, and Jeremy Saine [Doc. 324], the Court **GRANTED IN PART AND DENIED IN PART** both Motions [**Docs. 316 and 324**]. The Plaintiffs stated that Lisa Brown, Robert West, and Ed Langston can be dismissed from this lawsuit and that their consent forms can be stricken from the record. Accordingly, per the Plaintiffs' representation to the Court, the consent forms of Lisa Brown, Robert West, and Ed Langston are hereby **STRICKEN.** The Court denied the Motions as to Plaintiff Jeremy Saine because he is in the hospital and physically unable to participate at trial.

With respect to the Defendants' Motion in Limine No. 3 to Exclude Evidence Relating to Time-Barred Claims [Doc. 327], the Defendants assert that the individuals subject to this Motion (Michael Buchanan, Ada Daboval, Sarah Buchanan, Kelly Gokey, William Joyner, Steven Layman, Levon Matossian, and Kathleen McIntyre) have all been dismissed because their claims were time-barred. The Plaintiffs respond that they do not anticipate calling these individuals to testify or using their documentary as evidence at trial. Accordingly, the Court **GRANTED** the Defendants' Motion in Limine No. 3 to Exclude Evidence Relating to Time-Barred Claims [**Doc. 327**].

Further, with respect to the Defendants' Motion in Limine No. 4 to Exclude Testimony of Michael Pierce, Sr., Thomas Garrett, James Shannon Abbott, Twila Higgins, Bryan Tesh, Jeff Cross, Richard Rang, and Brett Williamson [Doc. 330], they assert that these individuals were not

part of the representative sample. In addition, the Defendants assert that they have not been permitted to take the depositions of James Abbott and Twila Higgins. During the September 25 hearing, the Court stated that the individuals who are testifying at trial must be made available for a deposition. During the September 29 hearing, the parties stated that the Defendants deposed Plaintiff Abbott but that Plaintiff Higgins was not available. The Plaintiffs stated that they decided not to include Plaintiff Higgins as part of the representative sample. Because all of the above members have been deposed and Plaintiff Higgins will not be called to testify at trial, the Court **DENIED** the Defendants' Motion in Limine No. 4 to Exclude Testimony of Michael Pierce, Sr., Thomas Garrett, James Shannon Abbott, Twila Higgins, Bryan Test, Jeff Cross, Richard Rang, and Brett Williamson [**Doc. 330**].

In addition, the Plaintiffs filed a Motion to Compel Defendants' Supplementation of Responses to Plaintiffs' Requests for Production of Documents [Doc. 352]. The Plaintiffs request that the Defendants produce the time detail records for the twenty-seven (27) Sales Representatives listed by Defendants. During the September 25 hearing, the Defendants stated that the Plaintiffs' Motion was untimely. The Court ordered the Defendants to produce such documents by the end of the week. Accordingly, the Court **GRANTED** the Plaintiffs' Motion to Compel Motion to Compel Defendants' Supplementation of Responses to Plaintiffs' Requests for Production of Documents [**Doc. 352**].

Furthermore, the Plaintiffs filed an Unopposed Motion to Supplement Witness List [Doc. 359]. The Motion states that the Plaintiffs have conferred with Defendants and that there is no opposition to the Motion. Accordingly, per the parties' agreement, the Plaintiffs' Unopposed Motion to Supplement Witness List [**Doc. 359**] is **GRANTED**.

Finally, the Defendants filed Objections to the Plaintiffs' Rule 26(a)(3)(A) Pretrial Witness Disclosures and Brief in Support [Doc. 329]. The Defendants list eight objections; however, six objections were already raised in previous filings. With respect to Objection 1, the Defendants argue that the Plaintiffs cannot introduce their own depositions as evidence at trial and that the Plaintiffs fail to satisfy the requirements of Federal Rule of Civil Procedure 32(a)(4). During the pretrial conferences, the Plaintiffs argued that Jason Yocum, Laurie McBride, and Mark Kost live more than 100 miles away from Knoxville. In addition, the Plaintiffs stated that the other opt-in Plaintiffs could not attend trial due to exceptional circumstances, such as work. The Plaintiffs further argued that opt-in Plaintiffs were not parties. The Court stated that the Plaintiffs were allowed to submit the depositions of Jason Yocum, Mark Kost, and Laurie McBride because they all live 100 miles away from Knoxville. In addition, the Court found that the Plaintiffs had not presented exceptional circumstances pursuant to Federal Rule of Civil Procedure 32(a)(4)(E) to allow the other opt-in Plaintiffs to submit their deposition testimony in lieu of testifying at trial.

Defendants' Objection No. 8 [Doc. 329] states that they object to the testimony of James Abbott, Twila Higgins, Kristen Creson, Jeff Hughes, and Andy Payne on the grounds of prejudice and denial of due process because the Defendants were not provided an opportunity to depose the witnesses before trial due to the limitation placed on discovery by the Court. As noted above, James Abbott was deposed and Twila Higgins is no longer testifying at trial. With respect to Kristen Creson, Jeff Hughes, and Andy Payne, the parties stated, during the September 29 pretrial conference, that these individuals are not opt-in Plaintiffs but are instead former managers of the Defendants. The Plaintiffs stated that these individuals were identified in their initial disclosures. The Court declined to preclude them from testifying because they were identified in the Plaintiffs' initial disclosures and contrary to the Defendants' assertion, the Court did not place limits on such

discovery—the Defendants simply chose not to depose them prior to trial.[1] The Plaintiffs also orally moved to depose a witness ("Matthews") identified on the Defendants' witness list. The Court declined to order additional depositions as discovery in this case has concluded and the Plaintiffs did not explain why the deposition was not taken before the discovery deadline expired.

**IT IS SO ORDERED**.

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] The Defendants do not explain how the Court limited discovery with respect to Kristen Creson, Jeff Hughes, and Andy Payne. The Court notes that it limited discovery with respect to the opt-in Plaintiffs, [Doc. 215], but these individuals are not opt-in Plaintiffs.