UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:13-CV-641-CCS <br> ) <br> ) <br> ) <br> ) <br> ) |

**FINAL JUDGMENT**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 193].

For the reasons cited in the Memorandum Opinion [Doc. 427], filed on January 29, 2018, the Court hereby enters Judgment in favor of the Plaintiffs and **DENIES** Defendants' Motion for Partial Findings and Conclusions Regarding Representative Evidence [**Doc. 403**].

Per the Court's findings of fact and conclusions of law, the Court finds Plaintiffs performed work for which they were not properly compensated and that the amount and extent of the work performed can be and has been determined as a matter of just and reasonable inference. The Court finds that Defendants failed to come forward with credible and precise amount of the work performed and failed to negate the reasonableness of the inference drawn by the Court from all the evidence in this case. The Court finds that Defendants violated the Fair Labor Standards Act by prohibiting Sales Representatives from accurately recording their time and by instructing sales managers to edit timecards to ensure Sales Representatives' timecards did not reflect over forty

hours per week.  The Court finds liquidated damages shall be awarded and that the recovery period shall be three years.  Further, the Court finds that testifying Sales Representatives fairly represent the non-testifying Sales Representatives.  The Court finds that the Sales Representatives averaged 52 hours each week, during the Recovery Period, and as such, are entitled to 12 hours of overtime per week.

The parties were able to agree, based on the Court's findings of fact and conclusions of law, that the amount in damages are as follows: **$2,512,962.91** in overtime pay and **$2,512.962.91** in liquidated damages.  Based on the parties' agreed-upon calculations per the Court's findings, the Court hereby enters Judgment in the total amount of **$5,025,925.82.**  The Court further finds that pursuant to 29 U.S.C. § 216(b), Plaintiffs shall be awarded reasonable attorney's fees and costs.  Plaintiffs **SHALL** file their motion requesting attorney's fees and costs within thirty days of entry of this Final Judgment.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge