UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) WYNDHAM VACATION RESORTS, INC., ) And WYNDHAM VACATION ) OWNERSHIP, INC., ) ) Defendants. ) | No. 3:13-CV-641-DCP |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 193].

Now before the Court is Defendants' Motion to Stay Execution of Judgment and Approve Supersedeas Bond [Doc. 446]. Defendants assert that pursuant to Federal Rule of Civil Procedure 62(d), they are entitled to a stay of execution of Judgment upon the posting of an adequate appeal bond approved by this Court. Defendants explain that the amount that they intend to post provides complete security for Plaintiffs should Defendants' appeal not be successful. Specifically, Defendants state that the bond is in the exact amount of $5,025,925.82, which represents the amount awarded in the Judgment. Defendants have attached a copy of the proposed appeal bond to their Motion.

As an initial matter, the Court observes that Plaintiffs have not responded to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion

may be deemed a waiver of any opposition to the relief sought."). Despite Plaintiffs' lack of response, however, the Court finds that the bond is insufficient. Rule 62(d) provides as follows:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond except in an action described in Rule 62(a)(1) or (2). The bond may give upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Courts have explained that "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Mariner Health Care, Inc., v. Sherrod*, No. 09-2613, 2011 WL 2418473, at *5 (W.D. Tenn. June 13, 2011) (quoting *Titan Tire Corp. of Bryan v. United Steel Workers of Am.*, No. 09-4460, 2010 WL 815557, at *1 (6th Cir. Mar. 10, 2010)). Further, the Sixth Circuit has noted as follows:

> The purpose of a supersedeas bond is to preserve the *status quo* while protecting the non-appealing party's rights pending appeal. A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

*Id.* at *5 (quoting *Hall v. Consol Freightways Corp. of Del.*, 142 F. App'x 875, 879 (6th Cir. 2005)) (other quotations omitted). "[T]he amount of the bond usually will be set in an amount that permits satisfaction of the judgment in full, together with costs, interest, and damages for delay." *U.S. ex rel. Lefan v. Gen. Elec. Co.*, 397 F. App'x 144, 151 (6th Cir. 2010) (quoting 11 Charles Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2905, at 522 (4th ed. 2008)); *see also O'Callaghan v. SPX Corp*. No. 209-CV-10196, 2010 WL 299497, at *2 (E.D. Mich. Jan. 20, 2010) ("Generally, courts require that the supersedeas bond include the judgment, pre and post judgment interest, anticipated appellate costs, and damages for delay caused by the appeal.")

In the present matter, the Court has reviewed the supersedeas bond but finds that it is inadequate. Defendants state that the bond is in the exact amount of the Judgment—that is, $5,025,925.82. Defendants continue that issues relating to the amount of attorney's fees, post-judgment interest, and costs have not yet been decided by the Court. The Court agrees that certain issues have not been resolved, but given that the amount of the bond is the exact amount of the Judgment, the Court finds the amount insufficient. Specifically, the amount of the bond does not include post-judgment interest on the Judgment. *See Mariner Health Care, Inc.*, 2011 WL 2418473 at *6 ("A satisfactory bond would include post-judgment interest.").[1] Defendants should post a supersedeas bond to secure Plaintiffs against any loss sustained by foregoing execution on the Court's Judgment. The present supersedeas bond does not provide that security. Accordingly, the Court hereby **DENIES WITHOUT PREJUDICE** Defendants' Motion to Stay Execution of Judgment and Approve Supersedeas Bond [**Doc. 446**]. Defendants may refile their Motion and post an adequate bond pursuant to the guidance above.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] The Court observes that the Judgment [Doc. 429] does not specifically include post-judgment interest. Other courts have noted, however, that "post-judgment interest is awarded by automatic statutory provision" and that "[t]o expressly award post-judgment interest is superfluous." *Rochow v. Life Ins. Co. of N. Am.*, No. 04-73628, 2016 WL 5476240, at *5 (E.D. Mich. Sept. 29, 2016) (quoting *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994)). Further, "28 U.S.C. § 1961(a) *requires* district courts to award post-judgment interest on all money judgments." *Id.* at *5 (quoting *Spizizen v. Nat'l Corp.*, 516 F. App'x 426, 432 (6th Cir. 2013)) (Emphasis in *Rochow*).