# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, | CASE NO. 3:13-cv-641 |
| Plaintiffs, | District Judge: Pamela L. Reeves |
| | Magistrate Judge: Debra C. Poplin |
| vs. | |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC., | |
| Defendants. | |

## JOINT STATUS REPORT

The parties respectfully submit this status report pursuant to the Court's directive at the status conference held on June 24, 2019. *See Doc. 463, Minute Entry*.

1. The parties disagree about the impact of the Sixth Circuit's April 29, 2019 Opinion as it relates to Discovery Representatives.

It is Plaintiffs' position that based on the Sixth Circuit's April 29, 2019 Opinion and the entire record, Discovery Representatives may proceed collectively as a separate subclass, and disagree with Defendants' position that the Sixth Circuit held that Discovery Representatives were not similarly situated to one another. *Pierce v. Wyndham Vacation Resorts, Inc.,* 922 F.3d 741, 747 (6th Cir. 2019)("[a]t the least, the court should have created a separate subclass for the discovery employees."). Further, it is Plaintiffs' position that the Court should reassess damages owed to the Discovery Representative subclass based on the current record.

It is Defendants' position that the Sixth Circuit held that (a) it was error to certify the discovery sales representatives and treat them as similarly situated to the in-house and front-line sales representatives, and (b) that damages should only be reassessed for the in-house and front-

line representatives. *Pierce,* 922 F.3d at 745-47, 749 ("Because the court erred in finding that the discovery employees were similarly situated to the other salespeople and that error infected its hourly average determination, we vacate the damages award and *remand for the court to reassess damages for the in-house and front-line employees.*" (emphasis added)). Therefore, the discovery representatives should be dismissed without prejudice.

2. The parties agree that the Court can reassess damages owed to the collective class of Front Line and In House Sales Representatives based on the Sixth Circuit's April 29, 2019 Opinion and the current record.[1] The parties disagree as to how damages should be reassessed. The parties propose the following briefing schedule to address this issue: a) Opening Briefs by Plaintiffs and Defendants - August 23, 2019; b) Response Briefs by Plaintiffs and Defendants – September 20, 2019; and c) Reply Briefs by Plaintiffs and Defendants – October 4, 2019.

3. The Court previously entered summary judgment against five opt-in plaintiffs for failure to disclose their FLSA claims in bankruptcy. ECF No. 223. Defendants contend that they have identified three additional opt-in plaintiffs who failed to disclose their FLSA claims in bankruptcy. Defendants will seek leave to file a motion for summary judgment against these opt-in plaintiffs.

It is Plaintiffs' position that leave should not be granted for Defendants to file the motion for summary judgment because Defendants failed to raise this issue in the trial court prior to the matter being tried and appealed and, therefore, have waived this issue.

4. The parties agree that the Court should not address Plaintiffs' Motion for Attorney's Fees and Expenses at this time but should instead permit supplemental briefing after the Court has

---

[1] In agreeing that damages can be reassessed, Defendants do not intend to waive any Due Process rights or waive the right to raise any of the issues that Defendants raised on appeal but were not resolved by the Sixth Circuit.

resolved all the issues presented in Paragraphs 1-3. It is Defendants' position that the supplemental briefing should be limited to (a) the degree of success obtained and its impact on the overall fee award, (b) the reasonableness of any new fees incurred since the submission of the original motion for fees. It is Plaintiffs' position that there should be no limits on the content of the supplemental briefs, which will include all attorney's fees and expenses incurred since Plaintiffs filed their original Motion for Attorney's Fees and Expenses, and that the Court should consider the entire record and the procedural history of the case.

5. It is Plaintiffs' position that the Court should first rule on Defendants' pending Motion to Quash (ECF No. 447), and if denied, Defendants must comply with the subpoena at issue, before Plaintiffs are required to file their supplemental briefing on fees and expenses. It is Defendants' position that the Court can decide Defendants' Motion to Quash anytime the Court deems appropriate.

6. The parties have been unable to agree to mediation.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/ Martin D. Holmes
Martin D. Holmes, # 012122
Peter F. Klett, #012688
M. Reid Estes, Jr., #009043
Autumn L. Gentry, #20766
Fifth Third Center, Suite 800
424 Church Street
Nashville, TN 37219
Phone: (615) 244-6538
mdholmes@dickinsonwright.com
pklett@dickinsonwright.com
restes@dickinsonwright.com
agentry@dickinsonwright.com

*Attorneys for Plaintiffs and Opt-In Plaintiffs*

JACKSON LEWIS PC

By: /s/ William J. Anthony
    Colby S. Morgan, Jr. (TN Bar No. 0055556)
    Craig A. Cowart (TN Bar No. 017316)
    999 Shady Grove Rd., Suite 110
    Memphis, TN 38120
    Telephone: (901) 462-2600
    Facsimile: (901) 462-2626
    Email: colby.morgan@jacksonlewis.com
           craig.cowart@jacksonlewis.com

    William J. Anthony (Pro Hac Vice)
    18 Corporate Woods Blvd, 3rd Floor
    Albany, NY 12211
    Telephone: (518) 649-9643
    Facsimile: (518) 427-5956
    Email: AnthonyW@jacksonlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2019, a true and correct copy of the foregoing has been served on the following individuals consenting to electronic service by operation of the Court's electronic filing system:

| | |
|---|---|
| Craig A. Cowart<br>Colby S. Morgan, Jr.<br>JACKSON LEWIS PC<br>999 Shady Grove Rd., Suite 110<br>999 Shady Grove Rd., Suite 110<br>Memphis, TN 38120<br>Craig.cowart@jacksonlewis.com<br>morganc@jacksonlewis.com | William J. Anthony<br>JACKSON LEWIS PC<br>18 Corporate Woods Boulevard<br>Albany, NY 12211<br>anthonyw@jacksonlewis.com |

    /s/ Martin D. Holmes
    Martin D. Holmes

NASHVILLE 57404-1 696348v2

4

Case 3:13-cv-00641-DCP   Document 464   Filed 07/10/19   Page 4 of 4   PageID #: 17964