UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:13-CV-641-DCP |
| WYNDHAM VACATION RESORTS, INC., And WYNDHAM VACATION OWNERSHIP, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

# **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 193].

The parties appeared before the Court via telephone on July 11, 2019, for a status conference. Attorneys Autumn Gentry, Reid Estes, and Martin Holmes appeared on behalf of Plaintiffs. Attorney William Anthony appeared on behalf of Defendants. By way of background, the parties filed a Status Report [Doc. 464], stating that they disagree about the impact of the Sixth Circuit's Opinion as it relates to Discovery Representatives. With respect to Front Line and In House Sales Representatives, the parties agree that the Court can reassess damages owed to the collective action based on the current record. Further, in the Joint Status Report, the parties submitted a briefing schedule with respect to awarding damages for the Front Line and In House Sales Representatives. The Status Report states that the parties disagree as to whether Defendants should be permitted to file a motion for summary judgment against three opt-in plaintiffs based on judicial estoppel. Finally, the parties agree that a ruling on Plaintiffs' Motion for Attorney's Fees is premature at this time.

During the status conference, the parties generally explained their respective positions with respect to how the Court should proceed with the claims of the Discovery Sales Representatives. The Court instructed the parties to include this issue in their briefs. In addition, the Court instructed the parties to include in their briefs whether Defendants should be permitted to seek summary judgment against three opt-in plaintiffs who allegedly failed to disclose their Fair Labor Standards claim during bankruptcy proceedings. Finally, during the status conference, the Court proposed that Plaintiffs' Motion for Attorney's Fees [Doc. 431 ] be denied without prejudice until the above matters are ruled on. The parties did not object to the Court's proposal.

Accordingly, the Court hereby **ORDERS** as follows:

1. The parties' opening briefs **SHALL** be filed on or before **August 23, 2019**. The opening briefs **SHALL** include argument, citation to legal authority, and citation to the evidence on the following issues: (i) reassessing damages owed to the collective class of Front Line and In House Sales Representatives; (ii) how the Discovery Representatives' claims should be adjudicated given the Sixth Circuit's Opinion, and (iii) whether Defendants should be permitted to raise judicial estoppel at this stage of the litigation;

2. Responses to the opening briefs **SHALL** be filed on or before **September 20, 2019**;

3. Reply briefs **SHALL** be filed on or before **October 4, 2019**;

4. Plaintiffs' Motion for Attorney's Fees and Costs [**Doc. 431**], Defendants' Motion to Quash Subpoenas [**Doc. 447**], and Plaintiffs' Motion for Leave to File Supplemental Brief [**Doc. 455**] are **DENIED WITHOUT PREJUIDCE**. The Court will enter a briefing schedule relating to attorney's fees once the above issues are adjudicated.

**IT IS SO ORDERED**

ENTER:

Debra C. Poplin
United States Magistrate Judge