UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JESSE PIERCE and MICHAEL PIERCE,  )
on behalf of themselves and all others  )
similarly situated,  )
                                                    )
        Plaintiffs,  )
                                                    )
v.  )        No. 3:13-CV-641-CCS
                                                    )
WYNDHAM VACATION RESORTS, INC.,  )
And WYNDHAM VACATION  )
OWNERSHIP, INC.,  )
                                                   )
       Defendants.  )

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 193].

Now before the Court is Defendants' Opening Brief on Remand [Doc. 467], wherein Defendants seek leave to file a motion for summary on the issue of judicial estoppel with respect to Plaintiffs Jeremy Saine, Rachael Taylor, and Sean Jeter. Plaintiffs oppose Defendants' request, arguing that Defendants' untimely request to move for summary judgment after liability has been determined at trial and affirmed on appeal is contrary to the scheduling order, the parties' stipulation, and the mandate rule.

Accordingly, the Court **ORDERS** Defendants to file their motion for summary judgment addressing the following issues: (1) whether judicial estoppel is applicable given the procedural posture of this case, (2) whether applying judicial estoppel violates the Sixth Circuit's mandate, and (3) whether judicial estoppel bars Jeremy Saine's, Rachael Taylor's, and Sean Jeter's monetary

award. Defendants **SHALL** file their brief within fourteen (14) days of the instant Order. Plaintiffs **SHALL** respond within fourteen (14) days. Given the undersigned's familiarity with the record, the Court admonishes the parties that lengthy briefs are not necessary. After the parties have filed their briefs, the Court will contact the parties to set a hearing on judicial estoppel, the appropriate monetary award for the Front-Line and In-House Sales Representatives, and the proper procedure for adjudicating the Discovery Sales Representatives' claims.

**IT IS SO ORDERED.**

ENTER:

s / C. Clifford Shirley, Jr.
United States Magistrate Judge (*On Recall*)