IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JESSE PIERCE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 3:13-cv-00641-DCP |
| ) | |
| WYNDHAM VACATION RESORTS, INC. ) | |
| and WYNDHAM VACATION ) | |
| OWNERSHIP, INC., ) | |
| ) | |
| Defendants. ) | |

## STATEMENT OF UNDISPUTED FACTS SUPPORTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS OF PLAINTIFFS JEREMY SAINE, RACHAEL TAYLOR, AND SEAN JETER

1. Plaintiffs Jeremy Saine, Rachael Taylor, and Sean Jeter were time share Sales Representatives for Defendants. (ECF No. 1 ¶ 2).

2. They have asserted claims for monetary damages against Defendants ("Wyndham") in this case. (ECF No. 1 ¶ 67).

### Plaintiff Jeremy Saine

3. Opt-in Plaintiff Jeremy Saine ("Saine") filed a consent form to join this action and has been a party to this lawsuit since July 31, 2015. (ECF No. 135-1).

4. Saine has had knowledge of his FLSA claims in this case since July 2015 or earlier.

5. Saine's FLSA claims against Wyndham were still being pursued and pending on appeal as of December 28, 2018.

6. On December 28, 2018, Saine filed for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Tennessee. *See* Saine Voluntary Petition for Bankruptcy, attached hereto as *Exhibit A*.

7. When asked to disclose any lawsuits or court actions to which he had been a party within the last year, Saine did not disclose the pending lawsuit against Wyndham. *See id*., p. 12.

8. When asked to disclose if there were "other amounts someone owes you," including any "unpaid wages," Saine marked "No." *See id*., p. 24.

9. When asked to disclose if he had any "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment," including "employment disputes," Saine marked "No." *See id*., p. 24.

10. When asked to disclose if he had any other contingent or unliquidated claims of any nature, Saine marked "No." *See id*., p. 24.

11. Saine declared under penalty of perjury that the information provided in his bankruptcy petition and related submissions was true and correct. *See id*., pp. 6, 17, 52.

12. The information submitted with his bankruptcy petition was false because Saine failed to disclose his pending claims for unpaid wages and other damages against Wyndham.

13. Saine never amended his bankruptcy petition and never disclosed his pending claims against Wyndham to the Bankruptcy Court.

14. On April 30, 2019, the Bankruptcy Court discharged Saine of his debts. *See* Saine Order of Discharge, attached hereto as *Exhibit B*.

15. Saine's bankruptcy case was dismissed by text order on May 30, 2019.

### Plaintiff Rachael Taylor

16. Plaintiff Rachael Taylor ("Taylor") filed a consent form to join this action and has been a party to this lawsuit since January 13, 2014. (ECF No. 32-1).

17. Taylor has had knowledge of her FLSA claims in this case since January 2014 or earlier.

18. Taylor's FLSA claims against Wyndham were still being pursued as of January 29, 2018. In fact, on January 29, 2018, the District Court in this case entered an Order finding that Taylor was entitled damages in the amount of 12 hours of overtime per week for her time worked during the class period. (ECF No. 427).

19. On January 29, 2018, the very same day as the entry of this Court's order finding that she was entitled to damages, Taylor filed for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the Eastern District of Tennessee. *See* Taylor Voluntary Petition for Bankruptcy, attached hereto as *Exhibit C*.

20. When asked to disclose any lawsuits or court actions to which she had been a party within the last year, Taylor did not disclose the pending lawsuit against Wyndham. *See id*., p. 11.

21. When asked to disclose if there were "other amounts someone owes you," including any "unpaid wages," Taylor marked "No." *See id*., p. 23.

22. When asked to disclose if she had any "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment," including "employment disputes," Taylor marked "No." *See id*., p. 23.

23. When asked to disclose if she had any other contingent or unliquidated claims of any nature, Taylor marked "No." *See id*., p. 23.

24. Taylor declared under penalty of perjury that the information provided in her bankruptcy petition and related submissions was true and correct. *See id.*, pp. 6, 16, 46.

25. The information submitted with her bankruptcy petition was false because Taylor failed to disclose her pending claims for unpaid wages and other damages against Wyndham.

26. On January 29, 2018, Taylor filed a Chapter 13 plan. *Exhibit D*.

27. On January 30, 2018, the Bankruptcy Court ordered Taylor to begin making payments under her Chapter 13 plan and ordered Taylor to attend the meeting of the creditors. *Exhibit E*.

28. On March 19, 2018, Taylor submitted amended bankruptcy schedules. *Exhibit F*. However, she continued to represent that she was not owed any unpaid wages, she did not have any claims or lawsuits against third parties (including employment disputes), and did not have any contingent and unliquidated claims against Wyndham. *See id.,* p. 7. Taylor made these representations under penalty of perjury. *Id.,* p. 11. These representations were false because Taylor failed to disclose her pending claims for unpaid wages and other damages against Wyndham.

29. Taylor did not further amend her bankruptcy petition and schedules and never disclosed her pending claims against Wyndham to the Bankruptcy Court.

30. On May 11, 2018, Taylor filed an amended Chapter 13 plan. *Exhibit G*.

31. On August 29, 2018, the Bankruptcy Court confirmed Taylor's Chapter 13 plan. *Exhibit H*.

32. On August 6, 2019, Taylor's bankruptcy case was dismissed. *Exhibit I*.

33. As of August 22, 2019, Taylor's FLSA claims against Wyndham were still being pursued and, in fact, the parties were then engaged in briefing, inter alia, how much Taylor and

other class members should be awarded in damages on remand and whether Defendants should be granted leave to raise the judicial estoppel against plaintiffs who failed to disclose their FLSA claims in bankruptcy. (ECF No. 465).

34. On August 22, 2019, Taylor filed a second bankruptcy case under Chapter 13 in the United States Bankruptcy Court for the Eastern District of Tennessee. *See* Taylor Second Voluntary Petition for Bankruptcy, attached hereto as *Exhibit J*.

35. When asked to disclose any lawsuits or court actions to which she had been a party within the last year, Taylor once again did not disclose the pending lawsuit against Wyndham. *See id.*, p. 11.

36. When asked to disclose if there were "other amounts someone owes you," including any "unpaid wages," Taylor marked "No." *See id.*, p. 23.

37. When asked to disclose if she had any "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment," including "employment disputes," Taylor marked "No." *See id.*, p. 23.

38. When asked to disclose if she had any other contingent or unliquidated claims of any nature, Taylor did not disclose her claims against Wyndham. *See id.*, p. 23.

39. Taylor declared under penalty of perjury that the information provided in her bankruptcy petition and related submissions was true and correct. *See id.*, pp. 6, 16, 59.

40. The information submitted with her second bankruptcy petition was false because Taylor failed to disclose her pending claims for unpaid wages and other damages against Wyndham.

41. Taylor never amended her second bankruptcy petition and never disclosed her pending claims against Wyndham to the Bankruptcy Court.

42. On August 22, 2019, Taylor filed a Chapter 13 plan. *Exhibit K*.

43. On August 23, 2019, the Bankruptcy Court ordered Taylor to begin making payments under her Chapter 13 plan and ordered Taylor to attend the meeting of the creditors. *Exhibit L*.

44. On October 3, 2019, Taylor appeared at the meeting of the creditors.

45. On October 3, 2019, the Chapter 13 Trustee objected to confirmation of Taylor's plan because it was not proposed in good faith, did not provide for payment of all disposable income, was not feasible, and the petition was not filed in good faith. *Exhibit M*.

46. On October 16, 2019, the Bankruptcy Court scheduled a hearing on confirmation of the plan and ordered Taylor to remain current on all plan payments in the interim. *Exhibit N*.

47. On December 11, 2019, Taylor's bankruptcy case was dismissed. *Exhibit O*.

## Plaintiff Sean Jeter

48. Opt-in Plaintiff Sean Jeter ("Jeter") filed a consent form to join this action and has been a party to this lawsuit since October 23, 2013. (ECF No. 1-3).

49. Jeter has had knowledge of his FLSA claims in this case since October 2013 or earlier.

50. Jeter's FLSA claims against Wyndham were still pending and being pursued as of May 20, 2014.

51. On May 20, 2014, Jeter filed for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Tennessee. *See* Jeter Voluntary Petition for Bankruptcy, attached hereto as *Exhibit P*.

52. When asked to disclose all lawsuits to which he had been a party within the last year, Jeter marked: "None." *See id.*, p. 11.

53. When asked to disclose if he had any other contingent or unliquidated claims of any nature, Jeter marked "None." *See id*., p. 22.

54. Jeter declared under penalty of perjury that the information provided in his bankruptcy petition and related submissions was true and correct. *See id*., pp. 3, 17, 54.

55. The information submitted with his bankruptcy petition was false because Jeter failed to disclose his pending claims for unpaid wages and other damages against Wyndham.

56. Jeter never amended his bankruptcy petition and never disclosed his pending claims against Wyndham to the Bankruptcy Court.

57. On September 8, 2014, the Bankruptcy Court discharged Jeter of his debts. *See* Jeter Order of Discharge, attached hereto as *Exhibit Q*.

58. Jeter's bankruptcy case was dismissed by text order on October 16, 2014.

Respectfully submitted,

s/ Craig A. Cowart
Craig A. Cowart (TN Bar No. 017316)
Colby S. Morgan, Jr. (TN Bar No. 005556)
JACKSON LEWIS P.C.
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
(901) 462-2600
Email: craig.cowart@jacksonlewis.com
colby.morgan@jacksonlewis.com

D. Christopher Lauderdale *(Admitted Pro Hac Vice)*
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Email: christopher.lauderdale@jacksonlewis.com

Peter M. Wendzel (*Admitted Pro Hac Vice*)
JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, FL 32801
Email: peter.wendzel@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

    I hereby certify that I have this 23rd day of February, 2021, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send an electronic notification of such filing to the following:

Martin D. Holmes (TN Bar No. 012122)
Peter F. Klett (TN Bar No. 012688)
M. Reid Estes, Jr. (TN Bar No. 009043)
Autumn L. Gentry (TN Bar No. 20766)
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Email: mdholmes@dickinsonwright.com
       pklett@dickinsonwright.com
       restes@dickinsonwright.com
       agentry@dickinsonwright.com

*ATTORNEYS FOR PLAINTIFFS*
*Opt-in Plaintiffs and Collective Class*

                        s/ Craig A. Cowart
                        Attorney for Defendants

4835-4418-7357, v. 1

8
Case 3:13-cv-00641-CCS  Document 482  Filed 02/23/21  Page 8 of 8  PageID #: 18579