UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JESSE PIERCE and MICHAEL PIERCE, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:13-CV-641-CCS |
| WYNDHAM VACATION RESORTS, INC., And WYNDHAM VACATION OWNERSHIP, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 193].

Now before the Court is a Joint Status Report [Doc. 497]. By way of background, on April 1, 2022, the Court entered a Memorandum and Order [Doc. 496], finding that on average, the Front Line and In House Sales Representatives (collectively, "Plaintiffs") worked 7 hours per day over an average 5-day workweek in January and February (*i.e.*, 35 hours per week) during the Recovery Period. In the remaining months (*i.e.*, March–December), the Court found that Plaintiffs worked on average 11 hours per day for 5.5 days per week (*i.e.,* 60.5 hours per week). The Court combined these averages and awarded 56.25 hours, or 16.25 hours in overtime, in addition to liquidated damages and attorney's fees. The Court ordered the parties to provide a joint status report on the calculation of damages consistent with the Memorandum and Order [Doc. 496].

The parties cannot agree on the damages calculation. Plaintiffs state that the Court erred by averaging the non-overtime workweeks (January and February) with the overtime workweeks (March–December). Plaintiffs state that because the Court found that no overtime hours were worked in January and February, those months should be disregarded altogether. Plaintiffs argue that the Fair Labor Standards Act does not permit the averaging of hours over two or more weeks. Thus, Plaintiffs state that the Court should award them 20.5 hours in overtime for the weeks worked in March through December and no overtime hours for the weeks worked in January and February during the Recovery Period.

Defendants assert that Plaintiffs' position is inconsistent with the Court's Memorandum and Order [Doc. 496] and that Plaintiffs have waived this argument by addressing it after the Court has already reconsidered damages. Defendants urge the Court to find that Plaintiffs are estopped by raising this argument at this stage in the litigation.

As explained above, the Court calculated the damages in the Memorandum and Order [Doc. 496] by averaging the number of hours worked in each workweek. The Court, however, found two averages because Plaintiffs simply did not work as often in what many referred to as the "slow" season (*i.e.*, January and February). On the other hand, the Court found that Plaintiffs worked 60.5 hours during the busy season (*i.e.*, March–December). Thus, the Court combined these averages and concluded that Plaintiffs were entitled to 56.25 hours, or 16.25 hours, for each workweek during the Recovery Period.

The Court agrees with Plaintiffs, however, that the correct calculation is to disregard the weeks in which there were no overtime hours worked as opposed to averaging all weeks. The Federal Regulations define "workweek" as "a fixed regularly recurring period of 168 hours—

seven consecutive 24-hours period." 29 C.F.R. § 778.105. In determining whether overtime is due, an employer looks only to the hours worked during a work week and cannot combined weeks:

> The Act takes a single workweek as its standard and does not permit averaging of hours over two or more weeks. Thus, if an employee works 30 hours one week and 50 hours over the next, he must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the 2 weeks is 40.

29 C.F.R. § 778.104.

As one court explained:

> The DOL's interpretive regulation at 29 C.F.R. § 778.104 makes clear that under the FLSA, a "single workweek" is the standard for determining whether overtime compensation is due. Under the regulation, an employer cannot simply "average" time. The regulation explains that an employer cannot count the number of hours an employee may have worked in a greater than one-week period (such as a two-week pay period) and then divide that amount by the number of weeks and use the average to decide whether any overtime is due. If an employee works 30 hours in one week and 50 hours the next week, the fact that she worked 10 hours of overtime for the second week must be recognized. The employer cannot decide that she averaged 40 hours over the two-week period and then decide she had no overtime for the second week.

*Evans v. Distance Learning Sys. Indiana, Inc.*, No. 115CV00519DMLSEB, 2018 WL 6308818, at *8 (S.D. Ind. Aug. 15, 2018). Accordingly, Plaintiffs' proposed calculation is the correct method of determining overtime.

In the Joint Status Report, Defendants do not dispute the above legal authority. Instead, Defendants simply argue that Plaintiffs' calculation is inconsistent with the Court's Memorandum and Order [Doc. 496] and that Plaintiffs have waived their argument by raising it at this late juncture. The Court agrees that Plaintiffs' calculation is inconsistent with the Court's Memorandum and Order; however, Plaintiffs' proposed calculation is consistent with the law. Further, the Court declines to find that Plaintiffs have waived this argument. Defendants assert

that Plaintiffs previously supported an "estimated average approach." Again, the Court agrees that Plaintiffs have argued in support of an "estimated average approach," but Plaintiffs' position since the inception of this lawsuit was that they consistently worked overtime for 52 weeks during the Recovery Period. Thus, the Court finds that Plaintiffs have not waived their argument and further finds that Defendants' arguments are not well taken.

Accordingly, the Court **AMENDS** the Memorandum and Order [**Doc. 496**] and **AWARDS** Plaintiffs **60.5 hours per week**, or **20.5 overtime hours per week**, from March through December during the Recovery Period. The Court further **FINDS** that Plaintiffs are not entitled to overtime compensation for the weeks worked in January and February during the Recovery Period. The parties **SHALL** provide the Court with the final damages calculations **within ten (10) days** of the instant Order.

**IT IS SO ORDERED.**

ENTER:

C. Clifford Shirley, Jr.
C. Clifford Shirley, Jr. *(On Recall)*
United States Magistrate Judge